RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 10-8-04

UNITED STATES DISTRICT COURT

FILED
IN CLERKS OFFICE

FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT -8 P 4:00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY,<br><br>　　　　　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[28 USC § 1442]<br><br>(SUPERIOR COURT FOR THE COUNTY OF MIDDLESEX, CASE NO. CV2004-02520-D)<br><br>04 CV 12137 JLT<br><br>MAGISTRATE JUDGE |

**TO THE CLERK OF THIS COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　**PLEASE TAKE NOTICE** that Defendants Kyocera America, Inc., Kyocera Industrial Ceramics Corp., and Brush Wellman Inc. (collectively "Removing Parties") hereby remove to this Court the state court action described below.

　　**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the County of Middlesex, as an exhibit to the Notice of Removal of Action to Federal Court being filed in that Court. A copy of the Notice of Removal being filed in state court is attached (without exhibits) as Exhibit "A."

　　1.　　On June 22, 2004, Plaintiffs Suzanne and Barry Genereux, individually and on behalf of their children, Angela and Krista Genereux, commenced an action in Massachusetts Superior Court against defendants Brush Wellman Inc., Brush Wellman Ceramics Inc., Brush

Wellman Ceramic Products Inc., Cabot Corporation, Kyocera America, Inc., Kyocera Industrial Ceramics Corp., and Raytheon Corporation, Civil Action No. CV2004-02520-D. A copy of the Plaintiffs' Complaint is attached as Exhibit "B."

2. On September 4, 2004, Plaintiffs amended their Complaint to allege claims against defendants American Beryllia Corp., Brush Wellman Inc., Brush Wellman Ceramics Inc., Brush Wellman Ceramic Products, Inc., Hardric Laboratories, Inc., Kyocera America, Inc., Kyocera Industrial Ceramics Corp., and Raytheon Company. A copy of the Plaintiffs' Amended Complaint is attached as Exhibit "C."

3. Kyocera was served with process in this action for the first time on September 13, 2004. Brush Wellman was served with process in this action for the first time on September 15, 2004.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1442(a)(1), the Federal Officer Removal Statute.

5. Plaintiffs are suing Removing Parties for injuries that the plaintiffs allegedly sustained as the result of Plaintiff Suzanne Genereux working with beryllium-containing products during her employment with defendant Raytheon Company.

6. The only beryllium-containing products that Kyocera delivered to Raytheon that Kyocera can identify are semiconductor chip packages that were used in United States Navy missiles programs contracted for by the United States Government. These semiconductor chips were produced based on specifications provided to Kyocera by the United States Navy through Raytheon Company, an intermediary government subcontractor of Lockheed Martin Missiles and Space Co., Inc., the prime contractor for the U.S. Navy's Fleet Ballistic Missile program, and went through a rigorous Government quality control program and were found to conform to the specifications. Kyocera asserts that its beryllium-containing products were a finished product not capable of being machined, abraded, or otherwise subjected to further processing which would generate airborne beryllium particulate. Therefore, there were (and are) no known beryllium-related dangers with the Kyocera semiconductor chips and the Kyocera semiconductor chips

could not have caused the Plaintiffs' alleged exposure. Kyocera denies that any of its products were capable of causing the injuries complained of by Plaintiffs unless they were machined, abraded, or otherwise subjected to further processing by Raytheon that generated airborne beryllium particulate – processing that would be inconsistent with the nature and purpose of these products.

7. Brush Wellman Inc. supplied beryllium-containing products to Raytheon that, on information and belief, were used in military hardware that Raytheon and other contractors manufactured and sold to the United States pursuant to government contracts. For example, Brush Wellman supplied beryllium oxide ceramic rods that on information and belief were used as electrical standoffs in military communications and/or electronic countermeasures equipment, as well as other ceramic and metallized ceramic parts that had military applications. Brush Welman denies that any of its products were capable of causing the injuries complained of by Plaintiffs unless they were machined, abraded, or otherwise subjected to further processing by Raytheon that generated airborne beryllium particulate. Brush Wellman Inc. asserts that the United States government had full knowledge of the health hazards of beryllium and beryllium oxide.

8. Pursuant to Section 1442(a)(1), a corporation may remove a civil action to federal court where (1) the corporation is a "person" within the meaning of the statute; (2) a causal nexus exists between the plaintiff's claims and the defendants' actions, taken pursuant to a federal officer's directions under color of federal office; and (3) it has a colorable federal defense. *Mesa v. California*, 489 U.S. 121, 124-25 (1989); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397-400 (5th Cir. 1998) cert. denied 526 U.S. 1034 (1999); see *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482 (1st Cir., 1989).

9. Removing Parties have demonstrated jurisdiction pursuant to this test. *Winters*, 149 F.3d at 397-400; *In re "Agent Orange" Prod. Liab. Litig.*, 304 F. Supp. 2d 442, 446 (E.D.N.Y. 2004). First, Removing Parties are a "person" within the meaning of the statute. *Camacho*, 868 F.2d at 486; *Peterson v. Blue Cross/Blue Shield*, 508 F.2d 55, 58 (5th Cir.) cert.

denied, 422 U.S. 1043 (1975). Second, a causal nexus exists because Plaintiffs' claims against the Removing Parties relate to products of the Removing Parties that were manufactured or used in products manufactured in conformity with specifications prepared and/or approved by the United States. *Winters*, 149 F.3d at 398. Finally, the Removing Parties have a colorable federal defense: the government contractor defense. *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Quiles v. Sikorsky Aircraft*, 84 F. Supp. 2d 154 (D. Mass. 1999).

10. Section 1442(a)(1)'s mandates are met here and jurisdiction in this Court is proper. *Camacho*, 868 F.2d at 486; *Winters*, 149 F.3d at 398-401; see *Quiles*, 84 F. Supp. 2d at 157. In addition, because Removing Parties are entitled to jurisdiction under Section 1442, the entire case is removed to federal court, even if the other defendants could not have removed under the statute. *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

11. This Removal Petition is being filed by Removing Parties within thirty days of service of the Complaint and is timely under 28 U.S.C. § 1446.

12. Removing Parties expressly reserve any additional defenses available to them in the Superior Court for the County of Middlesex.

13. Attached to this Removal Petition are copies of all process, pleadings, and orders served upon the defendants, as required by 28 U.S.C. § 1446(a).

Accordingly, Kyocera America, Inc., Kyocera Industrial Ceramics Corp. and Brush Wellman Inc. hereby give notice that the above-described action now pending against it in the Middlesex County Superior Court is removed in its entirety to this Court.

By their Attorneys,

_____
John C. Wyman (BBO #535620)
MURTHA CULLINA LLP
99 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 457-4000

For Defendants Kyocera America, Inc.,
and Kyocera Industrial Ceramics Corp.

_____
Alan M. Spiro (BBO #475650)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 951-2204

For Defendant Brush Wellman Inc.

Date: October 8, 2004

288620-5