developing cancer and other diseases.

WHEREFORE, Plaintiff, Suzanne Genereux prays that judgment enter against the

manufacturing Defendants in an amount which will fairly and adequately compensate her plus

interest, costs and such other relief as the Court may deem appropriate.

## COUNT III

### SUZANNE GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC. and KYOCERA INDUSTRIAL CERAMICS CORP.

### FAILURE TO WARN

52.     Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1

through 51 as though fully set forth herein.

53.     The manufacturing Defendants and their predecessors knew, or in the exercise of

reasonable care should have known, that persons employed in a plant where beryllium, beryllium

ceramic and beryllium metal products were processed, machined and otherwise handled, would

be exposed to hazardous and toxic beryllium fumes, particulate and dust which were health-and

life-threatening.  Therefore, the manufacturing Defendants were under a duty to warn the

ultimate users and bystanders, such as the Plaintiffs, of these health hazards; their failure to fulfill

this duty caused the products to be defective and/or unreasonably dangerous.

54.     The manufacturing Defendants and their predecessors knew that beryllium-

containing products would emit invisible airborne dust, particles and fumes capable of causing a

permanent, severe and disabling lung disease known as chronic beryllium disease (CBD), and yet

notwithstanding their knowledge, the manufacturing Defendants failed among other things to:

13

## COUNT VI

**BARRY GENEREUX and SUZANNE GENEREUX, Individually and as Parents and Natural Guardians of theirMinor Children, ANGELA GENEREUX and KRISTA GENEREUX v. BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., and BRUSH WELLMAN CERAMIC PRODUCTS INC.**

### FRAUDULENT CONCEALMENT OR NONDISCLOSURE

65.     Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1 through 64 as though fully set forth herein.

65.     Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors have fraudulently concealed the dangers and risks involved in the beryllium emissions and discharges from the Waltham Plant in that they:



> (a)     Knew or should have known that Plaintiff Suzanne Genereux was being exposed to serious risks of beryllium disease;
>
> (b)     Knew or should have known that beryllium emissions were enveloping the Waltham plant and being contacted by the Plaintiff; and,
>
> (c)     Negligently, knowingly, deliberately and/or intentionally failed to issue appropriate warnings regarding the contamination and emissions as aforementioned.

66.     As a direct and proximate result of the fraudulent concealment and/or non-disclosure of the above-mentioned facts, Plaintiffs were exposed to harmful levels of beryllium resulting in injuries and damages alleged and described elsewhere herein.

WHEREFORE, Plaintiffs pray that judgment enter against Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. in an amount which will fairly and adequately compensate them, plus interest, costs and such other relief as the Court may deem appropriate.

17

## COUNT VII

**SUZANNE GENEREUX and BARRY GENEREUX, Individually and As Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC. and BRUSH WELLMAN CERAMIC PRODUCTS INC.**

### CONSPIRACY

67.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraph 1 through 66 as though fully set forth herein.

68.    Since at least as early as 1948 and continuing thereafter, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. actually knew or reasonably should have known that an airborne concentration of beryllium that was substantially below the Atomic Energy Commission's and/or Occupational Safety and Health Administration's permissible exposure level (of 2 micrograms per cubic meter of air over an 8 hour period in an occupational setting, and .01 micrograms per cubic meter of air averaged over 30 days in a non-occupational or residential setting), was unsafe and that workers, and in turn those in the neighboring community, exposed to such concentrations of airborne beryllium could and would develop chronic beryllium disease. Notwithstanding this knowledge, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc., acting in combination, unlawfully failed to warn and instruct the purchasers and users of their beryllium-containing products, and those in neighboring communities exposed to discharges of beryllium-containing dust, as alleged above.

