UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Susan Genereux, et al, | ) | |
| | ) | ANSWER and CROSS-CLAIM |
| Plaintiffs | ) | |
| v. | ) | **Case No. 04-CV21237JLT** |
| Hardric Laboratories, Inc. et al, | ) | |
| Defendants | ) | |

DEFENDANT HARDRIC LABORATORIES, INC.'S

**ANSWER TO PLANTIFFS' AMENDED COMPLAINT**

For its answer to the Plaintiffs' Amended Complaint ("Complaint"), Defendant Hardric Laboratories, Inc., ("Hardric"), hereby responds to the numbered paragraphs of the Complaint as follows:

1. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies those allegations.

3. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies those allegations.

3. (sic) Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies those allegations.

4. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies those allegations.

5. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies those allegations.

6. Admitted.

7. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies those allegations.

8. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies those allegations.

9. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies those allegations

10. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations

11. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12. Denied.

13. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies those allegations.

14. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies those allegations.

15. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies those allegations.

16. Paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Hardric denies the allegations in paragraph 16 of the Complaint.

17. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies those allegations.

18. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies those allegations.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies those allegations.

24. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies those allegations.

25. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies those allegations.

26. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies those allegations.

27. Denied.

28. Denied.

29. Paragraph 29 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Hardric denies the allegations in paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT I
## NEGLIGENCE

35. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 34 above as if fully stated herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT II
## BREACH OF WARRANTY

42. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 41 above as if fully stated herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT III
## FAILURE TO WARN

52. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 51 above as if fully stated herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT IV
## STRICT LIABILITY FOR ULTRAHAZARDOUS AND/OR ABNORMALLYDANGEROUS ACTIVITIES

57. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 56 above as if fully stated herein.

58. Denied.

59. Denied.

## COUNT V
## BREACH OF CONSUMER PROTECTION STATUTE

60. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 59 above as if fully stated herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT VI
## FRAUDLULENT CONCEALMENT OR NONDISCLOSURE

65. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 64 above as if fully stated herein.

65. (sic) Denied.

66. Denied.

## COUNT VII
## CONSPIRACY

67. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 66 above as if fully stated here.

68. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies those allegations.

69. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies those allegations.

70. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore denies those allegations.

71. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies those allegations.

72. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies those allegations.

73. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and therefore denies those allegations.

74. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and therefore denies those allegations.

## COUNT VIII
## MEDICAL MONITORING

75. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 74 above as if fully stated herein.

76. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore denies those allegations.

77. Denied.

78. Denied.

79. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies those allegations.

80. Denied.

81. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and therefore denies those allegations.

82. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and therefore denies those allegations.

83. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and therefore denies those allegations.

84. Denied

85. Denied

86. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and therefore denies those allegations.

87. Denied.

88. Hardric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint and therefore denies those allegations.

89. Denied.

90. Denied.

## COUNT IX
## NEGLIGENCE (LOSS OF CONSORTIUM)

91. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 90 above as if fully stated herein.

92. Denied.

## COUNT X
## BREACH OF WARRANTY (LOSS OF CONSORTIUM)

93. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 92 above as if fully stated herein.

94. Denied.

## COUNT XI
## FAILURE TO WARN (LOSS OF CONSORTIUM)

95. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 94 above as if fully stated herein

96. Denied.

## COUNT XII
## STRICT LIABILITY (LOSS OF CONSORTIUM)

97. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 96 above as if fully stated herein.

98. Denied.

## COUNT XIII
## BREACH OF CONSUMER PROTECTION STATUTE

99. Hardric repeats, realleges and incorporates by reference herein the responses in paragraphs 1 through 98 above as if fully stated herein.

100. Hardric admits that it received a letter from counsel for the Plaintiffs dated August 5, 2004 but denies the remaining allegations contained in paragraph 100.

101. Denied.

102. Denied.

The remainder of the Complaint consists of Requests for Relief that require no answer.

