UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                             )
SUZANNE GENEREUX, et al.,    )
     Plaintiffs,             )    C.A. NO. 04-12137-JLT
                             )
v.                           )
                             )
AMERICAN BERYLLIA CORP.,     )
et al.,                      )
     Defendants.             )
_____)

**MOTION OF DEFENDANT RAYTHEON
COMPANY TO DISMISS COUNT VIII OF THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Raytheon Company hereby moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Count VIII of the Amended Complaint against it for failure to state a claim upon which relief can be granted. As grounds therefor, Raytheon states the following:

1.  In Count VIII, styled as a claim for "Medical Monitoring," three of the four plaintiffs (a father and his two daughters) assert that, notwithstanding that they have yet suffered no injury or illness, they should be awarded the cost of participating in a program that monitors their health in the future because of their alleged "increased risk" of contracting disease caused by exposure to beryllium allegedly brought home from work by their wife and mother, the fourth plaintiff, and/or by the father/husband.

2.   No Massachusetts court, state or federal, has recognized "Medical Monitoring" as a viable cause of action. The one such Court that has addressed its viability, this Court in <u>Anello v. Shaw Industries, Inc.</u>, 2000 WL 1609831 (D. Mass.) (Freedman, Senior District Judge), rejected medical monitoring as an independent cause of action as it is presented here.

3.   Recognition of a medical monitoring cause of action on the facts alleged here would be inconsistent with the basic tort principle followed in Massachusetts that any cause of action sounding in tort must be accompanied by actual, present harm, which is not alleged here. The increased risk of contracting disease in the future that is alleged here does not satisfy the harm element under Massachusetts law.

4.   Rejection of a medical monitoring claim under these circumstances is consistent with views expressed by the United States Supreme Court and is the law in the majority of jurisdictions that have addressed the issue.

For these reasons, all as set forth further in the accompanying memorandum of law, Raytheon Company respectfully requests that this Court dismiss Count VIII of the Amended Complaint against it.

**REQUEST FOR ORAL ARGUMENT**

Raytheon Company hereby respectfully requests oral argument on the within motion.

>RAYTHEON COMPANY
>By its attorneys,
>
>  /s/  Ronald M. Jacobs
>James F. Kavanaugh, Jr. BBO#262360
>Ronald M. Jacobs BBO# 561555
>CONN KAVANAUGH ROSENTHAL PEISCH
>  & FORD, LLP
>Ten Post Office Square
>Boston, MA 02109
>617-482-8200

DATED:  November 10, 2004

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I hereby certify that I conferred with plaintiffs' counsel and attempted in good faith to resolve or narrow the issue presented herein.

>  /s/  Ronald M. Jacobs

212948.1