<u>**EXHIBIT A**</u>

<u>**The following authorities have ruled that there is no medical monitoring cause of action at least in the absence of actual, present harm:**</u>

Alabama:           <u>Hinton v. Monsanto Co.</u>, 813 So.2d 827, 828 (Ala. 2001) (no cause of action for medical monitoring without past or present personal injury).

California:        <u>Potter v. Firestone Tire and Tubber Co.</u>, 25 Cal.Rptr.2d 550, 578 (Cal. 1993) (medical monitoring not a new tort but an item of damage when liability established under a traditional tort theory of recovery).

Delaware:          <u>Mergenthaler v. Asbestos Corp.</u>, 480 A.2d 647, 649 (Del. 1984) (absence of physical injury dispositive of medical monitoring claim especially where plaintiffs did not allege direct contact with asbestos, only exposure via clothing of spouses).

D.C.:              <u>Witherspoon v. Philip Morris Inc.</u>, 964 F. Supp. 455, 467 (D.D.C. 1997) (medical monitoring, whether as a cause of action or damages, requires a present injury).

Kentucky:          <u>Wood v. Wyeth-Ayerst Laboratories</u>, 82 S.W.3d 849 (Ky. 2002) (no cause of action for medical monitoring without present illness or symptoms, as opposed to even significantly increased of serious injury)

Louisiana:         Civil Code 2315 (2000) expressly excludes medical monitoring damages in the absence of a present manifest injury.

Massachusetts:     <u>Anello v. Shaw Industries, Inc.</u>, 2000 WL 1609831 (D. Mass. 2000) (characterizing medical monitoring as an aspect of damages, not an independent cause of action).

Minnesota:    Weirlein v. United States, 746 F. Supp. 887
              (D. Minn. 1990), vacated in part on other
              grounds, 793 F. Supp. 898 (1992) (present
              physical injury required).

Missouri:     Thomas v. FAG Bearings Corp., 846 F. Supp.
              1400 (W.D. Mo. 1994) (actual present injury
              required).

Nebraska:     Trimble v. Asarco, Inc., 232 F.3d 946, 963
              (8th Cir. 2000) (predicting that Nebraska
              would not recognize medical monitoring
              claim, especially absent present physical
              injury).

Nevada:       Badillo v. American Brands, Inc., 16 P.3d
              435 (Nev. 2001) (no independent cause of
              action for medical monitoring).

Ohio:         Day v. NLO, 851 F. Supp. 869, 879-881 (S.D.
              Ohio 1994) (recoverable as an item of damage
              once liability established).

Tennessee:    Jones v. Brush-Wellman, Inc., 2000 WL
              33727733, *8 (N.D. Ohio 2000) (under
              Tennessee law, no cause of action without
              physical injury).

Virginia:     Ball v. Joy Technologies, Inc., 958 F.2d 36,
              39 (4th Cir. 1991) (no recovery under
              Virginia law for medical monitoring without
              present physical injury).

Virg. Islands: Purjet v. Hess Oil Virgin Island Corp.,
              1986 WL 1200 (D. Virgin Islands 1986)
              (demonstrable injury, as opposed to enhanced
              risk of future injury, required for medical
              monitoring claim).

Washington:   Duncan v. Northwest Airlines, 203 F.R.D.
              601, 608-609 (W.D. Wash. 2001) (medical
              monitoring is a remedy and not an
              independent tort under Washington law).

**The following authorities have allowed a medical monitoring cause of action even without present, actual injury:**

Arizona:        Burns v. Jaquays Min. Corp., 752 P.2d 28, 33-34 (Ariz. Ct. App. 1987) (recognizes cause of action for medical monitoring and allows recovery of costs where expense is reasonably necessary).

Colorado:       Cook v. Rockwell Int'l Corp., 755 F. Supp. 1468, 1477 (D. Colo. 1991) (predicting Colorado courts will recognize independent cause of action for medical monitoring; no physical injury required).

Connecticut:    Doe v. City of Stamford, 241 Conn. 692, 699 n. 8 (1997) (suggests in footnote that Connecticut Supreme Court would adopt a cause of action for medical monitoring without proof of injury).

Florida:        Petito v. A.H. Robins, 750 S.2d 103, 107-08 (Fla. Ct. App. 2000) (recognizing claim for medical monitoring in the absence of physical injury).

Illinois:       Carey v. Kerr-McGee Chem Corp., 999 F. Supp. 1109, 1119-20 (N.D. Ill. 1998) (predicting that Illinois courts would recognize a cause of action for medical monitoring without proof of injury).  See also Lewis v. Lead Industries Ass'n Inc., 793 N.E.2d 869, 874 (Ill. App. 2003) (denying recovery of damages for an "increased risk of future disease" absent proof of present injury but allowing recovery of cost of medical examination to detect a possible injury).

New Jersey:     Ayers v. Township of Jackson, 525 A.2d 287, 312 (N.J. 1987) (recognizing cause of action without proof of injury).

New York:       Compare Askey v. Occidental Chemical Corp., 102 A.D.2d 130, 135 (N.Y. App. Div. 1984) (medical monitoring costs are an element of consequential damages) with Patton v. General Signal Corp., 984 F. Supp. 666, 674

iii

(W.D.N.Y. 1997) (interpreting Askey to allow an independent cause of action for medical monitoring without proof of injury) <u>and</u> <u>Gibbs v. E.I. Dupont de Nemours & Co.</u>, 876 F. Supp. 475, 478-79 (W.D. N.Y. 1995) (same).

Pennsylvania:    <u>Redland Soccer Club, Inc. v. Dept. of Army</u>, 696 A.2d 137, 143-46 (Penn. 1997) (recognizing medical monitoring cause of action without proof of injury).

Utah:    <u>Hansen v. Mountain Fuel Supply</u>, 858 P.2d 970, 979-80 (Utah 1993) (recognizing medical monitoring cause of action without proof of injury).

W. Virginia:    <u>Bower v. Westinghouse</u>, 522 S.E.2d 424, 426 (W. Va. 1999) (recognizing cause of action for medical monitoring without proof of injury).

213332.1

iv