UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY,<br><br>Defendants. | Case No. 04-CV-12137 JLT<br><br><br><br><br><br>ORAL HEARING REQUESTED |

**MOTION OF DEFENDANTS
KYOCERA AMERICA, INC. AND KYOCERA INDUSTRIAL CERAMICS CORP.
TO DISMISS AMENDED COMPLAINT OR FOR SUMMARY JUDGMENT**

The Defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp., ("Kyocera") move to dismiss the Amended Complaint in this action, or in the alternative for summary judgment, on the grounds that they are entitled to immunity under the government contractor defense.  Boyle v. United Techs. Corp., 487 U.S. 500, 512-513 (1988).

Kyocera also moves to dismiss Counts IV, V, VIII, XII and XIII of Plaintiffs' claim for failure to state claims upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In support of this motion, Kyocera relies on the arguments and authorities set forth in the Motion of Defendant Brush Wellman Inc. to Dismiss Counts IV, V, VI, VII, VIII, XII, and

XIII of Plaintiffs' Amended Complaint for Failure to State Claims upon which Relief May be Granted and supporting papers filed therewith in this Court.

## STATEMENT OF UNCONTESTED FACTS

In support of this motion, Kyocera relies upon the following uncontested facts:

(1) From 1982 through 1990, Plaintiff Suzanne Genereux was employed by the defendant Raytheon Company ("Raytheon") at its plant located at 190 Willow Street, Waltham, Massachusetts.  [Am. Complaint, para. 17.]

(2) Plaintiff Suzanne Genereux alleges that during her employment at Raytheon, she performed operations including, but not limited to, sandblasting, welding, filling and/or brazing of beryllium ceramics, beryllium copper and other beryllium-containing products, which activities produced respirable beryllium dust, fumes and particulate matter.  [Am. Complaint, para. 17.]

(3) Raytheon contracted to produce the guidance system electronics portion of the United States Navy's Trident I and Trident II Missile programs. [Aff. of Kevin Gaughan, para. 3.]

(4) Raytheon subcontracted to Kyocera the manufacture of semiconductor chip packages for the programs' guidance system.  [Aff. of Kevin Gaughan, para. 3.]

(5) The semiconductor chip packages manufactured by Kyocera for the Trident I and Trident II Missile programs were the only beryllium-containing products that Kyocera delivered to Raytheon during the period

of the Plaintiff Suzanne Genereux's employment. [Aff. of Kevin Gaughan, para. 2.]

(6)  The Navy created the specifications and Source Control Drawings (SCDs) which specified the materials to be used in the manufacture of the packages. [Aff. of Kevin Gaughan, para. 3.]

(7)  Kyocera did not participate in selecting nor defining the semiconductor chip package materials, or the package design. Kyocera's role was strictly to produce packages in accordance with the Navy's SCDs and specifications on a build-to-print basis. [Aff. of Kevin Gaughan, para. 3.]

(8)  The Navy also entered into a "Class I" agreement with Kyocera under which the Navy reviewed and approved Kyocera's exact semiconductor chip package manufacturing processes. [Aff. of Kevin Gaughan, para. 3.]

(9)  Kyocera was not permitted to deviate from the approved manufacturing processes without review and approval. [Aff. of Kevin Gaughan, para. 3.]

(10) At all times, Kyocera's manufacture of the semiconductor chip packages was to Navy specifications. [Aff. of Kevin Gaughan, para. 3.]

(11) The semiconductor chip packages contained a beryllium oxide disc that was about the size of a penny and was in place to insulate other materials. [Aff. of Kevin Gaughan, para. 4.]

(12) The discs were ordered from Brush Wellman, Inc., who made them to the precise size required in the Navy specifications. [Aff. of Kevin Gaughan, para. 4.]

(13) When the semiconductor chip package reached Raytheon for installation into the guidance portion of the missiles, the beryllium oxide disc was an integral part of the semiconductor chip package housing. [Aff. of Kevin Gaughan, para. 5.]

(14) If anyone processed the beryllium oxide disc, such as by grinding, the disc would be changed and the product would no longer meet Navy specifications. [Aff. of Kevin Gaughan, para. 5.]

