UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY,<br><br>Defendants. | Case No. 04-CV-12137 JLT |

**MEMORANDUM OF LAW OF DEFENDANTS KYOCERA AMERICA, INC. AND KYOCERA INDUSTRIAL CERAMICS CORP. IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR FOR SUMMARY JUDGMENT ON THE BASIS OF THE GOVERNMENT CONTRACTOR DEFENSE**

Defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp., ("Kyocera") move to dismiss the Amended Complaint in this action pursuant to Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment on all counts of the Amended Complaint pursuant to Fed. R. Civ. P. 56(c) because defendants are entitled to immunity under the government contractor defense.[1]  Boyle v. United Techs. Corp., 487 U.S. 500, 512-513 (1988).  In support of this motion, Kyocera has submitted the Affidavit of Kevin Gaughan.

---

[1] Kyocera has also moved to dismiss Counts IV, V, VIII, VII and XIII of Plaintiffs' claim for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In support of this motion, Kyocera relies on arguments and authorities set forth in the Motion of Defendant Brush Wellman Inc. to Dismiss

## INTRODUCTION

All of the Kyocera products at issue here were manufactured to exact specifications under a government contract, and therefore Plaintiffs' claims are barred by the government contractor defense. The United States Supreme Court has mandated that government contractors, like Kyocera, are immune from liability for products manufactured to government specifications. The immunity shields a contractor from claims arising out of its actions where the government has exercised its discretion and judgment in approving precise specifications to which the contractor must adhere.

Plaintiffs contend that Plaintiff Suzanne Genereux worked with and was harmed by beryllium containing products during her employment with Raytheon. Kyocera's only beryllium containing products sold to Raytheon during her employment were semiconductor chip packages used in the guidance portion of the United States Navy's Trident I and Trident II missiles. Kyocera's production of the semiconductor chip packages, designed by the Navy and manufactured to precise specifications, entitles Kyocera to immunity under the government contractor defense.

## STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6), provides that dismissal is appropriate where a party fails to state a claim upon which relief can be granted. A claim should be dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts in

---

Counts IV, V, VI, VII, VIII, XII and XIII of Plaintiffs' Amended Complaint and supporting papers filed therewith in this Court.

support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); <u>Roeder v. Alpha Indus., Inc.</u>, 814 F.2d 22, 25 (1st Cir. 1987).

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. <u>Volkswagenwerk Aktiengesellschaft v. Wheeler</u>, 814 F.2d 812, 815 (1st Cir., 1987). Where the opposing party bears the burden of proof on an issue at trial, the moving party need not produce evidence negating the claim that there is a material issue in genuine dispute. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>P. & J.V., Inc. v. Massachusetts Comm'n Against Discrimination</u>, 20 F. Supp. 2d 153, 155 (D. Mass., 1998). Rather, the movant must show only an "absence of evidence to support the non-moving party's case." <u>Celotex</u>, 477 U.S. at 325; <u>P. & J.V.</u>, 20 F. Supp. 2d at 155.

A defendant can demonstrate immunity under the government contractor defense before discovery when the undisputed facts demonstrate that the requirements of the defense are met. See, e.g. <u>Askir v. Brown & Root Servs. Corp.</u>, 1997 U.S. Dist. LEXIS 14494 (S.D.N.Y., 1997); <u>Norwood v. Esmor, Inc.</u>, 1997 U.S. Dist. LEXIS 1499 (S.D.N.Y., 1997).

## ARGUMENT

<u>The Amended Complaint Must be Dismissed or Summary Judgment Granted Because Kyocera is Entitled to Immunity Under the Government Contractor Defense</u>.

The Supreme Court has held that government contractors are immune from liability for design defects in military equipment, pursuant to state law, when:

(1) The United States approved reasonably precise specifications;
(2) The equipment conformed to those specifications; and
(3) The supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

<u>Boyle v. United Techs. Corp.</u>, 487 U.S. 500, 512 (1988).  The immunity – referred to as the government contractor defense – was established by the Supreme Court's holding in <u>Boyle</u> that military contractors, as agents of the government, are entitled to the same protection from liability as is the government under the Federal Tort Claims Act (FTCA) when selecting appropriate designs for military equipment.  <u>Boyle</u>, 487 U.S. at 511; <u>Quiles v. Sikorsky Aircraft</u>, 84 F. Supp. 2d 154, 164-65 (D. Mass. 1999); see 28 U.S.C. § 1346(b).  The <u>Boyle</u> Court held that the judgment necessary in selection of appropriate design for military equipment, an "assuredly" discretionary function within the meaning of the FTCA, should not be subject to "second-guessing" through state tort suits.  487 U.S. at 511; see 28 U.S.C. § 1346(b).

Summary judgment is an appropriate remedy when a defendant demonstrates its qualifications for immunity under the government contractor defense.  <u>Darling v. Boeing Co.</u>, 935 F. 2d 269 (6th Cir. 1991); <u>Quiles</u>, 84 F. Supp. 2d at 170.  This Court should grant Kyocera's motion for summary judgment because the undisputed material facts establish that it satisfies the three-prong test of the government contractor defense.

290598-2

4

1. <u>The Kyocera Semiconductor Chip Packages at Raytheon were Manufactured in Accordance with Precise Navy Specifications</u>.

