UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 04-CV-12137 JLT |
| | ) |
| American Beryllia Corp., et al. | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BRUSH WELLMAN INC., BRUSH WELLMAN CERAMICS INC., AND BRUSH WELLMAN CERAMIC PRODUCTS INC. TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Brush Wellman Inc., Brush Wellman Ceramics Inc., and Brush Wellman Ceramic Products Inc. (collectively, "Brush Wellman")[1] answer the allegations of the Amended Complaint as follows:

1. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2.

3. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

---

[1] Plaintiffs' Amended Complaint names "Brush Wellman Ceramics, Inc." and "Brush Wellman Ceramic Products, Inc." as defendants. Those entities do not exist and their inclusion in the Amended Complaint is the subject of a Rule 21 motion, filed herewith, to drop them as misjoined parties.

3. (sic) Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second paragraph 3 of the Amended Complaint.

4.      Brush Wellman denies the allegations of paragraph 4, and avers that Brush Wellman Ceramics Inc. was dissolved in 1981.

5.      Brush Wellman denies the allegations of paragraph 5, and avers that Brush Wellman Ceramic Products Inc. was liquidated into Brush Wellman Inc. in 1981.

6.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7.

8.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8.

9.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Brush Wellman admits the allegations of paragraph 11.

12.     Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15.

16. Brush Wellman admits that plaintiffs' Amended Complaint refers to the entities listed in paragraph 16 as "the manufacturing Defendants."

17. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17.

18. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18.

19. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19.

20. Brush Wellman admits that during a portion of the time period described in the Amended Complaint, it sold and shipped beryllium-containing products, including beryllium ceramics, to Raytheon's Waltham plant, but lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21. Brush Wellman denies the allegations of paragraph 21.

22. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22.

23. Brush Wellman denies the allegation that exposure to beryllium causes cancer in humans, but otherwise admits the remaining allegations of paragraph 23.

24.     Brush Wellman admits that exposure at some level to airborne beryllium particulate can cause acute beryllium disease and, in some individuals, can cause CBD; and admits that in persons who have developed a sensitivity to beryllium, beryllium particles in the lungs may trigger the formation of granulomas and an inflammatory process that may interfere with normal lung function. Brush Wellman otherwise denies the remaining allegations of paragraph 24. Brush Wellman avers that not all persons can develop, or are susceptible to, an immune response to beryllium; that some people who are diagnosed with CBD will never develop physical impairment or symptoms; and that the definition of CBD has changed over time.

25.     Brush Wellman admits that CBD has been reported to appear in some people up to 30 years after exposure and as early as 4 months after first exposure, but denies the remaining allegations of paragraph 25, and avers that not all persons can develop, or are susceptible to, an immune response to beryllium; that some people who are diagnosed with CBD will never develop any physical impairment or symptoms; and that the definition of CBD has changed over time.

26.     Brush Wellman admits that CBD is a granulomatous disease and that symptoms of CBD may include some of the symptoms listed in paragraph 26, but denies that CBD is "characterized" by those symptoms, insofar as most cases of CBD diagnosed with current technology are asymptomatic; and denies the remaining allegations of paragraph 26. Brush Wellman avers that not all persons can develop or are susceptible to, an immune response to beryllium; that some people who are diagnosed with CBD will never develop any physical impairment or symptoms; and that the definition of CBD has changed over time.

27. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27.

28. Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28.

29. Brush Wellman admits that plaintiffs make the claims described in paragraph 29, but deny that those claims have any merit.

30. Brush Wellman denies the allegations of paragraph 30.

31. Brush Wellman denies the allegations of paragraph 31.

32. Brush Wellman denies the allegations of paragraph 32.

33. Brush Wellman denies the allegations of paragraph 33.

34. Brush Wellman denies the allegations of paragraph 34.

## COUNT I - NEGLIGENCE

35. Brush Wellman Inc incorporates by reference its responses to paragraphs 1-34 as though fully set forth herein at length.

36. Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's medical condition, and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

37. Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's physical or emotional condition, and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

38. (a) Denies the allegations of paragraph 38(a) as to Defendant Brush Wellman.

    (b) Denies the allegations of paragraph 38(b) as to Defendant Brush Wellman.

(c) Denies the allegations of paragraph 38(c) as to Defendant Brush Wellman.

(d) Denies the allegations of paragraph 38(d) as to Defendant Brush Wellman.

(e) Denies the allegations of paragraph 38(e) as to Defendant Brush Wellman.

