UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
SUZANNE GENEREUX, et al.,      )
      Plaintiffs,              )    C.A. NO. 04-12137-JLT
                               )
v.                             )
                               )
AMERICAN BERYLLIA CORP.,       )
et al.,                        )
      Defendants.              )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
RAYTHEON COMPANY'S MOTION TO DISMISS THE CROSS-CLAIMS OF
<u>CO-DEFENDANT HARDRIC LABORATORIES, INC.</u>**

<u>INTRODUCTION</u>

Defendant Hardric Laboratories, Inc. ("Hardric") answered plaintiffs' complaint and included in its responsive pleading a cursory cross-claim for contribution and/or indemnification against all of its co-defendants, including defendant Raytheon Company ("Raytheon"). In order to be liable in contribution, Raytheon must have direct tort liability to the plaintiffs. As set forth by Raytheon in its recently-filed motion to dismiss (and Raytheon's supporting memorandum), however, the sole count in the Amended Complaint asserted against Raytheon, Count VIII brought by three of the four plaintiffs, purports to state a claim for "Medical Monitoring" but fails to state a claim upon which relief can be granted. Since Raytheon has no direct liability in tort to the plaintiffs, Raytheon can have no

liability to Hardric for contribution.  Hardric's cross-claim for indemnification also appears to be based on its assertion that Raytheon is liable to the plaintiffs, which it is not, as Raytheon demonstrated in its recent motion to dismiss plaintiffs' sole claim against it.  Hardric pleads no other basis for indemnification.  Thus, Raytheon is entitled to dismissal of Hardric's cross-claim for contribution and indemnification.

**FACTS**

In its cross-claim, Hardric asserts no facts, only conclusory allegations that plaintiffs' alleged injuries (if any) were "caused or contributed to" by all of its co-defendants, (Paragraph 1), and that if it is found liable to plaintiffs, it is entitled to "contribution and/or indemnification from [each of the other co-defendants] in an amount equal to the proportion of cross-defendants' relative fault," (Paragraph 2).

**ARGUMENT**

**A.   RAYTHEON HAS NO CONTRIBUTION LIABILITY TO HARDRIC BECAUSE IT HAS NO DIRECT LIABILITY TO PLAINTIFFS.**

Contribution is based on shared fault of joint tortfeasors. Mass. Gen. L. c. 231, s. 1(b); Orient Overseas Container Line v. John T. Clark & Sons of Boston, Inc., 229 F.Supp.2d 4, 15 (D. Mass. 2002) (applying Massachusetts law, citing Slocum v.

2

Donahue, 44 Mass. App. Ct. 937 (1998)); Berube v. City of Northampton, 413 Mass. 635, 638-639 (1992).  It is a derivative theory of liability and requires that the party from whom contribution is sought have direct tort liability to the plaintiff.  See Berube, 413 Mass. at 638 ("Without liability in tort there is no right of contribution.").

    Here, three of the four plaintiffs (all but Suzanne Genereux, a former Raytheon employee) join in the sole claim against Raytheon, Count VIII for medical monitoring.  As set forth by Raytheon in its recent motion to dismiss their claims, plaintiffs fail to state a claim against Raytheon.  First, no Massachusetts court, state or federal, has recognized "medical monitoring" as a viable cause of action.  The one such Court that has addressed its viability, this Court in Anello v. Shaw Industries, Inc., 2000 WL 1609831 (D. Mass.) (Freedman, Senior District Judge), rejected medical monitoring as an independent cause of action as it is presented here.  Second, recognition of a medical monitoring cause of action on the facts alleged here would be inconsistent with the basic tort principle followed in Massachusetts that any cause of action sounding in tort must be accompanied by actual, present harm, which is not alleged here.  The increased risk of contracting disease in the future that is alleged here does not satisfy the harm element under Massachusetts law.  Third, rejection of a medical monitoring

3

claim under these circumstances is consistent with views expressed by the United States Supreme Court and is the law in the majority of jurisdictions that have addressed the issue. For these reasons, plaintiffs fail to state a claim against Raytheon.

Thus, because plaintiffs fail to state a claim against Raytheon, Raytheon has no direct liability to the plaintiffs, and Hardric's derivative claim against Raytheon for contribution fails.

### B. HARDRIC FAILS TO STATE A CLAIM AGAINST RAYTHEON FOR INDEMNIFICATION.

Hardric also pleads an indemnification cross-claim. Indemnification and contribution are mutually exclusive remedies. <u>Orient Overseas</u>, 229 F.Supp.2d at 15 (D. Mass. 2002) (applying Massachusetts law, citing <u>Slocum v. Donahue</u>, 44 Mass. App. Ct. 937 (1998)). Hardric's cross-claim for indemnification, like its claim for contribution, appears to be based on its assertion that Raytheon has some liability to the plaintiffs for their alleged injuries. The three plaintiffs who assert a claim against Raytheon, however, fail to allege any actual, present injury, as Raytheon demonstrates in its motion to dismiss their claims. The fourth plaintiff, Suzanne Genereux, a former Raytheon employee, does not assert and cannot maintain any claim against Raytheon in light of the workers

4

compensation bar.  In any event, Raytheon has no liability to the plaintiffs, as set forth above.  Hardric pleads no other basis for indemnification.  See Samos Imex Corp. v. Nextel Communications, Inc., 20 F.Supp.2d 248, 250-252 (D. Mass. 1998) (applying Massachusetts law and summarizing the three bases for indemnification: express and implied contractual indemnification, and common law indemnification when one party is exposed to liability because of the negligence of another). Hardric fails to plead the existence of any contractual relationship with Raytheon, without which there can be no basis for either express or implied contractual indemnification. Federal Deposit Ins. Corp. v. Caolo, 478 F. Supp. 1185, 1186 (D. Mass. 1979) (applying Massachusetts law and dismissing indemnification claim absent allegations of a contract); H.P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 77 (1976) (affirming allowance of directed verdict dismissing implied contractual indemnification claim).  Hardric also fails to plead any basis for the third, very narrow theory of indemnification, common law indemnification.

    Thus, Hardric fails to state a claim against Raytheon for indemnification.

## CONCLUSION

For the reasons set forth above, Raytheon respectfully requests that the Court dismiss Hardric's cross-claim against Raytheon pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

```
                              RAYTHEON COMPANY
                              By its attorneys,


                                /s   James F. Kavanaugh, Jr.
                                /s/  Ronald M. Jacobs
                              James F. Kavanaugh, Jr. BBO#262360
                              Ronald M. Jacobs BBO# 561535
                              CONN KAVANAUGH ROSENTHAL PEISCH
                                & FORD, LLP
                              Ten Post Office Square
                              Boston, MA 02109
                              617-482-8200
```

Dated:  November 29, 2004

214345.1