# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CASE NO. 04-CV-12137 JLT

SUZANNE GENEREUX and BARRY
GENEREUX, Individually and as Parents
And Natural Guardians of their minor
children, ANGELA GENEREUX and
KRISTA GENEREUX,
     **Plaintiffs**

v.

AMERICAN BERYLLIA CORP., BRUSH
WELLMAN, INC., BRUSH WELLMAN
CERAMICS, INC., BRUSH WELLMAN
CERAMIC PRODUCTS, INC., HARDRIC
LABORATORIES, INC., KYOCERA
AMERICA, INC., KYOCERA INDUSTRIAL
CERAMICS CORP., and RAYTHEON
COMPANY,
     **Defendants**

## ANSWER OF DEFENDANT, AMERICAN BERYLLIA CORP., TO AMENDED COMPLAINT

1.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 1 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

2.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 2 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

3.    The defendant admits that American Beryllia Corp. is a New Jersey corporation with a principal office and corporate headquarters located at 16 First Avenue, Haskell, NJ. The defendant denies the remaining allegations contained in paragraph 3 of the plaintiffs' amended complaint as currently phrased.

3. (sic)  The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 3 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

4. (sic)  The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 4 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

5. (sic)  The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 5 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

6. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 6 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

7. (sic)  The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 7 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

8. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 8 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

9. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 9 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

10. (sic)  The defendant admits that it is a manufacturer and distributor of beryllium-containing products, including beryllium ceramics, and operates a major manufacturing facility in New Jersey, but denies the remaining allegations contained in paragraph 10 (sic) of the plaintiffs' amended complaint.

11. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 11 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

12. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 12 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

13. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 13 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

14. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 14 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

15. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 15 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

16. (sic) To the extent that the allegations in paragraph 16 (sic) are intended to convey that the defendant, American Beryllia Corp. manufactured and/or distributed any products causing harm to the plaintiffs, the defendant denies.

17. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 17 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

18. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 18 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

19. (sic) The defendant denies the allegations contained in paragraph 19 (sic) of the plaintiffs' amended complaint as currently phrased.

3

20. (sic) The defendant denies the allegations contained in paragraph 20 (sic) of the plaintiffs' amended complaint as currently phrased.

21. (sic)  The defendant denies the allegations contained in paragraph 21 (sic) of the plaintiffs' amended complaint.

22. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 22 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

23. (sic) The defendant denies the allegations contained in paragraph 23 (sic) of the plaintiffs' amended complaint as currently phrased.

24. (sic) The defendant denies the allegations contained in paragraph 24 (sic) of the plaintiffs' amended complaint as currently phrased.

25. (sic) The defendant denies the allegations contained in paragraph 25 (sic) of the plaintiffs' amended complaint as currently phrased.

26. (sic) The defendant denies the allegations contained in paragraph 26 (sic) of the plaintiffs' amended complaint as currently phrased.

27. (sic)  The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 27 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

28. (sic)  The defendant denies the allegations contained in paragraph 28 (sic) of the plaintiffs' amended complaint.

29. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 29 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

30. (sic) The defendant denies the allegations contained in paragraph 30 (sic) of the plaintiffs' amended complaint.

31. (sic)  The defendant denies the allegations contained in paragraph 31 (sic) of the plaintiff's complaint.

32. (sic) The defendant denies the allegations contained in paragraph 32 (sic) of the plaintiffs' amended complaint.

33. (sic) The defendant denies the allegations contained in paragraph 33 (sic) of the plaintiffs' amended complaint.

34. (sic) The defendant denies the allegations contained in paragraph 34 (sic) of the plaintiffs' amended complaint.

## COUNT I

### SUZANNE GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., AND KYOCERA INDUSTRIAL CERAMICS CORP.

### NEGLIGENCE

35. (sic)  The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 34 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

36. (sic) The defendant denies the allegations contained in paragraph 36 (sic) of the plaintiffs' amended complaint.

37. (sic) The defendant denies the allegations contained in paragraph 37 (sic) of the plaintiffs' amended complaint.

38. (sic) The defendant denies the allegations contained in paragraph 38 (sic) of the plaintiffs' amended complaint.

39. (sic) The defendant denies the allegations contained in paragraph 39 (sic) of the plaintiffs' amended complaint.

