UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al.    )<br>                                    )<br>    Plaintiffs,         )<br>                                      )<br>v.                                       )<br>                                      )<br>American Beryllia Corp., et al.    )<br>                                      )<br>    Defendants.        ) | Case No. 04-CV-12137 JLT |

**PLAINTIFFS' OPPOSITION TO DEFENDANT BRUSH WELLMAN, INC.'S
MOTION TO DROP MISJOINED PARTIES**

Plaintiffs Suzanne Genereux, Barry Genereux, Angela Genereux, and Krista Genereux hereby submit their Opposition to Defendant Brush Wellman, Inc.'s Motion to Drop Misjoined Parties ("Motion to Drop"). As grounds for this opposition, the Plaintiffs submit that the Defendants Brush Wellman Ceramic Products, Inc. and Brush Wellman Ceramics, Inc. have been properly named as Defendants in this action.

**I.     FACTUAL BACKGROUND**

Plaintiffs' Amended Complaint and Jury Claim seeks damages against Defendants as a result of Plaintiffs' exposure to the use of products containing beryllium, which emitted toxic and hazardous beryllium dust and particulate matter at the Waltham, Massachusetts plant owned and operated by Defendant Raytheon Company ("Raytheon"). *See* Amended Complaint, at ¶¶ 1-21.

*<u>The Dangers of Exposure to Beryllium</u>*

Beryllium is an exceptionally hard metal that is used in commercial and military applications. Exposure to beryllium can cause Chronic Beryllium Disease ("CBD"), an irreversible, largely untreatable, chronic scarring of the lungs. *See* Amended Complaint, at ¶¶

22-26. CBD causes a painful, progressive decline in lung function leading to impairment, and often suffocation and death. *Id.* CBD has a slow, insidious onset, and a long latency period, *i.e.,* initial symptoms may not become manifest until thirty or forty years after exposure. *Id.* While there is presently no known cure for CBD, early detection allows for a range of treatments that can delay and diminish the debilitation caused by the disease. *Id.*

The beryllium products at issue in this case were processed and manufactured by the several defendants, including, but not limited to Brush Wellman Ceramics, Inc. and Brush Wellman Ceramic Products, Inc. *Id.*, at ¶¶ 3- 5, 11, 20-21.

### *The Parties*

The causes of action brought by Plaintiffs in this litigation are based upon exposure to respirable beryllium dust, fumes and particulate matter. Amended Complaint, at ¶¶ 17-18, 27-29. From 1982 through 1990, Plaintiff, Suzanne Genereux was employed by Raytheon and worked exclusively for Raytheon at its plant located at 190 Willow Street, Waltham, Massachusetts ("the Waltham plant"). During her employment, she performed operations, including, but not limited to, sandblasting, welding, filing and/or brazing of beryllium ceramics, beryllium copper and other beryllium-containing products, which activities produced respirable beryllium dust, fumes and particulate matter. *See* Amended Complaint, at ¶ 17. Plaintiff Suzanne Genereux's spouse, Barry Genereux, also worked at the Waltham plant. Neither minor Plaintiff ever worked at the Waltham plant but occasionally visited their father at the Waltham plant. *See* Amended Complaint, at ¶ 18.

During Plaintiff Suzanne Genereux's employment at the Waltham plant, she was exposed to unlawful, dangerous and unhealthy levels of beryllium dust, fumes and particulate, resulting in

serious and permanent injury described more particularly in the Amended Complaint. All of Plaintiffs' exposures to beryllium occurred as a direct and proximate result of contact with the beryllium-containing products distributed, sold, supplied and/or shipped by the manufacturing Defendants to Raytheon's Waltham plant. *See* Amended Complaint, at ¶¶27-28.

