UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX,<br><br>             Plaintiffs,<br><br>    v.<br><br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY,<br><br>             Defendants. | Case No. 04-CV-12137 JLT |

## REPLY MEMORANDUM OF DEFENDANTS KYOCERA AMERICA, INC. AND KYOCERA INDUSTRIAL CERAMICS CORP. IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT OR FOR SUMMARY JUDGMENT

The Defendants Kyocera America, Inc., and Kyocera Industrial Ceramics Corp., ("Kyocera") submit this Reply Memorandum in response to Plaintiffs' Opposition to Motion of Kyocera to Dismiss Amended Complaint or for Summary Judgment ("Opposition"). In support of its motion to dismiss Counts IV, V, and VIII of Plaintiffs' Amended Complaint, Kyocera relies on the arguments and authorities set forth in the Reply of Defendants Brush Wellman Inc., Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

I.     **THE PLAINTIFFS FAILED TO DEMONSTRATE THE PRESENCE OF ANY
KYOCERA PRODUCT AT RAYTHEON'S WALTHAM PLANT OTHER
THAN THE SEMICONDUCTOR CHIP PACKAGES KYOCERA PRODUCED
FOR THE NAVY'S TRIDENT MISSILE PROGRAM.**

Plaintiffs' opposition to Kyocera's Motion to Dismiss Amended Complaint or for
Summary Judgment criticizes Kyocera for violating "the spirit if not the letter" of this
Court's Scheduling Order in this case.  Opposition p. 5.  The timing of this Motion is
appropriate, however, because no discovery is necessary to adjudicate whether
Plaintiffs worked with any Kyocera products.  It is the Plaintiffs' obligation to identify
the products with which they allegedly worked.  Plaintiffs should have known the basis
for their claims before filing suit.

The timing of Kyocera's motion is especially appropriate given that the explicit
rationale of the government contractor defense is to protect both the United States
government and by necessity its contractors from the financial burden of litigating
precisely this type of claim.  Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988).
Kyocera should not be kept in this case through protracted discovery when there is no
basis for Plaintiffs' claims against it.

A.     Plaintiffs have not Provided any Affidavits or other Evidence Showing the
Existence of a Kyocera Product at Raytheon's Waltham Plant other than the
Semiconductor Chip Packages Kyocera Produced for the Navy's Trident
Missile Program.

In support of its Motion to Dismiss or for Summary Judgment, Kyocera
submitted a sworn affidavit by a Kyocera employee with personal knowledge that the
only beryllium-containing products that Kyocera sold to Raytheon during the time of
Plaintiff Suzanne Genereux's employment were semiconductor chip packages produced

294477-2                                        2

to specification for the Navy's Trident missile program.  Affidavit of Kevin Gaughan,
paras. 2, 3.  This affidavit explained that the semiconductor chip packages, which
contained a beryllium oxide disk, were a finished product which were not to be ground,
dismantled, manipulated or otherwise further processed, and that if they had been so
processed they would no longer meet Navy specifications.  Affidavit of Kevin Gaughan,
paras. 4, 5.  In its Memorandum in support of its Motion, Kyocera demonstrated that
the manufacture of the semiconductor chip packages met the three-prong test laid out
by the Supreme Court in Boyle, 487 U.S. at 512-513.  Kyocera is therefore entitled to
immunity from Plaintiffs' suit under the government contractor defense.

