UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-cv-12137 JLT |
| ) | |
| American Beryllia Corp., et al. ) | |
| ) | |
| Defendants. ) | |

**REPLY OF DEFENDANT BRUSH WELLMAN INC. TO PLAINTIFFS' OPPOSITION TO MOTION TO DROP MISJOINED PARTIES**

Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. do not exist, and have not existed since 1981. Their successor is defendant Brush Wellman Inc. "It seldom happens that a plaintiff wants to proceed against an entity which has transferred all of its assets and liabilities to a successor that is ready and willing to step up to the plate." Strotek Corp. v. Air Transport Ass'n, 300 F.3d 1129, 1131 (9th Cir. 2002). But that has happened here, apparently because plaintiffs are bent on alleging some kind of "conspiracy," and need coconspirators to do that.[1]

Plaintiffs' opposition merely restates the allegations contained in the Amended Complaint, and relies on irrelevant law that relates to misjoined <u>claims</u>, not misjoined <u>parties</u>. There is no basis for naming these former subsidiaries of Brush Wellman.

---

[1] The original Complaint alleged a conspiracy between Cabot Corp. and Brush Wellman Inc. The Amended Complaint dropped Cabot altogether and substituted for it the two former Brush Wellman subsidiaries, alleging exactly the same conspiracy, but among different actors.

CLI-1260793v1
190170 - 011223

I. **Defendants' Motion is Not Premature and Should Be Granted.**

Plaintiffs incorrectly argue that the motion to drop defendants Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. is premature. Rule 21 gives great discretion to the Court to drop misjoined parties "<u>at any stage</u> of the action and on such terms as are just." Fed. R. Civ. P. 21. "Not only can a Rule 21 motion be brought pre-answer like a Rule 12(b) motion but such a motion can also be treated like a Rule 12(b) motion." In re Epps, 110 B.R. 691, 701 (E.D. Pa. 1990). In reviewing a Rule 21 motion, the Court is not limited to the pleadings, but can "look to documents attached to the parties' briefs" to determine whether the parties are properly joined. Id.

Plaintiffs contend that they "joined Brush Ceramics and Brush Ceramic Products based upon information and belief regarding their involvement in causing Plaintiffs' injuries." (Pls. Opp. at 5.) They present no "information" to the Court, however. There are no facts at all in the complaint, or in plaintiffs' opposition, about the conduct of either of these former entities -- only generalized allegations about the "defendants" (which, in the original Complaint, meant Cabot Corp. and Brush Wellman).

Plaintiffs only attach a few pages from the website of the Secretary of the Commonwealth. (Pls. Opp. at 6-7.) These attachments are incomplete. Plaintiffs do not show the Court the page from that website reflecting that Brush Wellman Ceramic Products Inc. has not filed an annual report or any other document since 1981, when it was liquidated. (Supplemental Affidavit of Michael Hasychak ¶ 4 & Exhibit C) (attached hereto). Nor do they come forward with any evidence to rebut defendants' plain showing that Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. no longer exist.

To eliminate any doubt, defendants have added to the record a federal tax form and board resolutions from 1981 confirming these simple facts. (Supplemental Affidavit of Michael Hasychak ¶¶ 2-3.)

These nonexistent defendants are obviously without authority or power to provide plaintiffs with relief. "[W]here certain defendants are clearly without authority or power to effect any of the relief sought by the plaintiffs, a motion to drop those defendants may properly be granted." Hispanic Coalition on Reapportionment v. Legislative Reapportionment Comm'n, 536 F.Supp. 578, 584 (D. Pa. 1982), aff'd, 459 U.S. 801.

II. **Plaintiffs are not Entitled to Any Discovery Related to their Purported Claims Against Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc.**

Plaintiffs have no basis for alleging that either Brush Wellman Ceramics Inc. or Brush Wellman Ceramic Products Inc. caused or contributed to plaintiffs' injuries. Yet, "through the discovery process," plaintiffs seek to put the burden on Brush Wellman to produce evidence "establishing that [Brush Wellman Ceramics Inc.] and [Brush Wellman Ceramic Products Inc.] were not in any way responsible for Plaintiffs' injuries." (Pls. Opp. at 7.)

This is backwards. "Parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir.1988) (emphasis added); See also Hoffman v. Reali, 973 F.2d 980, 987 (1st Cir. 1992). Plaintiffs have not made such a showing, and cannot. They simply have no basis for asserting that Brush Wellman Ceramics Inc. or Brush Wellman Ceramic Products Inc. did anything that was responsible for plaintiff's alleged injuries. (Indeed, both merged into Brush Wellman Inc. prior to Suzanne Genereux's employment with Raytheon.) Even if they did, liability would fall exclusively on the successor to these entities, Brush Wellman Inc., as a matter of law. There is

accordingly no need for, or purpose to, discovery. The uncontested facts already of record more than adequately establish that this motion should be granted.

III. **Conclusion**

For the foregoing reasons, and for the reasons set forth in the motion to drop misjoined parties, the Court should drop defendants Brush Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. from this litigation.

Dated: January 14, 2005

Respectfully submitted,

By: _____
Alan M. Spiro
Federal Bar No. 475650
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
Tel:  (617) 951-2204
Fax:  (617) 439-4170

Jeffery D. Ubersax
Jones Day
North Point
901 Lakeside Ave.
Cleveland, Ohio 44114-1190
Tel:  (216) 586-3939
Fax:  (216) 579-0212

Attorneys for Defendant Brush Wellman Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January 2005, a true and correct copy of the foregoing REPLY OF DEFENDANT BRUSH WELLMAN INC. TO PLAINTIFFS' OPPOSITION TO MOTION TO DROP MISJOINED PARTIES was served via U.S. mail, first class postage prepaid, upon all counsel of record, as set forth below.

_____
Alan M. Spiro
Attorney for Brush Wellman Inc.,
Brush Wellman Ceramics Inc. and
Brush Wellman Ceramic Products Inc.

Leo V. Boyle, Esq.
Bradley M. Henry, Esq.
Meehan, Boyle, Black & Fitzgerald, PC
Two Center Plaza
Suite 600
Boston, MA 02108
617-523-8300

Ruben Honik, Esq.
Sherrie J. Cohen, Esq.
Stephen Matanovic, Esq.
Golomb & Honik, P.C.
121 S. Broad Street
9th Floor
Philadelphia, PA 19107
215-985-9177

Attorneys for Plaintiffs

Ronald M. Jacobs, Esq.
James F. Kavanaugh, Jr., Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square,
4th Floor
Boston, MA 02109
617-482-8200

Attorneys for Defendant Raytheon Co.

John C. Wyman
Murtha Cullina, LLP
20th Floor
99 High Street
Boston, MA 02110-2320
617-457-4041

Attorney for Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.

Robert P. Sharon, Esq.
Robert P. Sharon P.C.
225 Broadway
Suite 2600
New York, New York 10007
212-227-5550

William F. Ahern, Esq.
Clark, Hunt and Embry
55 Cambridge Parkway
Cambridge, MA 02142
617-494-1920

Attorneys for Defendant American
Beryllia Corp.

Jeffery D. Ubersax, Esq.
Timothy Hudson, Esq.
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190
216-586-7112

Attorneys for Brush Wellman Inc.,
Brush Wellman Ceramics Inc. and
Brush Wellman Ceramic Products Inc.

Robert M. A. Nadeau
Nadeau & Associates, PA
1332 Post Road, Suite 4A
Wells, Maine 04090
207-324-3500

Attorney for Defendant Hardric Laboratories, Inc.

CLI-1260793v1
190170 - 011223

-2-