# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al.<br><br>Plaintiff,<br><br>v.<br><br>American Beryllia Corp., et al.<br><br>Defendant. | Case No. 04-CV-12137 JLT |

## SUPPLEMENTAL AFFIDAVIT OF MICHAEL C. HASYCHAK

Michael C. Hasychak, being first duly sworn, states as follows:

1. This supplements my Affidavit of November 9, 2004, submitted in support of Brush Wellman Inc's Motion to Drop Misjoined Parties.

2. In paragraph 3 of my original Affidavit, I stated that Brush Wellman Ceramic Products Inc. had been liquidated into Brush Wellman Inc. on September 30, 1981. Attached as Exhibit A is a copy of a federal tax form (Form 966) that Brush Wellman Ceramic Products Inc. filed in 1981 confirming that liquidation.

3. Attached as Exhibit B is a copy of resolutions adopted by the Board of Directors of Brush Wellman Ceramic Products Inc. at a meeting held on September 22, 1981. The directors of the company resolved on that date to enter into an Agreement of Merger and Plan of Complete Liquidation with Brush Wellman Inc. ("the Agreement"). They further resolved that the Agreement "shall be deemed as a Plan of Complete Liquidation of the Corporation within the meaning of Section 332 of the Internal Revenue Code of 1954, as amended, and that such plan shall be consummated not later than September 30, 1981."

4.     The plan was in fact consummated on that date, and, as stated in my original Affidavit, there has accordingly been no active company named Brush Wellman Ceramic Products, Inc. since September 30, 1981. Although the records on the website of the Massachusetts Secretary of State do not reflect the date of liquidation, they do show (on the page attached as Exhibit C) that the company has filed no annual reports or other documents since 1981.

*[signature]*
Michael C. Hasychak

Subscribed and sworn before
me this 7th day of January, 2005

*[signature]*
Notary Public

Susan M. Zacher
Notary Public Sate Of Ohio
My Commission Expires Jan 24, 2009
Recorded in Lake County

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 1/14/05

- 2 -

CLI-1261809v1

# EXHIBIT A

**Form 966**
(Rev. Feb. 1978)
Department of the Treasury
Internal Revenue Service

**Corporate Dissolution or Liquidation**
(Required under Section 6043(a) of the Internal Revenue Code)

| Field | Value |
|---|---|
| Name of corporation | Brush Wellman Ceramic Products Inc. |
| Employer identification number | 04-2478994 |
| Address (Number and street) | Newburyport Industrial Park |
| City or town, State and ZIP code | Newburyport, Massachusetts 01950 |
| Check type of return | ☒ 1120 |
| 1 Date incorporated | 3/10/71 |
| 2 Place incorporated | Massachusetts |
| 3 Type of liquidation | ☒ Complete ☐ Partial |
| 4 Internal Revenue Service Center where last income tax return was filed and taxable year covered thereby | Andover, Massachusetts — Month 12, Year 81 |
| 5 Date of adoption of resolution or plan of dissolution, or complete or partial liquidation | September 22, 1981 |
| 6 Taxable year of final return | Month 12, Year 81 |
| 7 Was final return filed with a parent corporation (consolidated return)? | ☒ Yes ☐ No |
| Name of parent corporation | Brush Wellman Inc. |
| Employer identification number | 34-0119320 |
| IRS Center where consolidated return was filed | Cincinnati, Ohio 45999 |
| 8 Total number of shares outstanding at time of adoption of plan or liquidation — Common | 100 |
| Preferred | None |
| Dates of any amendments to plan of dissolution | None |
| 9 Section of the Code under which the corporation is to be dissolved or liquidated | 332 |
| 10 If this return is in respect of an amendment... | N/A |

**Liquidation Within One Calendar Month.** — If the corporation is a domestic corporation, and the plan of liquidation provides for a distribution in complete cancellation or redemption of all the capital stock of the corporation and for the transfer of all the property of the corporation under the liquidation entirely within one calendar month pursuant to section 333, and any shareholder claims the benefit of such section, then the corporation must also submit:
(a) A description of the voting power of each class of stock;
(b) A list of all the shareholders owning stock at the time of the adoption of the plan of liquidation, together with the number of shares of each class of stock owned by each shareholder, the certificate numbers thereof, and the total number of votes to which entitled on the adoption of the plan of liquidation;

(c) A list of all corporate shareholders as of January 1, 1954, together with the number of shares of each class of stock owned by each such shareholder, the certificate numbers thereof, the total number of votes to which entitled on the adoption of the plan of liquidation, and a statement of all changes in ownership of stock by corporate shareholders between January 1, 1954, and the date of the adoption of the plan of liquidation, both dates inclusive; and

(d) A computation as described in section 1.6043–2(b) (following the format in Revenue Procedure 75–17, 1975–1 C.B. 677) of accumulated earnings and profits including all items of income and expense accrued up to the date on which the transfer of all property is completed.

Attach a certified copy of the resolution or plan, together with all amendments or supplements not previously filed.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete.

Date: 9/22/81    Signature of officer: [signature]    Title: Vice President

## Instructions

**1. Who must file.** — This form must be filed by every corporation that is to be dissolved or whose stock is to be liquidated in whole or in part. Exempt organizations are not required to file Form 966. These organizations should see the instructions for Form 990 or 990–PF.