69.    Notwithstanding the fact that Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors knew or reasonably should have known that the aforementioned permissible exposure levels of 2 micrograms of beryllium

18

per cubic meter of air averaged over eight hours per day would not protect all workers (and in turn those in the neighboring community under the ambient standard) exposed to such airborne concentrations of beryllium from developing chronic beryllium disease, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc., acting in combination, continued to unlawfully claim and assert to users and other exposed to their beryllium products, and to government regulators and private agencies which recommended maximum permissible airborne exposure levels for beryllium, that such airborne concentrations of beryllium were safe even for the most sensitive individuals.

70.     Beginning at least as early as 1951, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc., acting in combination and through their predecessors, and others within the U.S. and international beryllium processing community and/or trade, consciously conspired and deliberately pursued a common plan to conceal the true hazards and risks of airborne beryllium dust from those workers and members of the public who would be exposed to airborne beryllium dust, including the Plaintiffs. The conspiracy manifested in the following series of events, among others:

(a)     In the 1950s, Brush Beryllium (as Brush Wellman, Inc., was then called) through its predecessors concealed from the public and from workers the true health risks of beryllium. During this period, the conspirators agreed to advocate and implement in their own plants a "tentative" occupational safety standard (the 2 microgram standard) that they did not believe would protect workers and others from disease. In furtherance of this agreement, they did not advise workers or the public of the full state of industry knowledge about the health risks of beryllium and did not tell workers or the public that the safety standards were "tentative" and left some workers and others at risk.

(b)     On December 13, 1961, Brush Wellman, Inc., through its predecessors formed an "Industry Wide Health and Safety Committee" to control and

19

standardize the safety information provided in the labeling and packaging
of their beryllium-containing products, to conduct public relations
campaigns to distribute the companies' propaganda about the hazards of
beryllium, and to advocate less stringent regulatory standards. In the
words of one of its members, this Committee kept the beryllium "health
problem ... under control from a public relations standpoint." Among
other things, the companies began to publicly represent that since the
imposition of the AEC standard, "industry experience" had proven the 2
microgram standard to be completely effective in preventing beryllium
disease. They also disseminated false information to undermine an earlier
scientific study that had shown that CBD could develop at levels far below
2 micrograms.

(c)     Beginning in the 1960s, Brush Wellman, Inc., Brush Wellman Ceramics,
        Inc. and Brush Wellman Ceramic Products, Inc. agreed to cooperate and
        did cooperate in joint efforts to defend litigation even in suits brought only
        against one of the conspirators, so that they could control what information
        became publicly available about the health risks of beryllium.

(d)     When the Environmental Protection Agency and the Occupational Safety
        & Health Administration were created in the early 1970s, Brush Wellman,
        Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic
        Products, Inc. agreed to cooperate in a joint plan to persuade EPA and
        OSHA to adopt and reaffirm the existing Atomic Energy Commission
        standards for beryllium exposure, based on false information about the
        health risks of beryllium. Since the initial adoption of such standards and
        well into the 1990s, the conspirators have continued to jointly oppose
        efforts to change them and agreed to coordinate the information that would
        be presented to the agencies, so as to perpetuate false information about
        the health risks of beryllium. For example, from 1975 through
        approximately 1979, Brush Wellman, Inc., Brush Wellman Ceramics, Inc.
        and Brush Wellman Ceramic Products, Inc. agreed to jointly oppose the
        Occupational Health and Safety Administration's effort to impose a
        stricter occupational safety standard and jointly funded expert testimony
        that presented false and incomplete information about the health risks of
        beryllium disease.

(e)     In the 1980s, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and
        Brush Wellman Ceramic Products, Inc. agreed to oppose European efforts
        to impose labeling requirements on beryllium and presented false and
        incomplete information about the health risks of beryllium.

(f)     In 1989, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush

Wellman Ceramic Products, Inc. and NGK Metals Corporation agreed to fund and did fund (along with "such other companies as may wish to participate") a Scientific Advisory Committee to conduct industry-approved research that would counteract mounting scientific evidence that beryllium was more dangerous than the companies wished to acknowledge. The Committee remained active through the 1990s.