## **DEFENDANT HARDRIC LABORATORIES INC.'S AFFIRMATIVE DEFENSES**

### First Affirmative Defense

With respect to each and every count of the Plaintiffs' Complaint, Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs are suing Hardric Laboratories Inc. for injuries that Plaintiffs allegedly sustained as the result of Plaintiff Suzanne Genereux working with beryllium-containing products during her employment with defendant Raytheon Company located in Waltham, Massachusetts from 1982 through 1990. Hardric Laboratories Inc. has never, at anytime,

sold, supplied, shipped, and/or distributed any beryllium-containing products to the defendant Raytheon's Waltham plant, and has never sold, supplied, shipped, and/or distributed any beryllium-containing products to any Raytheon plant at any location in the United States during the time period of 1982 through 1990. Therefore Plaintiffs' claims are barred by lack of privity and failure of consideration.

### Third Affirmative Defense

Hardric asserts as its Third Affirmative Defense the Bulk Supplier Doctrine and states that all of its products that contained beryllium included a warning label.

### Fourth Affirmative Defense

Plaintiffs' claims are untimely and are therefore barred by the doctrines of mootness and laches.

### Fifth Affirmative Defense

Any damages suffered by Plaintiffs are due to their own conduct, and thus Plaintiffs' claims are barred.

### Sixth Affirmative Defense

Plaintiffs' claims are time-barred by the statute of limitations.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of assumption of the risk.

### Eighth Affirmative Defense

Plaintiffs' claims are barred by express and implied federal pre-emption.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by lack of subject matter jurisdiction.

## DEFENDANT HARDRIC LABORATORIES INC. 'S CROSS-CLAIM

**NOW COMES** Defendant Hardric Laboratories, Inc. and Cross-Claims against Defendants American Beryllia, Corp., Brush Wellman, Inc., Brush Wellman Ceramics, Inc., Brush Wellman Ceramic Products, Inc., Kyocera America, Inc., Kyocera Industrial Ceramics Corp., Inc., and Raytheon Company as follows:

1. Plaintiffs' alleged injuries, if any, were proximately caused or contributed to by cross-defendants American Beryllia, Corp., Brush Wellman, Inc., Brush Wellman Ceramics, Inc., Brush Wellman Ceramic Products, Inc., Kyocera America, Inc., Kyocera Industrial Ceramics Corp., Inc., and Raytheon Company.

2. In the event cross-claimant is found liable to Plaintiffs, cross-claimant is entitled to contribution/and or indemnification from cross-defendants American Beryllia, Corp., Brush Wellman, Inc., Brush Wellman Ceramics, Inc., Brush Wellman Ceramic Products, Inc., Kyocera America, Inc., Kyocera Industrial Ceramics Corp., Inc., and Raytheon Company in an amount equal to the proportion of cross-defendants' relative fault.

**WHEREFORE,** Defendant Hardric Laboratories, Inc. requests that this Honorable Court dismiss Plaintiffs' Complaint; award judgment in its favor as to its Cross-Claim; grant to Defendant Hardric Laboratories Inc. its costs and attorneys' fees; and grant such further relief as this Court deems just.

Respectfully submitted,

Defendant Hardric Laboratories, Inc.,
By its attorney,

Dated: November 5, 2004

Robert M.A. Nadeau (BBO#366280)
NADEAU & ASSOCIATES, P.A.
Route 1, Unit 4A
Wells, Maine 04090
(207) 646-4000
(207) 646-5850 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 5Th day of November 2004 I served a copy of the within Answer and Counterclaim upon the following persons by United States Mail, postage prepaid:

**_Plaintiffs' Attorney_**
Leo V. Boyle, Esq.
Bradley M. Henry, Esq.
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108


**_Kyocera America, Inc. and Kyrocera Industrial Ceramics Corp._**
John C. Wyman, Esq.
MURTHA CULLINA LLP
99 High Street, 20th Floor
Boston, MA 02110


**_Brush Wellman, Inc._**
Alan M. Shapiro, Esq.
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110


**_American Beryllium Corp._**
Robert Sharon, Esq.
225 Broadway, Suite 2600
New York, NY 1007


**_Raytheon Company_**
Jeffrey Axelrod, Esq.
Raytheon Legal Counsel
141 Spring Street
Lexington, MA 02173

James Kavanaugh, Esq.
Ten Post Office Square
Boston, MA 02109

Robert M.A. Nadeau (BBO#366280)
NADEAU & ASSOCIATES, P.A.
1332 Post Road
Wells, Maine 04090   (207) 646-4000