(15) Because the beryllium disc in the semiconductor chip package was not to be dismantled or manipulated in any way by Raytheon, there were no known risks to warn Raytheon or the government about. Kyocera never withheld any information from Raytheon or the Navy regarding any potential health risks of working with the semiconductor chip packages. [Aff. of Kevin Gaughan, para. 6.]

## REQUEST FOR RELIEF

A Memorandum in Support of this Motion and supporting Affidavit of Kevin Gaughan are served and filed herewith.

The defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp. respectfully request that this Court dismiss the Plaintiffs' Amended Complaint or, in the alternative, grant summary judgment for the defendants on all counts of the Amended Complaint. Defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp. also request that this Court dismiss Counts IV, V, VIII, XII and XIII of the Plaintiffs' Amended Complaint.

## REQUEST FOR ORAL ARGUMENT

The Defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp., hereby request an oral hearing on this Motion to Dismiss the Plaintiffs' Amended Complaint or for Summary Judgment.

    Respectfully Submitted,

    Defendants Kyocera America, Inc., and
    Kyocera Industrial Ceramics Corp.

    By their Attorney,

    /s/ John C. Wyman
    _____
    John C. Wyman (BBO #535620)
    Murtha Cullina LLP
    99 High Street, 20th Floor
    Boston, Massachusetts  02110
    (617) 457-4000

Dated:  November 10, 2004

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I John C. Wyman certify that on November 9, 2004, I spoke with Brad Henry, counsel for the Plaintiffs, concerning this Motion to Dismiss and that we were unable to resolve or narrow the issues presented by this Motion.

    /s/ John C. Wyman
    _____
    John C. Wyman (BBO #535620)
    Murtha Cullina LLP
    99 High Street, 20th Floor
    Boston, Massachusetts  02110
    (617) 457-4000

## CERTIFICATE OF SERVICE

  I hereby certify that on this 10th day of November 2004 I served a copy of the Motion of Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp. to Dismiss Amended Complaint or for Summary Judgment upon the following persons by United States mail, postage prepaid:

| <u>Plaintiffs' Attorney</u>: | <u>American Beryllium Corp.</u> |
|---|---|
| Leo V. Boyle, Esq.<br>Bradley M. Henrey, Esq.<br>MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.<br>Two Center Plaza, Suite 600<br>Boston, MA  02108 | William F. Ahern, Jr.<br>Clark, Hunt & Embry<br>55 Cambridge Parkway<br>Cambridge, MA  02142<br><br>Robert Sharon, Esq.<br>225 Broadway, Suite 2600<br>New York, NY  10007 |
| <u>Defendant Raytheon Company</u> | <u>Defendants Kyocera America, Inc.<br>And Kyocera Industrial Ceramics Corp.</u> |
| Jeffrey Axelrod, Esq.<br>Senior Environmental Counsel<br>RAYTHEON LEGAL DEPARTMENT<br>141 Spring Street<br>Lexington, MA 02173<br><br>James F. Kavanaugh, Esq.<br>CONN KAVANAUGH ROSENTHAL<br> PEISCH & FORD LLP<br>Ten Post Office Square<br>Boston, MA  02109 | Don G. Rushing, Esq.<br>Kristina Hoy, Esq.<br>MORRISON & FOERSTER LLP<br>3811 Valley Centre Drive<br>Suite 500a<br>San Diego, CA 92130 |
| <u>Brush Wellman</u> | <u>Hardric Laboratories, Inc.</u> |
| Alan M. Spiro, Esq.<br>EDWARDS & ANGELL, LLP<br>101 Federal Street<br>Boston, MA  02110 | Robert M. A. Nadeau, Esq.<br>Nadeau & Associates, P.A.<br>Route 1, Unit 4A<br>1332 Post Road<br>Wells, ME  04090 |

            /s/ John C. Wyman
            _____
            John C. Wyman (BBO #535620)
            MURTHA CULLINA LLP
            99 High Street, 20th Floor
            Boston, Massachusetts  02110
            (617) 457-4000