Kyocera satisfies the first prong of the government contractor defense because the only Kyocera products sold to Raytheon were manufactured in accordance with precise United States Navy specifications. These specifications were provided to Kyocera through Raytheon, a government subcontractor for the Navy's Trident I and Trident II ballistic missile program. Uncontested Facts para. 3; Aff. Kevin Gaughan, para. 3. To satisfy this prong of the government contractor defense, the government does not need to formulate the specifications; the defendant can simply demonstrate that the government approved of the specifications or engaged in a "continuous back and forth" review process regarding the design in question. <u>Quiles</u>, 84 F. Supp. 2d at 165. In this case, the Navy provided precise specifications to Kyocera through Raytheon – involvement above and beyond the <u>Boyle</u> requirement that the United States simply approve reasonably precise specifications. <u>Boyle</u>, 487 U.S. at 512; Uncontested Facts paras. 6-10; Aff. Kevin Gaughan, para. 3. Accordingly, Kyocera satisfies the first prong of the government contractor defense test.

2. <u>The Kyocera Semiconductor Chip Packages Conformed to the Government's Specifications</u>.

Kyocera satisfies the second prong of the government contractor defense test because at all times Kyocera's manufacture of the semiconductor chip packages was to the precise Navy design specifications. Uncontested Facts para. 10; Aff. Kevin Gaughan, para. 3. As in the case of <u>Kleemann v. McDonnell Douglas Corp.</u>, where the landing gear "plainly did not deviate from the ultimate design required by the Navy,"

conformity to the design specifications here is met. 890 F. 2d 698 (4th Cir. 1989). Accordingly, Kyocera satisfies the second prong of the government contractor defense test.

     3.     <u>Kyocera Did Not Withhold Information from the Government of Any Hazards in the Use of Beryllium in the Semiconductor Chip Packages</u>.

Kyocera satisfies the final prong of the government contractor defense because Kyocera never withheld any information from Raytheon or the Navy regarding any potential health risks of working with the semiconductor chip packages. Uncontested Facts para. 15; Aff. Kevin Gaughan, para. 6. The contractor's duty to warn, created to counteract any incentive to withhold knowledge of risks, only extends to dangers of which the contractor has actual knowledge and of which the government is not aware. <u>Quiles</u>, 84 F. Supp. 2d at 165, 170. Because it did not withhold any information from Raytheon or the Navy regarding any potential health risks of working with the semiconductor chip packages, Kyocera satisfies the third and final prong of the government contractor defense test.

## CONCLUSION

At issue are discretionary decisions involving military hardware in which the government was a substantial participant. <u>Id</u>., citing <u>Boyle</u>, 487 U.S. at 510-511. The Trident I and II underwater ballistic missile system that incorporated the semiconductor chip packages manufactured and sold by Kyocera to Raytheon is precisely the sort of product for which the government contractor defense was intended. <u>Kleeman</u>, 890 F. 2d at 700 (concluding that "[i]t's hard to imagine a matter more uniquely in the

province of the military – and one less appropriate to second-guessing by civilian courts – than the development of a high technology, multi-mission aircraft."). Kyocera's demonstration that it satisfies the three-prong test of the government contractor defense establishes that its production of semiconductor chip packages for the United States Navy is uniquely in the province of the military, inappropriate to second-guessing by civilian courts, and therefore entitled to immunity. Boyle, 487 U.S. at 511; id. All of the claims in the plaintiffs' Amended Complaint must be dismissed or, in the alternative, summary judgment must be entered in favor of the defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp.

        Respectfully Submitted,

        Defendants Kyocera America, Inc., and
        Kyocera Industrial Ceramics Corp.

        By their Attorney,

        /s/ John C. Wyman
        _____
        John C. Wyman (BBO #535620)
        Murtha Cullina LLP
        99 High Street, 20th Floor
        Boston, Massachusetts 02110
        (617) 457-4000

Dated: November 10, 2004

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 10th day of November 2004 I served a copy of the Memorandum of Law of Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp. in Support of Their Motion to Dismiss Plaintiffs' Complaint or for Summary Judgment on the Basis of the Government Contractor Defense upon the following persons by United States mail, postage prepaid:

| *Plaintiffs' Attorney*: <br><br>Leo V. Boyle, Esq.<br>Bradley M. Henrey, Esq.<br>MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.<br>Two Center Plaza, Suite 600<br>Boston, MA  02108 | *American Beryllium Corp.* <br><br>William F. Ahern, Jr.<br>Clark, Hunt & Embry<br>55 Cambridge Parkway<br>Cambridge, MA  02142<br><br>Robert Sharon, Esq.<br>225 Broadway, Suite 2600<br>New York, NY  10007 |
|---|---|
| *Defendant Raytheon Company* <br><br>Jeffrey Axelrod, Esq.<br>Senior Environmental Counsel<br>RAYTHEON LEGAL DEPARTMENT<br>141 Spring Street<br>Lexington, MA 02173<br><br>James F. Kavanaugh, Esq.<br>CONN KAVANAUGH ROSENTHAL<br>  PEISCH & FORD LLP<br>Ten Post Office Square<br>Boston, MA  02109 | *Defendants Kyocera America, Inc.*<br>*And Kyocera Industrial Ceramics Corp.* <br><br>Don G. Rushing, Esq.<br>Kristina Hoy, Esq.<br>MORRISON & FOERSTER LLP<br>3811 Valley Centre Drive<br>Suite 500a<br>San Diego, CA 92130 |
| *Brush Wellman* <br><br>Alan M. Spiro, Esq.<br>EDWARDS & ANGELL, LLP<br>101 Federal Street<br>Boston, MA  02110 | *Hardric Laboratories, Inc.* <br><br>Robert M. A. Nadeau, Esq.<br>Nadeau & Associates, P.A.<br>Route 1, Unit 4A<br>1332 Post Road<br>Wells, ME  04090 |

              /s/ John C. Wyman
              _____
              John C. Wyman (BBO #535620)
              MURTHA CULLINA LLP
              99 High Street, 20th Floor
              Boston, Massachusetts  02110
              (617) 457-4000