(f) Denies the allegations of paragraph 38(f) as to Defendant Brush Wellman.

(g) Denies the allegations of paragraph 38(g) as to Defendant Brush Wellman.

(h) Denies the allegations of paragraph 38(h) as to Defendant Brush Wellman.

(i) Denies the allegations of paragraph 38(i) as to Defendant Brush Wellman.

39. Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's present or future physical or emotional condition, and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

40. Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's medical or other expenses and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

41. Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's ability to work and/or her earning capacity.

## COUNT II - BREACH OF WARRANTY

42. Brush Wellman incorporates by reference its responses to paragraphs 1-41 as though fully set forth herein at length.

43. Brush Wellman denies the allegations of paragraph 43.

44. Brush Wellman admits that Brush Wellman products sold to Raytheon contain beryllium; admits that airborne beryllium-containing particulate is a potential hazard if not

properly controlled; admits that some susceptible persons may develop chronic beryllium disease from inhaling a sufficient concentration of respirable airborne beryllium containing particulate; and denies the remaining allegations of paragraph 44.

45.  Brush Wellman denies the allegations of paragraph 45.

46.  Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46.

47.  Brush Wellman denies the allegations of paragraph 47.

48.  Brush Wellman admits it has known that manufacturing processes generating beryllium particulate represent a potential health hazard if not properly controlled, but denies the remaining allegations of paragraph 48.

49.  Brush Wellman admits it has known that airborne beryllium particulate is a potential health hazard even at concentrations that are invisible, but specifically denies that CBD is a "severe and disabling lung disease," and denies the remaining allegations of paragraph 49.

50.  Brush Wellman denies the allegations of paragraph 50.

51.  Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's medical condition, and denies the remaining allegations of paragraph 51.

## COUNT III - FAILURE TO WARN

52.  Brush Wellman incorporates by reference its responses to paragraphs 1-51 as though fully set forth herein at length.

53. Brush Wellman admits it has known that manufacturing processes generating beryllium particulate represent a potential health hazard if not properly controlled, but denies the remaining allegations of paragraph 53.

54. Brush Wellman admits it has known that airborne beryllium particulate is a potential health hazard even at concentrations that are invisible, but specifically denies that CBD is a "severe and disabling lung disease," and denies the remaining allegations of paragraph 54.

    (a) Denies the allegations of paragraph 54(a) as to Defendant Brush Wellman.

    (b) Denies the allegations of paragraph 54(b) as to Defendant Brush Wellman.

    (c) Denies the allegations of paragraph 54(c) as to Defendant Brush Wellman.

    (d) Denies the allegations of paragraph 54(d) as to Defendant Brush Wellman.

    (e) Denies the allegations of paragraph 54(e) as to Defendant Brush Wellman.

    (f) Denies the allegations of paragraph 54(f) as to Defendant Brush Wellman.

    (g) Denies the allegations of paragraph 54(g) as to Defendant Brush Wellman.

    (h) Denies the allegations of paragraph 54(h) as to Defendant Brush Wellman.

    (i) Denies the allegations of paragraph 54(i) as to Defendant Brush Wellman.

55. Brush Wellman denies the allegations of paragraph 55.

56. Brush Wellman denies the allegations of paragraph 56.

### COUNT IV - STRICT LIABILITY FOR ULTRAHAZARDOUS AND/OR ABNORMALLY DANGEROUS ACTIVITIES

57-59. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count IV pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### COUNT V - BREACH OF CONSUMER PROTECTION STATUTE

60-64. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count V pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### COUNT VI - FRAUDULENT CONCEALMENT OR NONDISCLOSURE

65-66. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count VI pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### COUNT VII – CONSPIRACY

67-74. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count VII pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### COUNT VIII - MEDICAL MONITORING

75-90. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count VIII pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### COUNT IX - NEGLIGENCE (LOSS OF CONSORTIUM)

91. Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-90 of the Amended Complaint, as though fully set forth herein at length.

92. Brush Wellman denies the allegations of paragraph 92.

### COUNT X - BREACH OF WARRANTY (LOSS OF CONSORTIUM)

93. Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-92 of the Amended Complaint, as though fully set forth herein at length.

94. Brush Wellman denies the allegations of paragraph 94.

### COUNT XI - FAILURE TO WARN (LOSS OF CONSORTIUM)

95. Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-94 of the Amended Complaint, as though fully set forth herein at length.