40. (sic) The defendant denies the allegations contained in paragraph 40 (sic) of the plaintiffs' amended complaint.

41. (sic) The defendant denies the allegations contained in paragraph 41 (sic) of the plaintiffs' amended complaint.

## COUNT II

**SUZANNE GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., AND KYOCERA INDUSTRIAL CERAMICS CORP.**

### BREACH OF WARRANTY

42. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 41 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

43. (sic) The defendant denies the allegations contained in paragraph 43 (sic) of the plaintiffs' amended complaint.

44. (sic) The defendant denies the allegations contained in paragraph 44 (sic) of the plaintiffs' amended complaint as currently phrased.

45. (sic) The defendant denies the allegations contained in paragraph 45 (sic) of the plaintiffs' amended complaint.

46. (sic) The defendant denies the allegations contained in paragraph 46 (sic) of the plaintiffs' amended complaint.

47. (sic) The defendant denies the allegations contained in paragraph 47 (sic) of the plaintiffs' amended complaint.

48. (sic) The defendant denies the allegations contained in paragraph 48 (sic) of the plaintiffs' amended complaint.

49. (sic) The defendant denies the allegations contained in paragraph 49 (sic) of the plaintiffs' amended complaint.

50. (sic) The defendant denies the allegations contained in paragraph 50 (sic) of the plaintiffs' amended complaint.

51. (sic) The defendant denies the allegations contained in paragraph 51 (sic) of the plaintiffs' amended complaint.

## COUNT III

### SUZANNE GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., AND KYOCERA INDUSTRIAL CERAMICS CORP.

### FAILURE TO WARN

52. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 51 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

53. (sic) The defendant denies the allegations contained in paragraph 53 (sic) of the plaintiffs' amended complaint as currently phrased.

54. (sic) The defendant denies the allegations contained in paragraph 54 (sic) of the plaintiffs' amended complaint as currently phrased.

55. (sic) The defendant denies the allegations contained in paragraph 55 (sic) of the plaintiffs' amended complaint.

56. (sic) The defendant denies the allegations contained in paragraph 56 (sic) of the plaintiffs' amended complaint.

## COUNT IV

### SUZANNE GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., AND KYOCERA INDUSTRIAL CERAMICS CORP.

### STRICT LIABILITY FOR ULTRAHAZARDOUS AND/OR ABNORMALLY DANGEROUS ACTIVITIES

57. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 56 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

58. (sic) The defendant denies the allegations contained in paragraph 58 (sic) of the plaintiffs' amended complaint.

59. (sic) The defendant denies the allegations contained in paragraph 59 (sic) of the plaintiffs' amended complaint.

## COUNT V

### SUZANNE GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., AND KYOCERA INDUSTRIAL CERAMICS CORP.

### BREACH OF CONSUMER PROTECTION STATUTE

60. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 59 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

61. (sic) The defendant denies the allegations contained in paragraph 61 (sic) of the plaintiffs' amended complaint as currently phrased.

62. (sic) The defendant denies the allegations contained in paragraph 62 (sic) of the plaintiffs' amended complaint.

8

63. (sic) The defendant denies the allegations contained in paragraph 63 (sic) of the plaintiffs' amended complaint.

64. (sic) The defendant denies the allegations contained in paragraph 64 (sic) of the plaintiffs' amended complaint.

## COUNT VI

**BARRY GENEREUX and SUZANNE GENEREUX, Individually and as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., and BRUSH WELLMAN CERAMIC PRODUCTS, INC.**

### FRAUDULENT CONCEALMENT OR NONDISCLOSURE

65. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 64 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

65-66. (sic) The allegations contained in paragraphs 65-66 (sic) of the plaintiffs' amended complaint are not directed at the defendant, American Beryllia Corp., and, therefore, do not require a response on its behalf. To the extent that any such allegations may be construed as allegations against the defendant, American Beryllia Corp., the defendant denies.

## COUNT VII

**BARRY GENEREUX and SUZANNE GENEREUX, Individually and as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., and BRUSH WELLMAN CERAMIC PRODUCTS, INC.**

### CONSPIRACY

67. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 66 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

9

68-74. (sic) The allegations contained in paragraphs 68-74 (sic) of the plaintiffs' amended complaint are not directed at the defendant, American Beryllia Corp., and, therefore, do not require a response on its behalf. To the extent that any such allegations may be construed as allegations against the defendant, American Beryllia Corp., the defendant denies.