Plaintiff, Barry Genereux, has asserted claims against Brush Wellman, Inc. ("Brush"), Brush Wellman Ceramics Inc. ("Brush Ceramics") and Brush Wellman Ceramic Products Inc. ("Brush Ceramic Products") for his exposure to respirable beryllium at the plant, as well as that brought home to the Genereux residence by Suzanne Genereux upon her clothing and person as a result of her employment at the plant, and minor Plaintiffs Angela Genereux and Krista Genereux have asserted claims against all Defendants herein for their exposure to respirable beryllium brought home to the Genereux residence by Barry Genereux upon his clothing and person as a result of his employment at the Waltham plant. *See* Amended Complaint, at ¶29.

Defendant Brush Ceramics is a Massachusetts corporation and is the wholly owned subsidiary of Defendant Brush.[1] Its principal address in Massachusetts and address for service of process is Newburyport Industrial Park, 22 Graf Road, Newburyport, Massachusetts. Brush Ceramics also maintains an address for service of process c/o CT Corporation System, 101 Federal Street, Boston, Massachusetts. *See* Amended Complaint, at ¶4. Defendant Brush Ceramic Products is a Massachusetts corporation and is the wholly owned subsidiary of Brush.

---

[1] Defendant Brush Wellman, Inc. ("Brush") is an Ohio corporation with its principal office and corporate headquarters located at 17876 St. Clair Avenue, Cleveland, Ohio. At all times relevant hereto, Brush regularly conducted business in Massachusetts on its own and through its wholly owned subsidiaries, Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. located at Newburyport Industrial Park, 22 Graf Road, Newburyport, Massachusetts. Brush maintains an agent for acceptance of service in Massachusetts located at that address and/or c/o CT Corporation System, 101 Federal Street, Boston, Massachusetts.

Its principal address in Massachusetts and address for service of process is Newburyport Industrial Park, 22 Graf Road, Newburyport, Massachusetts. *See* Amended Complaint, at ¶5.

Brush, itself and through its subsidiaries, including Brush Ceramic Products and Brush Ceramics, is one of the world's largest manufacturers of beryllium-containing products, and by and through its many subsidiaries, operates manufacturing and other facilities throughout the world, including locations in Cleveland, Ohio; Delta, Utah; Tucson, Arizona; Newburyport, Massachusetts; Shoemakersville, Pennsylvania; Fairfield, New Jersey; Elmore, Ohio; California; Florida; Japan; the United Kingdom; Singapore, Taiwan, and South Korea. *See* Amended Complaint, at ¶11.

## II.    ARGUMENT

Brush's Motion to Drop is, at best, premature, and should be denied. Rule 18(a) authorizes a plaintiff to "join, either as independent or as alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). This authorization is subject only to the usual requirements of jurisdiction and venue (none of which are implicated here) and the district court's discretionary power to "direct an appropriate procedure for trying the claims." *Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 68-72 (3d Cir.1971). "Given Rule 18(a)'s broad expanse, misjoinder of claims has become an anachronism in federal civil practice." *Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389 (1st Cir. 1999); *see also* 6A 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1443 (2d ed.1990), § 1582 (suggesting that, under Rule 18(a), there no longer "can be [a] misjoinder of claims").

Plaintiffs joined Brush Ceramics and Brush Ceramic Products based upon information and belief regarding their involvement in causing Plaintiffs' injuries. The allegations against Brush Ceramics and Brush Ceramic Products comply with Federal Rule of Civil Procedure 8, in that they set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(b). At this early stage in the litigation, the Plaintiffs are entitled to all reasonable inferences from the allegations set forth in the Amended Complaint. *See Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 78 (1st Cir. 2002). The Court should not decide whether Plaintiffs ultimately will prevail but, rather, whether they are entitled to undertake discovery in furtherance of the pleaded claim. *See Rodi v. Southern New England School of Law*, 389 F.3d 5 (1st Cir. 2004). As the allegations of the Amended Complaint properly state claims against the Defendants, this Court should deny Brush's Motion to Drop and allow discovery to proceed.