     In their Opposition, Plaintiffs allege that in addition to the semiconductor chip
packages that Kyocera produced for the Trident missile program that could not be
reasonably expected to produce respirable beryllium, Kyocera "also supplied
beryllium-containing products used as high-voltage insulators that **did** produce
respirable beryllium dust and particles."  Opposition p. 4 (emphasis in original).
Plaintiffs' argument is a red herring.  Not only did they fail to produce a sworn affidavit
based on personal knowledge that sets forth the facts supporting this allegation, they
also failed to identify or seek leave of court to obtain any discovery that could save their
claims.  Fed. R. Civ. P. 56(e).[1]  Instead, Plaintiffs assert that an unidentified former
Raytheon employee has knowledge of these products because in conjunction with his
work duties, which did not relate to the Trident program or semiconductor chip

---

[1] Plaintiffs stated that they do not include an affidavit from the employee because "a confidentiality agreement may apply to areas about which this likely deponent may testify" (emphasis supplied).

packages, he "recalled" seeing Kyocera packaging and materials.  Opposition p. 5.

Even if this statement was true and given under oath, which it was not, it bears no

rational relationship to Plaintiffs' claims.  Nowhere do Plaintiffs contend that the

mystery witness worked for Raytheon during the same time period as Plaintiffs, in the

same areas as Plaintiffs, or on the same projects as Plaintiffs.  Even more significantly,

Plaintiffs are apparently unable to attest that they worked with Kyocera products.

Notably missing are affidavits from Plaintiffs Suzanne and Barry Genereux attesting

that they recall working with *any* Kyocera products.

In short, Plaintiffs failed to present any evidence that Kyocera supplied

beryllium containing products outside of the Trident missile programs.  Celotex Corp.

v. Catrett, 477 U.S. 317, 324 (1986).  To defeat summary judgment, Plaintiffs were

required to present competent evidence in the form of a sworn affidavit based on

personal knowledge[2] and must necessarily go beyond the pleadings.  Id.  The Plaintiffs'

mere reference to the possibility of a witness who may testify to the existence of

products other than those identified by Kyocera fails to demonstrate a material issue for

trial.  Id.; Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).

B.  Plaintiffs did not Produce their own Statement of Material Facts Pursuant to
    Local R. Civ. P. 56.1, and therefore Kyocera's Statement should be Accepted
    as True as Matter of Law.

Plaintiffs failed to produce their own concise statement of material facts of record

as to which it is contended that there exists a genuine issue to be tried as required by

---

[2] Fed. R. Civ. P. 56(e) identifies the standards for filing affidavits in support of or in opposition to motions
for summary judgment.

Local R. Civ. P. 56.1.  Accordingly, the facts set forth in Kyocera's statement of

uncontested facts should be deemed admitted by the Plaintiffs.  Local R. Civ. P. 56.1;

Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir., 1996); LaValley v.

Quebecor World Book Servs. LLC, 315 F. Supp. 2d 136, 141 (D. Mass., 2004).  These

facts, located in Kyocera's Motion to Dismiss Plaintiffs' Amended Complaint or for

Summary Judgment, include that the only Kyocera products sold to Raytheon during

the time of Plaintiff Suzanne Genereux's employment were semiconductor chip

packages produced to specification for the Navy's Trident missile program, that the

Navy reviewed and approved the exact design and production of the semiconductor

chip packages, and that semiconductor chip packages were a finished product

containing a beryllium disk that was not to be dismantled, manipulated or grinded, or

the product would longer meet Navy specifications.  Motion of Defendants Kyocera

America, Inc. and Kyocera Industrial Ceramics Corp. to Dismiss Amended Complaint

or for Summary Judgment, pgs. 2-4.

    C.  Plaintiffs' Failure to Contest Kyocera's Statement of Undisputed Facts in Accordance with Local Rule 56.1 or to File an Affidavit Pursuant to Fed. R. Civ. P. 56(f) Entitles Kyocera to Summary Judgment.