Shareholders electing to be covered under section 333 of the Code must also file Form 964 within 30 days after the date of adoption of the plan of liquidation.

**2. When to file.** — This form must be filed within 30 days after the adoption of the resolution or plan for or in respect of the dissolution of a corporation or the liquidation in whole or in part of its capital stock. If after the filing of a Form 966 there is an amendment or supplement to the resolution or plan, an additional Form 966 based on the resolution or plan as amended or supplemented must be filed within 30 days after the adoption of such amendment or supplement. A return in respect of an amendment or supplement will be deemed sufficient if it gives the date the prior return was filed and contains a certified copy of such amendment or supplement and all other information required by the form which was not given in such prior return.

**3. Where to file.** — This form must be filed with the Internal Revenue Service Center with which the corporation is required to file its income tax return.

**4. Signature.** — The return must be signed either by the president, vice president, treasurer, assistant treasurer or chief accounting officer, or by any other corporate officer (such as the tax officer) who is authorized to sign. A receiver, trustee, or assignee must sign any return which is required to be filed on behalf of the corporation.

263-237-1    ☆ U.S. GOVERNMENT PRINTING OFFICE : 1978—O—263-237    Form 966 (Rev. 2–)

# EXHIBIT B

BRUSH WELLMAN CERAMIC PRODUCTS INC.

Certificate of the Clerk

I, C. G. Waite, a Vice President and the Clerk of Brush Wellman Ceramic Products Inc. (the "Corporation"), DO HEREBY CERTIFY that:

attached hereto as Exhibit A is a true, correct and complete copy of resolutions duly adopted by the Board of Directors of the Corporation at a special meeting held on September 22, 1981 and such resolutions have not been amended and are in full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand this 22nd day of September, 1981.

_____
C. G. Waite, Vice President
and Clerk

RESOLVED, that the Director of the Corporation, on behalf of the Corporation, as a party to the proposed Agreement of Merger and Plan of Complete Liquidation ("Agreement") between the Corporation and Brush Wellman Inc., an Ohio corporation ("Brush Wellman"), owner of all the shares of Common Stock of the Corporation, hereby approves and adopts the Agreement in the form which has been presented to this meeting and which is hereby ordered filed with the records of this meeting and incorporated herein by this reference, with such changes and corrections in such form as may be approved by the officers of the Corporation executing the same.

FURTHER RESOLVED, that the proper officers of the Corporation hereby are authorized, for and on behalf of the Corporation, to execute and deliver at such time as the officers executing the same shall deem appropriate, the Agreement in such form with any changes or corrections.

FURTHER RESOLVED, that pursuant to Section 82 of the General Laws of the Commonwealth of Massachusetts, the Agreement is not to be submitted to or adopted by the shareholder of the Corporation.

FURTHER RESOLVED, that the Agreement of Merger and Plan of Complete Liquidation previously approved and adopted at this meeting shall be deemed to be a Plan of Complete Liquidation of the Corporation within the meaning of Section 332 of the Internal Revenue Code of 1954, as amended, and that such plan shall be consummated not later than September 30, 1981.

FURTHER RESOLVED, that the officers of the Corporation hereby are authorized for and on behalf and in the name of the Corporation to execute and deliver all such documents and to take or cause to be taken all such action, including without limitation, the making, execution and filing of Articles of Merger of Parent and Subsidiary Corporations in accordance with Section 82 of Chapter 156B of the General Laws of the Commonwealth of Massachusetts, a Certificate of Adoption of Agreement of Merger and Plan of Complete Liquidation in accordance with SEction 1701.81 of the Ohio Revised Code and all appropraite filings with the Internal Revenue Service which in the judgment of the officers or any of them may be necessary or advisable to effectuate transactions hereinabove approved and to carry out wach of the foregoing resolutions and the intent and purpose thereof.

# EXHIBIT C



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**Public Browse and Search - Filing Results**

Help with this form

**Entity Name:** BRUSH WELLMAN CERAMIC PRODUCTS INC.

| Request a Certified Copy Select All | Type of Filing | Year Filed | Filed Date | FilingNum | File(s) |
|---|---|---|---|---|---|
| | Annual Report | 1981 | 6/30/81 | 020500514430 | Index Number = 81034365 (1 pages) |
| | Articles of Amendment | | 6/30/81 | 020500514431 | Index Number = 00000000 (0 pages) |
| | Annual Report | 1975 | 6/30/80 | 020500514425 | Index Number = 80139645 (1 pages) |
| | Annual Report | 1976 | 6/30/80 | 020500514426 | Index Number = 80139646 (1 pages) |
| | Annual Report | 1978 | 6/30/80 | 020500514427 | Index Number = 80139647 (1 pages) |
| | Annual Report | 1979 | 6/30/80 | 020500514428 | Index Number = 80139648 (1 pages) |
| | Annual Report | 1980 | 6/30/80 | 020500514429 | Index Number = 80146837 (1 pages) |
| | Articles of Organization | | | 000042478994 | Index Number = None (0 pages) |

Request    Annual Reports and No Fee changes have a retention period of ten years; therefore these documents are no longer available prior to December 31, 1993.

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchFormList.asp?SearchType=E    1/5/2005