(g)     Beginning in the 1970s and up to the present, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. retained and funded the work of purported scientific experts to attack and rebut the work of certain governmental agencies that had established that beryllium is a human carcinogen at a time when the Defendants and their co-conspirators knew or reasonably should have known that such attacks were entirely without merit or basis and were intended to advance false and misleading information to the scientific, industrial hygiene and public health community.

(h)     Beginning at least as early as the 1970s, NGK Insulators, Ltd. of Nagoya, Japan's own medical director discovered, and subsequently published in the Japanese medical literature, that workers could and were developing beryllium disease at levels below 2 micrograms of exposure and, in turn, advocated for the reduction of such permissible exposure levels; however, Brush Wellman actively and in combination suppressed this discovery, the scientific findings of the medical director of NGK Insulators, Ltd. and his contributions to the literature including the medical director's advocacy of correcting the standard for permissible exposure and continue to do so to this date.

71.     In furtherance of said conspiracy and common plan to conceal the true hazards, risks and toxicity of airborne beryllium, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors expressly or tacitly agreed that beryllium workers and the public would not be told that those who were susceptible to beryllium would develop the disease at airborne concentrations below 2 micrograms of beryllium dust per cubic meter of air. Rather, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors agreed to tell beryllium workers and the public, that so long as the eight hour average airborne concentration of beryllium dust remained

21

below 2 micrograms of beryllium per cubic meters of air, workers, and in turn those in neighboring communities, would be protected from developing chronic beryllium disease.

72.    Notwithstanding the fact that Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors was publicly stating that those exposed to airborne concentrations of beryllium dust were safe so long as the eight hour average airborne concentration remained below 2 micrograms of beryllium dust per cubic meter of air, Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors knew that those statements were false and that those who were susceptible to the toxic effects of beryllium dust would develop chronic beryllium disease at airborne concentrations substantially below that which they stated were safe and protective.

73.    The ambient air standard of .01 was derived from the 2 microgram standard and all allegations of conspiracy, fraud, concealment and tainting the scientific and medical literature apply equally to the conduct of Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors with respect to this standard.

74.    As a result of the conspiracy between and among Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. and their predecessors as alleged above, Plaintiffs sustained damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray that judgment enter against Brush Wellman, Inc., Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. in an amount which will fairly and adequately compensate them, plus interest, costs and attorneys' fees, as well as for exemplary and/or punitive damages and for such other relief as the Court may deem appropriate.

22

## COUNT VIII

**BARRY GENEREUX Individually and SUZANNE GENEREUXand BARRY GENEREUX As Parents and Natural Guardians of Their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN., INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP. and RAYTHEON COMPANY**

### MEDICAL MONITORING

75.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1 through 74 as though fully set forth herein.

76.    For many years, it has been well-described in medical and industrial hygiene literature that beryllium dust and particulate matter may be carried on the clothing and person of beryllium workers, thereby exposing all people coming into contact with said worker, especially the immediate family members of said worker, to unhealthful levels of beryllium.

77.    As a result of his marriage to and residence with Plaintiff Suzanne Genereux, Plaintiff Barry Genereux has been exposed to greater than normal background levels of beryllium.

78.    As a result of their residency with their father, the minor Plaintiffs Angela Genereux and Krista Genereux have been exposed to greater than normal background levels of beryllium.

79.    Beryllium is a proven hazardous substance.

80.    As a proximate result of Plaintiffs' exposure to Defendants' beryllium as described above, Plaintiffs have an increased risk of contracting beryllium sensitization and/or CBD.

23

81.   A monitoring procedure exists that makes early detection of the disease possible.

82.   The prescribed monitoring regime is different from that normally recommended in the absence of the exposure.

83.   The prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

84.   The Defendants had a duty to exercise reasonable care in the sale, distribution and use of beryllium products, including a duty to assure that the sale, distribution and use of such products did not result in harmful exposures of beryllium dust and particulates to Plaintiff Suzanne Genereux's spouse and children.