96. Brush Wellman denies the allegations of paragraph 96.

### COUNT XII - STRICT LIABILITY (LOSS OF CONSORTIUM)

97-98. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count XII pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### COUNT XIII - BREACH OF CONSUMER PROTECTION STATUTE

99-102. No response to these paragraphs is required because Brush Wellman has moved to dismiss Count XIII pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims against Brush Wellman, if any, may be barred in whole or in part, by any applicable statutes of limitations and/or repose.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, ratification, unclean hands, waiver, and/or estoppel.

### Fourth Affirmative Defense

Plaintiffs failed to join indispensable parties.

### Fifth Affirmative Defense

Plaintiffs' injuries or risk of injury (if any) were caused by the act and/or omissions of plaintiffs and/or persons or entities other than Brush Wellman, over whom Brush Wellman had no control and no right to control.

### Sixth Affirmative Defense

Plaintiffs' injuries or risk of injury, if any, were caused by the superseding intervening acts of persons or entities other than Brush Wellman.

### Seventh Affirmative Defense

To the extent that any of plaintiffs' own voluntary acts and/or failures to follow safety procedures, rules and/or regulations caused or contributed to their alleged injuries, damages, and/or losses (if any), any recovery by plaintiffs should be barred, reduced, offset and/or diminished accordingly.

### Eighth Affirmative Defense

Any recovery by plaintiffs should be barred, reduced, offset, and/or diminished because of comparative negligence, contributory negligence, assumption of the risk, and any other similar defenses.

### Ninth Affirmative Defense

Any recovery by plaintiffs should be barred, reduced, offset and/or diminished because of acts or omissions of persons or entities other than Brush Wellman

### Tenth Affirmative Defense

Brush Wellman pleads rights to setoff, apportionment of fault and liability, contribution, and any other rights it may have pursuant to Massachusetts and other applicable law.

### Eleventh Affirmative Defense

Any recovery by plaintiffs should be barred, reduced, offset and/or diminished by the compensation for those injuries (if any) received from the Bureau of Workers' Compensation and/or from any other collateral source not paid for by plaintiffs.

### Twelfth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, by the sophisticated user doctrine and/or the learned intermediary doctrine.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the raw materials supplier defense, bulk supplier defense, and/or Section 5 of the Restatement (Third) of Torts.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the government contractor defense.

### Fifteenth Affirmative Defense

Plaintiffs failure to warn claims are preempted or barred, in whole or in part, by the OSHA Hazard Communication Standard.

### Sixteenth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, by the economic loss rule.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by federal preemption and/or separation of powers doctrines.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by constitutional defenses including (but not limited to): the right to free association, the right to free speech, and the right to petition the government for a redress of grievances.

### Nineteenth Affirmative Defense

The claims of some plaintiffs may be barred or limited by the Energy Employees Occupational Illness Compensation Program Act of 2000.

### Twentieth Affirmative Defense

Plaintiffs may lack standing to bring some or all of the claims set forth in the Amended Complaint.

### Twenty-First Affirmative Defense

Plaintiffs claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Twenty-Second Affirmative Defense

Plaintiffs claims are barred, in whole or in part, because the beryllium-containing products manufactured, labeled, and sold by Brush Wellman conformed with available technological, medical, scientific, and industrial state-of-the-art at all material times.

## Twenty-Third Affirmative Defense

Plaintiffs claims against Brush Wellman are barred, in whole or in part, because the materials received from this defendant did not reach plaintiffs without substantial change, alteration, or modification in their condition.

## Twenty-Fourth Affirmative Defense

If it is determined that Brush Wellman sold the products allegedly involved in plaintiffs' injuries or risk of injury, Brush Wellman avers that the products were not defective or unreasonably dangerous for their ordinary intended use when the left the possession of Brush Wellman.

## Twenty-Fifth Affirmative Defense

If plaintiffs were injured as alleged, Brush Wellman avers that said injuries or risk of injury were caused by misuse, improper use, abuse, or negligent use of the product or products in question.

## Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because to the extent beryllium is determined to be a dangerous product, it is unavoidably unsafe.

### Twenty-Seventh Affirmative Defense

Brush Wellman met all applicable requirements of state and federal law regarding the marketing, sale and distribution of the product or products.

### Twenty-Eighth Affirmative Defense

To the extent the Amended Complaint purports to state claims for nondisclosure, fraudulent concealment, and/or civil conspiracy, the Amended Complaint fails to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b).