## COUNT VIII

**BARRY GENEREUX and SUZANNE GENEREUX, Individually and as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY**

### MEDICAL MONITORING

75. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 74 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

76. (sic) The defendant denies the allegations contained in paragraph 76 (sic) of the plaintiffs' amended complaint as currently phrased.

77. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 77 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

78. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 78 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

79. (sic) The defendant denies the allegations contained in paragraph 79 (sic) of the plaintiffs' amended complaint as currently phrased.

80. (sic) The defendant denies the allegations contained in paragraph 80 (sic) of the plaintiffs' amended complaint.

81. (sic) The defendant admits the allegations contained in paragraph 81 (sic) of the plaintiffs' amended complaint.

82. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 82 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

83. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 83 (sic) of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

84. (sic) The defendant denies the allegations contained in paragraph 84 (sic) of the plaintiffs' amended complaint as currently phrased.

85. (sic) The defendant denies the allegations contained in paragraph 85 (sic) of the plaintiffs' amended complaint as currently phrased.

86. (sic) The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 86 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

87. (sic) The defendant denies the allegations contained in paragraph 87 (sic) of the plaintiffs' amended complaint.

88. (sic) The defendant denies the allegations contained in paragraph 88 (sic) of the plaintiffs' amended complaint as currently phrased.

89. (sic) The defendant denies the allegations contained in paragraph 89 (sic) of the plaintiffs' amended complaint.

90. (sic) The defendant denies the allegations contained in paragraph 90 (sic) of the plaintiffs' amended complaint.

## COUNT IX

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX, as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP.**

### NEGLIGENCE (LOSS OF CONSORTIUM)

91. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 90 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

92. (sic) The defendant denies the allegations contained in paragraph 92 (sic) of the plaintiffs' amended complaint.

## COUNT X

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX, as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP.**

### BREACH OF WARRANTY (LOSS OF CONSORTIUM)

93. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 92 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

94. (sic) The defendant denies the allegations contained in paragraph 94 (sic) of the plaintiffs' amended complaint.

## COUNT XI

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX, as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP.**

### FAILURE TO WARN (LOSS OF CONSORTIUM)

95. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 94 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

96. (sic) The defendant denies the allegations contained in paragraph 96 (sic) of the plaintiffs' amended complaint.

## COUNT XII

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX, as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP.**

### STRICT LIABILITY (LOSS OF CONSORTIUM)

97. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 96 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

98. (sic) The defendant denies the allegations contained in paragraph 98 (sic) of the plaintiffs' amended complaint.

## COUNT XIII

**BARRY GENEREUX, Individually, and SUZANNE GENEREUX and BARRY GENEREUX, as Parents and Natural Guardians of their Minor Children, ANGELA GENEREUX and KRISTA GENEREUX V. AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS, INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP.**

### BREACH OF CONSUMER PROTECTION STATUTE

99. (sic) The defendant restates, reasserts, and incorporates by reference its responses to paragraphs 1 through 98 (sic) of the plaintiffs' amended complaint as if specifically set forth herein.

100. (sic) The defendant denies the allegations contained in paragraph 100 (sic) of the plaintiffs' amended complaint.

101. (sic) The defendant denies the allegations contained in paragraph 101 (sic) of the plaintiffs' amended complaint.

102. (sic) The defendant denies the allegations contained in paragraph 102 (sic) of the plaintiffs' amended complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The cause of action mentioned in the complaint did not accrue within the time period limited by statute for commencement of this action.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate their damages, if any, in a reasonable manner.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to join indispensable and/or necessary parties to this lawsuit and they have failed to plead a reason for such non-joinder.

## FIFTH AFFIRMATIVE DEFENSE

The injury or damage alleged in the plaintiffs' complaint were caused in whole or in part by the violation of the plaintiffs, Suzanne Genereux and Barry Genereux, of the various statutes, ordinances, and regulations governing their conduct at the time of her alleged exposure.

## SIXTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Due notice was not given by the plaintiffs to the defendant as required by statute.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant says that the plaintiffs used the product in an unreasonable manner and that this conduct by the plaintiffs caused the plaintiffs' injuries.