The Amended Complaint alleges that Defendant Brush Ceramics is a Massachusetts corporation and is the wholly owned subsidiary of Defendant Brush, with a principal address in Massachusetts Park, 22 Graf Road, Newburyport, Massachusetts, as well as an address for service of process c/o CT Corporation System, 101 Federal Street, Boston, Massachusetts. *See* Amended Complaint, at ¶4. Documents obtained from the database of the Secretary of the Commonwealth reveal that Brush Ceramics operated from May 21, 1981 through November 12, 1981. *See* Corporate Search Materials for Brush Ceramics, attached hereto as Exhibit "A". These same documents identify Brush Ceramics as a "For Profit" "Manufacturer". *Id*.

Brush Ceramic Products is a Massachusetts corporation and is the wholly owned subsidiary of Brush. Its principal address in Massachusetts and address for service of process is Newburyport Industrial Park, 22 Graf Road, Newburyport, Massachusetts. *See* Amended

5

Complaint, at ¶5. Documents obtained from the database of the Secretary of the Commonwealth reveal that Brush Ceramic Products originated in 1971 and continues as a going concern to this day. *See* Corporate Search Materials for Brush Ceramic Products, attached hereto as Exhibit "B". These same documents identify Brush Ceramic Products as a "For Profit" "Manufacturer". *Id*.

As set forth in the Amended Complaint, both Brush Ceramics and Brush Ceramic Products distributed, sold, supplied, and/or shipped beryllium containing products to the Waltham plant. *See* Amended Complaint, at ¶21. Although Brush Ceramics ceased operations in late 1981, it is more than likely that beryllium-containing materials distributed, sold, supplied, and/or shipped by Brush Ceramics to the Waltham plant remained in use at the plant long after Brush Ceramics ceased operations; and were used by, and caused injury to, Plaintiff Suzanne Genereux when she began work at the Waltham plant in 1982. Until such time that discovery reveals that Brush Ceramics did **not** supply beryllium products to the Waltham plant, Plaintiffs are entitled to the reasonable inference that Brush Ceramics products were in use at Waltham. *See Aldridge*, 284 F.3d at 78 (the Court must draw all reasonable inferences from the allegations set forth in the complaint in the Plaintiff's favor).

Similarly, as set forth in the Amended Complaint, Brush Ceramic Products, which remains a going concern today (see Exhibit B), also distributed, sold, supplied, and/or shipped beryllium containing products to the Waltham plant, which products caused injuries to Plaintiffs. *See* Amended Complaint, at ¶¶21, 27-28. These allegations satisfy Rule 8's pleading requirements, and clearly set forth a cause of action against both Brush Ceramic Products and Brush Ceramics. *See* Fed. R. Civ. P. 8; *Aldridge*, 284 F.3d at 78.

If, through the discovery process, evidence is produced establishing that Brush Ceramics and Brush Ceramic Products were not in any way responsible for Plaintiffs' injuries, Plaintiffs will voluntarily dismiss those Defendants from this action. However, until such time, viewing all reasonable inferences in Plaintiffs' favor, it would be premature and contrary to the applicable procedural rules and legal principles to drop Brush Ceramics and Brush Ceramic Products from the case.

### III.  CONCLUSION

For the foregoing reasons, this Court should deny Defendant Brush Wellman's Motion to Drop.

Respectfully submitted, this 22nd day of December, 2004.

**MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

*/s/ Leo V. Boyle*

_____
Leo V. Boyle (B.B.O. 052700)
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617.523.8300

OF COUNSEL (motions for admission *pro hac vice* pending):

**GOLOMB & HONIK, P.C.**
Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street
Ninth Floor
Philadelphia, PA 19107

### CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on December 22, 2004, I served the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT BRUSH WELLMAN, INC.'S

MOTION TO DROP MISJOINED PARTIES by electronic filing and by mailing an exact copy thereof, postage prepaid to all counsel of record as set forth above.

*/s/ Bradley M. Henry*

Bradley M. Henry