Pursuant to Fed. R. Civ. P. 56(e), when a motion for summary judgment is made

and supported, an adverse party may not rest upon the mere allegations or denials of its

pleading.  Rather, its response "must set forth specific facts showing that there is a

genuine issue for trial."  Fed. R. Civ. P. 56(e).  In other words, once the party moving for

summary judgment has met its burden, the non-moving party must "go beyond the

pleadings, and by [its] own affidavits, or by the depositions, answers to interrogatories,

and admissions on file, designate specific facts showing there is a material issue for trial." Celotex, 477 U.S. at 324. When, as here, the moving defendant has suggested that competent evidence to prove the case is lacking, it is the burden of the nonmoving plaintiff to "present definite, competent evidence to rebut the motion." Mesnick, 950 F.2d at 822. This evidence "cannot be conjectural or problematic; it must have substance…" Id., quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir., 1989).

Plaintiffs' failure to present definite, competent evidence that Kyocera supplied products beyond the scope of the Trident missile program to Raytheon results in their failure to carry their burden of rebuttal to Kyocera's motion. Id. Plaintiffs have not sought additional time pursuant to Fed. R. Civ. P. 56(f), in the form of an affidavit submitted to this Court, explaining the reasons that specific facts about the alleged Kyocera high-voltage insulators an unidentified witness believes he recalls are unavailable. Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198 (1st Cir., 1994).[3] Plaintiffs' failure to comply with Fed. R. Civ. P. 56(e) by offering specific evidence of a product that Kyocera supplied to Raytheon's Waltham plant other than the semiconductor chip packages it produced for the Navy's Trident missile program, together with their lack of a request for specific, identified discovery pursuant to Fed. R. Civ. P. 56(f), entitles Kyocera summary judgment.

---

[3] Plaintiffs' argument that Kyocera's Motion is premature disregards Fed. R. Civ. P. 56(f) which provides the mechanism to address a motion for summary judgment where facts essential to their opposition could not be obtained.

II.    **THE UNCONSTESTED FACTS DEMONSTRATE THAT KYOCERA IS ENTITLED TO IMMUNITY UNDER THE GOVERNMENT CONTRACTOR DEFENSE.**

Because the plaintiffs have failed to demonstrate that Kyocera supplied any product to Raytheon's Waltham plant other than the semiconductor chip packages it produced for the Navy's Trident missile program, Kyocera has satisfied its burden that it is entitled to summary judgment under the government contractor defense. Boyle v. United Techs. Corp., 487 U.S. 500, 512-513 (1988).

A.    The Uncontested Facts Show that Kyocera did not have a Duty to Warn the Plaintiffs.

Plaintiffs allege in their Amended Complaint that Defendants knew or should have known that Raytheon employees would be exposed to beryllium fumes, particulate and dust, and therefore had a duty to warn users such as the Plaintiffs of the health hazards relating to these fumes, particulate and dust. Amended Complaint para. 53. Plaintiffs' Opposition largely focuses on this claim of their Amended Complaint.

Under Massachusetts law, a manufacturer of a product owes a duty to exercise reasonable care to prevent injury to those persons who it is foreseeable will come in contact with, and consequently be endangered by, that product. H.P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 75 (1976). A manufacturer has no duty to warn users of a possible risk that is not associated with a foreseeable use or misuse of the product. Mitchell v. Sky Climber, Inc., 396 Mass. 629, 632 (1986). In other words, the duty to warn rests only on a manufacturer if it has some reason to suppose a warning is needed. Schaeffer v. General Motors Corp., 372 Mass. 171, 174 (1977).

As the undisputed facts show, the semiconductor chip packages produced by Kyocera for the Navy's Trident missile program were a finished product containing a beryllium disk that was not to be dismantled, manipulated or grinded, or the product would longer meet Navy specifications. Affidavit of Kevin Gaughan, paras. 5, 6; Motion of Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp. to Dismiss Amended Complaint or for Summary Judgment, pgs. 2-4. Consequently, Kyocera could not have foreseen that a Raytheon employee would be exposed to any beryllium fumes, particulate or dust from the semiconductor chip packages. See Affidavit of Kevin Gaughan, paras. 5, 6. Kyocera, knowing the beryllium disk was contained in the semiconductor chip packages and having no reason to foresee that any Raytheon employee would grind, manipulate or even remove from the package the beryllium disk, did not have any reason "to suppose a warning [to Plaintiffs' was] needed." Schaeffer, 372 Mass. at 174. Therefore, Plaintiffs' claim that Kyocera breached a duty to warn Raytheon employees of dangers relating to the semiconductor chip packages is wholly unsupported by the uncontested facts. Plaintiffs' failure to make a showing sufficient to establish the existence of an essential element to their failure to warn claim entitles Kyocera summary judgment. Celotex, 477 U.S. at 322.