85.   The Defendants failed to exercise reasonable care in the manufacturing, production, sale and distribution of their products and in assuring that their beryllium-containing products did not result in exposures of beryllium dust and particulates to Plaintiff Suzanne Genereux's spouse and children.

86.   At all times relevant hereto, Raytheon failed to implement, install and maintain appropriate industrial hygiene controls, ventilation controls and systems, and/or adequate air control and monitoring equipment.

87.   As the direct and proximate result of the aforesaid acts and omissions, the Defendants polluted and contaminated the air at the Waltham plant and, in turn, the residences of said workers, thereby exposing Plaintiff Suzanne Genereux and her family to the poisonous, toxic and/or hazardous effects of beryllium.

88.   A monitoring program exists which ascertains and informs of the presence of injury and aids in the treatment and thereby can prevent the greater harms which may not occur

24

immediately, or for which there may be no noticeable symptoms, and that may be treatable if proper screening is conducted and the health risks are diagnosed and treated before they occur or become worse.

89.    In light of the health risks associated with the exposures to Plaintiff Suzanne Genereux's family as described above, said Plaintiffs are entitled to a medical monitoring program funded by the Defendants including, but not limited to, testing, and preventative screening, in addition to costs and reasonable attorneys' fees.

90.    By reason of the foregoing, the Defendants are liable to Plaintiffs for the relief sought herein, including periodic medical monitoring and/or monetary damages for the cost of monitoring.

WHEREFORE, Plaintiffs pray that judgment enter against the Defendants in an amount which will fairly and adequately compensate them plus interest, costs and such other relief as the Court may deem appropriate, including but not limited to periodic medical monitoring and/or monetary damages for the cost of monitoring.

## COUNT IX

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC. and KYOCERA INDUSTRIAL CERAMICS CORP.**

## NEGLIGENCE (LOSS OF CONSORTIUM)

91.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1 through 90 as though fully set forth herein.

25

92. As a result of the negligence of the manufacturing Defendants, Plaintiffs, Barry Genereux, Angela Genereux and Krista Genereux have been, and will in the future be, deprived of Suzanne Genereux's services, companionship, care, comfort, consortium and society and hereby claim loss of consortium to their great detriment and loss.

WHEREFORE, Plaintiffs pray that judgment enter against the manufacturing Defendants in an amount which will fairly and adequately compensate them plus interest, costs and such other relief as the Court may deem appropriate.

## COUNT X

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA and KYOCERA INDUSTRIAL CERAMICS CORP.**

### BREACH OF WARRANTY (LOSS OF CONSORTIUM)

93. Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1 through 92 as though fully set forth herein.

94. As a result of the breach of warranty of the manufacturing Defendants, Plaintiffs, Barry Genereux, Angela Genereux and Krista Genereux have been, and will in the future be, deprived of Suzanne Genereux's services, companionship, care, comfort, consortium and society and hereby claim loss of consortium to their great detriment and loss.

WHEREFORE, Plaintiffs pray that judgment enter against the manufacturing Defendants in an amount which will fairly and adequately compensate them plus interest, costs and such other relief as the Court may deem appropriate.

26

## COUNT XI

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC. and KYOCERA INDUSTRIAL CERAMICS CORP.**

### FAILURE TO WARN (LOSS OF CONSORTIUM)

95.     Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1 through 94 as though fully set forth herein.

96.     As a result of the failure of the manufacturing Defendants to provide adequate warnings of the hazards of beryllium, Plaintiffs, Barry Genereux, Angela Genereux and Krista Genereux have been, and will in the future be, deprived of Suzanne Genereux's services, companionship, care, comfort, consortium and society and hereby claim loss of consortium to their great detriment and loss.