### Twenty-Ninth Affirmative Defense

To the extent the Amended Complaint purports to seek consequential damages from any alleged breach of an implied warranty, plaintiffs have failed to plead such alleged damages with the particularity required by Federal Rule of Civil Procedure 9(g).

### Thirtieth Affirmative Defense

Plaintiffs have failed to mitigate their damages or risk of injury (if any).

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred or limited to the extent plaintiffs have previously secured full or partial satisfaction for the injuries and damages alleged in the Amended Complaint.

### Thirty-Second Affirmative Defense

Plaintiffs punitive damages claims and/or M.G.L. Chapter 93A claims are barred or limited to the extent they are based upon conduct occurring outside the Commonwealth of Massachusetts or based upon conduct unrelated to plaintiffs' alleged injuries.

### Thirty-Third Affirmative Defense

Any award of punitive damages against Brush Wellman in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

### Thirty-Fourth Affirmative Defense

Plaintiffs are barred from asserting claims under M.G.L. Chapter 93A because that chapter does not apply to transactions or actions otherwise permitted under laws as administered by any regulatory officer acting under statutory authority of the United States.

### Thirty-Fifth Affirmative Defense

Plaintiffs have failed to satisfy the notice requirements of M.G.L. Chapter 93A that are prerequisites to suit and are barred from asserting claims under Chapter 93A.

### Thirty-Sixth Affirmative Defense

Plaintiffs have failed to satisfy the thirty-day demand letter requirement of M.G.L. Chapter 93A and are barred from asserting claims under Chapter 93A.

### Thirty-Seventh Affirmative Defense

Plaintiffs have failed to satisfy the "primarily and substantially" requirement of M.G.L. Chapter 93A and are barred from asserting claims under Chapter 93A.

### Thirty-Eighth Affirmative Defense

Brush Wellman hereby adopts and incorporates by reference any applicable affirmative defenses raised by its co-defendants.

Brush Wellman reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

WHEREFORE, defendant, Brush Wellman, denies it is liable to plaintiffs in any sum and requests that judgment be entered in its favor and against plaintiffs on all counts of plaintiffs' Amended Complaint, and that it be awarded its costs and expenses and such other relief as is just and appropriate.

BRUSH WELLMAN INC.,  
BRUSH WELLMAN CERAMICS INC., and  
BRUSH WELLMAN CERAMIC PRODUCTS INC.

By their attorneys,

Dated: November 10, 2004

*/s/ Alan M. Spiro*  
Alan M. Spiro BBO # 475650  
Edwards & Angell, LLP  
101 Federal Street  
Boston, MA 02110  
Tel:   617.951.2204  
Fax:   617.439.4170

Jeffery D. Ubersax  
Jones Day  
North Point  
901 Lakeside Ave.  
Cleveland, Ohio  44114-1190  
Tel:   (216) 586-3939  
Fax:   (216) 579-0212

(Application for Admission *Pro Hac Vice* pending)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2004, a true and correct copy of the foregoing **Answer and Affirmative Defenses of Defendants Brush Wellman Inc., Brush Wellman Ceramics Inc., and Brush Wellman Ceramic Products Inc. to Plaintiffs' Amended Complaint** was served via U.S. mail, first class postage prepaid, to the following:

**Attorney for Plaintiffs**

Leo V. Boyle, Esq.
Bradley M. Henry, Esq.
Meehan, Boyle, Black & Fitzgerald, PC
Two Center Plaza
Suite 600
Boston, MA 02108
617-523-8300

**Attorneys for Defendant American Beryllia**

Robert P. Sharon, Esq.
Robert P. Sharon P.C.
225 Broadway
Suite 2600
New York, New York 10007
212-227-5550

**Attorneys for Defendant Raytheon**

Ronald M. Jacobs, Esq.
James F. Kavanaugh, Jr., Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square,
4th Floor
Boston, MA 02109
617-482-8200

**Attorney for Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.**

John C. Wyman
Murtha Cullina, LLP
20th Floor
99 High Street
Boston, MA 02110-2320
617-457-4041

**Attorney for Defendant Hardric Laboratories, Inc.**

Robert Nadeau, Esq.
Nadeau & Associates
1332 Post Road, Suite 4A
Wells, Maine 04090
207-324-3500

_____
Alan M. Spiro BBO # 475650
Attorney for Brush Wellman Inc.,
Brush Wellman Ceramics Inc., and
Brush Wellman Ceramic Products Inc.