## NINTH AFFIRMATIVE DEFENSE

If the plaintiffs, Suzanne and Barry Genereux, sustained injuries and damages as alleged, the same were the result of risk which the plaintiffs knowingly and voluntarily assumed and the plaintiffs are, therefore, barred by recovery.

## TENTH AFFIRMATIVE DEFENSE

The defendant says that if it and/or its agents or servants made any warranties, express or implied (which defendant specifically denies), then the plaintiffs did not rely on these warranties.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant denies that it, its agents, servants, and/or employees made any express or implied warranties to the plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant says that the injuries and damages alleged were caused in whole or in part by the plaintiffs' own negligence. The negligence of the plaintiffs was greater than the negligence, if any, of the defendant; wherefore, the plaintiffs are not entitled to recover.

## THIRTEENTH AFFIRMATIVE DEFENSE

The person who caused the alleged damages to the plaintiffs was not a person for whose conduct the defendant was responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the plaintiffs were caused, in part, by the plaintiffs' own negligence; the recovery of the plaintiff should be diminished accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states, upon information and belief, that General Ceramics, a/k/a National Beryllia, is bankrupt.

## SIXTEENTH AFFIRMATIVE DEFENSE

The defendant purchased certain assets from the estate of General Ceramics a/k/a National Beryllia Corp. free and clear of all liens, claims, encumbrances, claims, and adverse interests. The United States Bankruptcy Court, District of New Jersey, approved said asset purchase agreement on or about July 20, 2000.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant was not in existence at the time of the exposure alleged in the plaintiffs' complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to give instructions to plaintiff or to warn plaintiff of any hazards attendant to the contact with, use of, or exposure to its products, whether known or constructively known by defendant, because those hazards were known by the plaintiffs and/or other persons who controlled or supervised the plaintiffs in the course of or incidental to their employment.

## NINETEENTH AFFIRMATIVE DEFENSE

There is an absence of privity between defendant and plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant says that if it were liable, negligent, or in breach of warranty, all of which it expressly denies, the defendant's liability in any and all of those events has been terminated by the intervening acts, omissions, or negligence of others over whom the defendant had neither controlled, nor the right of control, and for whose conduct the defendant is not legally responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs have waived any and all claims which they seek to assert in this action and are estopped both to assert and to recover upon such claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded against this defendant for any of the alleged actions or omissions of any of this defendant's predecessors because there is not a sufficient degree of identity between this defendant and any of its predecessors to justify such an award.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to punitive, exemplary, or enhanced damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If it is proven that the products of defendant were furnished, as alleged, to plaintiffs' employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured, processed, or supplied which was or may have been so furnished and which was so used, was supplied in accordance with specifications established and promulgated by that employer, agencies, or departments of the United States of America, other persons and/or entities.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If it is determined that the plaintiffs used or were exposed to products, which products or components of those products were sold by or on behalf of the United States of America, then this defendant is entitled to any sovereign or governmental immunity available to the United States of America.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The defendant asserts that any sales of products made by it were made to sophisticated users of such products and that the sale to a sophisticated user of the products bars any claim of liability against this defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims for punitive damages are barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant states that some or all of the causes of action asserted by the plaintiffs may not be maintained because of discharge in bankruptcy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to comply with applicable statutes.

## THIRTIETH AFFIRMATIVE DEFENSE

The alleged injuries to the plaintiffs could not be reasonable anticipated.

18

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that exposure to its products did not substantially contribute to the damages, injuries, and/or diseases alleged by the plaintiffs.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent applicable, the defendant adopts and incorporates by reference all defenses which may have been or will be asserted by other defendants and/or third-party defendants in this action as if fully set forth at length herein as defenses to the plaintiffs' complaint. In addition, the defendant will rely upon any and all further defenses which become available or appear during discovery proceedings in this action and hereby, specifically, reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

## JURY DEMAND

The defendant, American Beryllia Corp., demands a trial by jury on all issues so triable.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

William F. Ahern, Jr.
55 Cambridge Parkway
Cambridge, MA 02142
B.B.O. No. 013365
(617) 494-1920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON 12/01/04