B. The Uncontested Facts Show that Kyocera is Entitled to Immunity under the Government Contractor Defense.

Kyocera has demonstrated its entitlement to immunity under the government contractor defense in its Motion to Dismiss Plaintiffs' Amended Complaint or for Summary Judgment, the Affidavit of Kevin Gaughan and its Memorandum in Support

294477-2                                           8

of its Motion.  Specifically, Kyocera demonstrated that it satisfied the three-prong test

laid out by the Supreme Court in <u>Boyle</u> because the semiconductor chip packages were

manufactured in accordance with precise Navy specifications, conformed to these

specifications, and Kyocera did not withhold any information from the government of

any foreseeable hazards relating to the semiconductor chip packages.  487 U.S. at 512;

Memorandum of Law of Defendants Kyocera America, Inc. and Kyocera Industrial

Ceramics Corp. in Support of their Motion to Dismiss Plaintiffs' Complaint or for

Summary Judgment, pgs. 4-6.

Plaintiffs' Opposition is noteworthy for its failure to contest facts central to

Kyocera's assertion of the government contractor defense.  Specifically, Plaintiffs do not

identify any specific facts contesting that the semiconductor chip packages were

manufactured in accordance with precise Navy specifications and conformed to these

specifications.  Furthermore, Plaintiffs offer no evidence that Kyocera employees

ground, manipulated or even removed from the semiconductor chip packages the

beryllium disk.[4]  This failure entitles Kyocera to summary judgment.  <u>Celotex</u>, 477 U.S.

at 322; <u>Blackie v. Maine</u>, 75 F.3d 716, 721 (1st Cir. 1996) (holding that once the party

seeking summary judgment makes a preliminary showing that no genuine issue of

material fact exists, the nonmovant must contradict the showing by pointing to specific

facts demonstrating that there is, indeed, a trialworthy issue).

---

[4] Plaintiffs themselves state that the unidentified former Raytheon employee that recalled seeing Kyocera
packaging and materials relating to work with high-voltage insulators never worked on any projects
and/or components relating to the Trident I and Trident II missile programs, nor did any work relating
to semiconductor chip packages for missile guidance systems.  Opposition p. 5.

## <u>CONCLUSION</u>

Fed. R. Civ. P. 56(e) instructs that a party opposing summary judgment must not rest upon the mere allegations or denials of its pleading, but must set forth specific facts showing a genuine issue for trial.  In their Opposition, Plaintiffs fail to present an affidavit or other specific evidence to show that there were any Kyocera products at Raytheon's Waltham plant other than the semiconductor chip packages Kyocera produced for the Navy's Trident missile program.  Plaintiffs do not even submit their own statement of material facts pursuant to Local R. Civ. P. 56.1.

In addition, Plaintiffs fail to demonstrate that Kyocera had a duty to warn the Plaintiffs of any dangers relating to the semiconductor chip packages, and fail to produce any specific facts that rebut Kyocera's entitlement to immunity under the government contractor defense.  Accordingly, Kyocera is entitled to summary judgment.

Respectfully Submitted,

Defendants Kyocera America, Inc., and
Kyocera Industrial Ceramics Corp.

By their Attorney,

/s/ John C. Wyman

_____
John C. Wyman (BBO #535620)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, Massachusetts  02110
(617) 457-4000

Dated:  January 14, 2005

294477-2                                        10