WHEREFORE, Plaintiffs pray that judgment enter against the manufacturing Defendants in an amount which will fairly and adequately compensate them plus interest, costs and such other relief as the Court may deem appropriate.

## COUNT XII

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC. and KYOCERA INDUSTRIAL CERAMICS CORP.**

### STRICT LIABILITY (LOSS OF CONSORTIUM)

97.     Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1

27

through 96 as though fully set forth herein.

98.    As a result of the ultrahazardous and/or abnormally dangerous activity of the

manufacturing Defendants, Plaintiffs, Barry Genereux, Angela Genereux and Krista Genereux

have been, and will in the future be, deprived of Suzanne Genereux's services, companionship,

care, comfort, consortium and society and hereby claim loss of consortium to their great

detriment and loss.

WHEREFORE, Plaintiffs pray that judgment enter against the manufacturing Defendants

in an amount which will fairly and adequately compensate them plus interest, costs and such

other relief as the Court may deem appropriate.

## COUNT XIII

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX v. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC. and KYOCERA INDUSTRIAL CERAMICS CORP.**

## BREACH OF CONSUMER PROTECTION STATUTE

99.    Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1

through 98 as though fully set forth herein.

100.  On August 5, 2004, counsel for Plaintiffs sent to each of the manufacturing

Defendants formal demand letters pursuant to M.G.L. c. 93A, making demand for settlement of

Plaintiffs' claims based upon the aforementioned unfair and deceptive acts and practices and,

within thirty days thereafter, such Defendants failed to tender reasonable settlement offers. The

manufacturing Defendants' failure to tender reasonable settlement offers, despite their

knowledge of their violations of M.G.L. c. 93A, constitutes a further violation of the statute for which the manufacturing Defendants are liable for damages thereunder.

101.    As a result of the aforementioned unfair and deceptive acts and practices and breach of express and implied warranties, the manufacturing Defendants violated M.G.L. c. 93A.

102.    The manufacturing Defendants were on actual notice of the unfair and deceptive acts and practices, defectiveness of their products and the inadequacies of the warnings associated with their products, but failed to correct such defects or to warn Plaintiffs of those conditions making their violation of c. 93A knowing and willful.

WHEREFORE, the Plaintiffs Barry Genereux, Angela Genereux and Krista Genereux demand actual and multiple damages against the manufacturing Defendants pursuant to M.G.L. c. 93A, including costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF EACH CLAIM ASSERTED OR HEREAFTER ASSERTED BY THE PLAINTIFFS AND OF EACH DEFENSE ASSERTED BY ANY DEFENDANTS.

> The Plaintiffs,
> By their Attorneys,
> MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
>
> Leo V. Boyle
> B.B.O. No. 052700
> Two Center Plaza, Suite 600
> Boston, Massachusetts   02108
> (617) 523-8300

DATE: 9/7/2004

# Attachment E

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.................... MIDDLESEX ...................... , ss
[seal]

Suzanne Genereux and Barry Genereux,
Indiv., and as Parents of Angela
Genereux and Krista Genereux

............................................... , Plaintiff(s)

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 2004-02520-D

American Beryllia Corp., Brush Wellman, Inc., Brush
Wellman Ceramics, Inc., Brush Wellman Ceramic Products,
Inc., Hardric Laboratories, Inc., Defendant(s) Kyocera America,
Inc., Kyocera Industrial Ceramics, Corp., and
Raytheon Company

### SUMMONS

Chief Executive Officer
Brush Wellman, Inc.
17816 St. Clair Avenue
To the above-named Defendant: Cleveland, OH  44110

You are hereby summoned and required to serve upon .......... Leo V. Boyle ..........
Meehan, Boyle, Black
..................................................... plaintiff's attorney, whose address is.... Fitzgerald ....P.C....
Two Center Plaza, Ste 600, Boston, MA  02108 an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ................................
...... E. Cambridge ..................................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ........ E. Cambridge ................................................
the ... Ninth ................. day of .... September ......................................................
...................., in the year of our Lord one thousand nine hundred and    Two Thousand Four

*Edward J Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................
19........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...............................................................................................................................

...............................................................................................................................

...............................................................................................................................

                          ...........................................................................

Dated: .................................................................................... 19 .......

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( ........................................., 19 ......... )

( _____ )

---

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

.................., Plff.

v.

.................., Deft.

MIDDLESEX .......ss.

SUMMONS
(Mass. R. Civ. P. 4)

# Attachment F

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 2004-02520-D

............ MIDDLESEX ............ , ss
[seal]

Suzanne Genereux and Barry Genereux
Indiv., and as Parents of Angela Genereux
and Krista Genereux
............................................. , Plaintiff(s)

v.

American Beryllia Corp., Brush Wellman, Inc.,
Brush Wellman Ceramics, Inc., Brush Wellman Ceramic Products
Inc., Hardric Laboratories, Inc., Kyocera America, Inc.,
Kyocera Industrial Ceramics, Corp., and Raytheon Company

, Defendant(s)

### SUMMONS

Chief Executive Officer
Kyocera America, Inc.
8611 Balboa Avenue
To the above-named Defendant: San Diego, CA   92123

You are hereby summoned and required to serve upon .......... Leo V. Boyle ...............................

Meehan, Boyle, Black

................................................. plaintiff's attorney, whose address is .... & Fitzgerald, P.C.

Two Center Plaza, Ste 600, Boston, MA  02108 an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

.......... E. Cambridge .............................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ................ E. Cambridge ...........................................

the .. ninth ........................................ day of ..... September ......................................

...................., in the year of our Lord . Two Thousand Four ...

_Edward J Sullivan_

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 2004-02520-D

............MIDDLESEX............ , ss
[seal]

Suzanne Genereux and Barry
Genereux, Indiv., and as Parents
of Angela Genereux and Krista Genereux

American Beryllia Corp., Brush Wellman, Inc.
Brush Wellman Ceramics, Inc., Brush Wellman Ceramic
Products, Inc., Hardric Laboratories, Inc.,
Kyocera America, Inc., Kyocera Industrial Ceramics, Corp.
and Raytheon Company                        Defendant(s)

Chief Executive Officer
Kyocera   America, Inc.
8611 Balboa Avenue
San Diego, CA  92123

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ........................ Leo V. Boyle

........................................................ plaintiff's attorney, whose address is&...Fitzgerald, P.C...
Meehan, Boyle, Black

Two Center Plaza, Ste 600, Boston, MA  02108

an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ....................................

..........E...Cambridge................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ............E. Cambridge...............................................

the ..............................Ninth........................... day of ........................September.............................

...................., in the year of our Lord .....Two Thousand Four

Edward J Sullivan

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# Attachment G

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss
[seal]

No.   04-02520-D

SUZANNE GENEREUX and BARRY GENEREUX,
Individually and as Parents and Natural Guardians
of their minor children, ANGELA GENEREUX and KRISTA
GENEREUX ............................................ , Plaintiff(s)

AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN
CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC
LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL
CORP. and RAYTHEON COMPANY ............................ , Defendant(s)

### SUMMONS

Kyocera Industrial Ceramics Corp.
24 Prime Park Way
Natick, MA    01760

To the above-named Defendant:

You are hereby summoned and required to serve upon ............... Leo V. Boyle ...............
....................................................... Meehan, Boyle, Black &
..................................... plaintiff's attorney, whose address is .......... Fitzgerald, P.C.
Two Center Plaza, Suite 600,
...... Boston, MA 02108 ............................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

.............................. E. Cambridge ...................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ............... E. Cambridge .......................................

the ............ Ninth ..................................... day of ..... September .......................................

........................, in the year of our Lord ..... Two Thousand and Four

*Edward J Sullivan*

Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.