UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 04-CV-12137-JLT |
| v. ) | |
| ) | |
| American Beryllia Corp., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY BRIEF IN OPPOSITION TO THE
DEFENDANTS KYOCERA AMERICA INC.'S AND KYOCERA
INDUSTRIAL CERAMICS CORP.'S MOTION TO DISMISS THE
<u>AMENDED COMPLAINT OR FOR SUMMARY JUDGMENT</u>**

Plaintiffs Suzanne Genereux, Barry Genereux, Angela Genereux, and Krista Genereux hereby submit their Reply Brief in Opposition to Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.'s (collectively, "Kyocera") Motion to Dismiss Amended Complaint or for Summary Judgment.

**I.    <u>ARGUMENT</u>**

    **A.    A Senior Raytheon Employee Places Kyocera Beryllium-Dust-Producing Products In The Waltham Plant At The Time That Plaintiffs Worked There, Making Both Dismissal and Summary Judgment Inappropriate**

In addition to plaintiffs' allegations in the Amended Complaint (which allege that Kyocera supplied beryllium-containing products to the Waltham plant that **did** produce respirable beryllium dust and particles), plaintiffs have put forth evidence showing that Kyocera beryllium dust-producing products were used in the Waltham plant at the time that plaintiffs worked there, making both dismissal and summary judgment inappropriate. Discovery will reveal that a former senior manufacturing engineer at Raytheon with personal knowledge of the Waltham plant will provide testimony establishing that Kyocera products were used at the

Waltham plant during the time period at issue in this matter, which did produce respirable beryllium dust. This testimony forms the basis for the plaintiffs naming the Kyocera entities as defendants in this case, and is more than sufficient to satisfy the requirements of Federal Rules of Civil Procedure 8 and 11, neither of which has been invoked by Kyocera as a basis for dismissal.

As set forth in greater detail in Plaintiffs' Opposition, discovery will reveal that Kyocera ceramics, including beryllium ceramics, were used as insulators between high-voltage components in at least four projects at the Waltham plant, and that these ceramics underwent sand blasting, which produced respirable beryllium dust.[1] In their Opposition, plaintiffs noted that they cannot, as of yet, attach this employee's affidavit to papers filed with the Court because a confidentiality agreement may apply to areas about which this deponent will testify. However, plaintiffs are able and willing to immediately submit a copy of the affidavit of this retired Raytheon employee for *in camera* review by the Court under whatever *in camera* review Order Judge Tauro issues in such instances or, alternatively, to have the affidavit available for *in camera* inspection at the upcoming February 14, 2005 oral argument. The First Circuit has indicated that provision of an opposing affidavit to the Court at any time prior to or at the motion hearing is a proper manner in which to proceed in such circumstances. *Cf. Condon v. Local 2944, United Steelworkers of America*, 683 F.2d 590, 593 (1st Cir. 1982) (if not supplied with the opposition, nonmovant could have supplied affidavits at some point prior to or at the hearing.)

---

[1] Plaintiffs have alleged that the Kyocera beryllium-containing products and materials distributed, sold, supplied, and/or shipped to the Waltham plant introduced respirable beryllium dust, fumes and particulate matter into the workplace including the ambient air at the Waltham plant, thereby causing or contributing to plaintiffs' injuries. *See* Amended Complaint, at ¶¶ 22, 28.

Kyocera's position that the plaintiffs, themselves, must provide an affidavit is a red herring: both Suzanne and Barry Genereux were line-level employees with little or no access to product packaging and specifications. The Raytheon employee referred to above, however, was specifically charged with ensuring that products conformed to specifications, and is therefore in a unique position to provide product identification testimony.

Kyocera suggests that the plaintiffs should seek leave to rebut the factual allegations made in Kyocera's improperly filed Motion for Summary Judgment. *See* Kyocera's Reply, p. 3. To the contrary, the proper solution to this dispute is for the Court to deny the present motion, and to allow discovery to proceed in the ordinary course of litigation. Plaintiffs therefore respectfully request that the Court deny Kyocera's Motion in its entirety.

**B.    Plaintiffs Have Shown The Existence Of Material Questions Of Fact Precluding The Entry Of Judgment As A Matter Of Law**

Kyocera attempts to construe Plaintiffs' Opposition to Kyocera's Rule 12(b)(6) motion as somehow waiving the existence of material questions of fact because it did not contain Statement of Material Facts under Local Rule 56.1. *See* Kyocera's Reply, p. 4. This argument is disingenuous and should be disregarded. Local Rule 56.1 applies only to opposing a motion that has properly been filed under Rule 56 and does not apply to motions brought under different rules with different names with different standards. Each of the defendants, including Kyocera, characterized its motion as a "motion to dismiss" under Rule 12 and only "in the alternative" as a Rule 56 motion. Simply because Kyocera is fearful that it cannot meet the standard under Rule 12, and therefore tried to shift its motions to a Rule 56 standard (which, with its more stringent burden of proof, Kyocera is even less able to satisfy), does not mean that the plaintiffs are somehow obliged to respond under LR 56.1, as if the motion had properly been brought under

Rule 56. *See, e.g. Henry v. National Geographic Society, et al.*, 147 F. Supp.2d 16, 20 (D. Mass. 2001) (Tauro, J.) (questions of fact precluded entry of summary judgment). As Rule 56 motions, Kyocera's filings are not properly before the Court and therefore plaintiffs are not bound to force their Oppositions into a mold that applies only to properly filed Rule 56 motions. Moreover, without the discovery necessary to develop the "material facts of record as to which it is contended that there exists a genuine issue to be tried," (*see* L.R. 56.1) it is essentially impossible to create such a document. In any event, given that Kyocera's motion, to the extent characterized as one for summary judgment, was filed at a time and in a manner contrary to this Court's scheduling orders and since the Court has given no indication that it intends to consider the defendants' motions under a summary judgment standard, plaintiffs were not obliged to oppose the motions under alternative filing procedures.[2]

Rule 12(b)(6) and Rule 56 not only place distinctly different burdens on the parties, but the two types of motions are often appropriate only at different stages of litigation. *Whiting v. Maiolini*, 921 F.2d 5, 6-7 (1st Cir. 1991). Even if the Court were to consider a Rule 12 motion under a Rule 56 standard, all parties must first "be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6) and 12(c).

---

[2] Plaintiffs do state, however, that they specifically dispute the entirety of Item Nos. 5 and 15 of Kyocera's "Statement of Uncontested Facts" and dispute the completeness and/or relevance of Item Nos. 3, 4, 6-14. Facts contrary to (or more complete, accurate and relevant than) those set forth by Kyocera are set forth in the affidavit of the former senior manufacturing engineer at Raytheon whose affidavit the plaintiffs have offered for in camera inspection as discussed above. In the event the Court opts to consider conversion of Kyocera's motion from Rule 12 to Rule 56, plaintiffs respectfully request that they be afforded a reasonable opportunity to obtain and submit additional material in opposition and to submit an Uncontested Statement of Disputed Facts as provided for the filing of oppositions to motions properly brought under Rule 56.

Moreover, the First Circuit looks with disfavor upon the consideration of a motion to dismiss under a summary judgment standard when the motion "follow[s] hard on the heels of the complaint or answer." *Whiting, supra* at 7*, quoting Condon v. Local 2944, United Steelworkers of America*, 683 F.2d 590, 593-94 (1st Cir.1982).  Where, as here, the defendant has not even answered the complaint, no discovery of any type has yet taken place, and the nonmovant has had no reasonable opportunity to obtain and submit additional evidentiary materials to counter the movant's affidavits and documentation, conversion of a Rule 12 motion to a Rule 56 motion is simply inappropriate. *Whiting, supra, citing Gay v. Wall*, 761 F.2d 175, 177-78 (4th Cir.1985).

Plaintiffs have alleged that the Kyocera beryllium-containing products and materials distributed, sold, supplied, and/or shipped to the Waltham plant introduced respirable beryllium dust, fumes and particulate matter into the workplace including the ambient air at the Waltham plant, thereby causing or contributing to plaintiffs' injuries. *See* Amended Complaint, at ¶¶ 22, 28.  At this early stage in this litigation, and until such time as plaintiffs are permitted to undertake discovery,[3] all of plaintiffs' factual allegations are to be accepted as true for purposes of the motion to dismiss, which is the only motion properly asserted at this stage. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001).  Kyocera's motion for summary judgment, at this early stage in the litigation is at best premature, and should be denied in its entirety.  Plaintiffs have been unable to obtain from Kyocera evidence supporting their claims, pursuant to this Court's Order.  *See* December 9, 2004 Discovery Order.  Under these circumstances, it is simply untimely and improper to even attempt to develop a summary

---

[3]   Kyocera reluctantly concedes that this Court's Scheduling Order of December 9, 2004 prohibits depositions and other forms of discovery.  *See* Kyocera's Reply, p. 2.

judgment record before discovery has taken place and before the plaintiffs have been permitted an opportunity to review and investigate Kyocera's allegations in connection with its affirmative defense of government contractor immunity.

    **C.    Kyocera Has Not Satisfied The Requirements For Protection Under The Government Contractor Defense As To The Beryllium High Voltage Insulating Products**

Kyocera's entire argument regarding the applicability of the government contractor defense is premised upon the (disputed) notion that the only product that they supplied to the Waltham Plant was a semiconductor chip package for the Trident missile program. *See* Kyocera's Reply, at pp. 7-10. However, Plaintiffs have shown that the precise nature of the Kyocera products used at the Waltham plant is very much in dispute. At the very least, serious material questions of fact abound, precluding the entry of judgment as a matter of law at this stage of this litigation. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 106 S.Ct. 2548 (1986) 325; *Henry v. National Geographic Society, et al.*, 147 F.Supp.2d 16, 20 (D. Mass. 2001) (Tauro, J.) (questions of fact precluded entry of summary judgment).

    **1.    Kyocera Had A Duty To Warn Plaintiffs Regarding The Dangers Posed By Their Products**

Kyocera argues in their Reply that Kyocera had no duty to warn plaintiffs that their beryllium-containing products could produce respirable beryllium fumes, particulates and dust, again based upon the disputed premise that they only sold semiconductor chip packages to Raytheon. *See* Kyocera's Reply, p. 7. Kyocera's argument demonstrates a fundamental misunderstanding of the government contractor defense.[4] As set forth in greater detail in

---

    4   This Court must accept as true plaintiffs' well-pleaded allegations that the Kyocera products used at Waltham produced respirable beryllium fumes, particulates and dust. "In ruling

Plaintiffs' Opposition, Kyocera's basic premise--that the government's involvement in the provision of warnings can be inferred by its participation in the design--is simply incorrect. *See, e.g., Tate v. Boeing Helicopters*, 55 F.3d 1150, 1156 (6th Cir.1995)("Simply because the government exercises discretion in approving a design does not mean that the government considered the appropriate warnings, if any, that should accompany the product."); *see also Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 799 (5th Cir. 1993) ("*Boyle* makes clear that the requirements of 'reasonably precise specifications' and conformity with them refer to the particular feature of the product claimed to be defective." (*quoting Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988)) (emphasis in *Bailey*).

At best, the record at this early stage in this litigation raises conflicting inferences as to whether the warnings supplied with the Kyocera beryllium-containing products and materials "reflect a significant policy judgment by Government officials,"[5] and as to whether the government controlled or significantly limited Kyocera's ability to provide a warning. *See, e.g., In re New York Asbestos*, 897 F.2d at 632. Plaintiffs' Amended Complaint alleges that, *inter alia*, Kyocera failed to provide plaintiffs with adequate warnings regarding the dangers of their beryllium-containing products and materials. *See* Amended Complaint, at ¶¶ 52-56.

---

on a motion to dismiss... a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc.*, 267 F.3d at 33. "When presented with a motion to dismiss, the district court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34 (1st Cir. 2002) (internal citation omitted). This Court must therefore accept as true plaintiffs' allegations that the Kyocera products used at the Waltham plant produced respirable beryllium fumes, particulates and dust. *See Id*.

    [5]   *See Boyle*, 487 U.S. at 513.

There is no evidence of a reasoned, affirmative decision by the government to forego warning of the dangers posed by respirable beryllium from Kyocera's beryllium-containing products and materials, and there is no evidence that the government exercised discretion. *See Dube v. Pittsburgh Corning*, 870 F.2d 790, 796-801 (1st Cir.1989)(before failure to warn can constitute discretionary function, government must make affirmative decision, based on policy concerns). Moreover, there is no evidence that the government prohibited or in any way limited Kyocera's ability to provide adequate warnings to Plaintiffs, or that the Navy itself dictated the contents of such warnings. Kyocera has clearly failed to satisfy the first prong of the *Boyle* test, and this Court should therefore deny Kyocera's Motion to Dismiss.

> 2. **Material Issues Of Fact Exist As to Whether Kyocera Manufactured Products Delivered To The Waltham Plant In Accordance With Government Specifications**

Kyocera has failed to satisfy the second prong of the *Boyle* test, which requires that Kyocera show that their products and materials conformed to the government specifications at issue. *See Boyle*, 487 U.S. at 507-08. Kyocera has alleged that its semiconductor chip packages conformed to the Navy's stringent specifications regarding only those products. *See* Affidavit of Kevin Gaughan, attached to Kyocera's Motion to Dismiss; *see also* Kyocera's Reply, at p. 8. However, Kyocera's Motion to Dismiss makes no mention of the beryllium and/or beryllium ceramics used as insulating material between high-voltage components involving guidance and communications systems, and make no mention of warnings whatsoever. *See* Plaintiffs' Opposition, at. 4-5.[6]

---

[6] Kyocera has offered no "notes, cautions, warnings or safety notices regarding the hazards of" beryllium and beryllium-containing materials. *Chicano v. General Electric Company, et al.*, 2004 WL 2250990, *13 (E.D.Pa. October 5, 2004) (holding that a genuine issue

8

### 3. Kyocera Provided No Warnings To The Government Regarding The Dangers Of Respirable Beryllium

In addition, as set forth in Plaintiffs' Opposition (and not addressed by Kyocera's Reply) Kyocera has failed to satisfy the third prong of the *Boyle* test, which requires that Kyocera demonstrate that it warned the government about the dangers of exposure to respirable beryllium from the use of its beryllium containing products and materials. *Boyle*, 487 U.S. at 507-08; *Chicano*, 2004 WL 2250900, *13. By their own admission, the Kyocera defendants failed to provide the government with the warnings required to satisfy the third prong of the *Boyle* test and, therefore, Kyocera is not entitled to the protection of the government contractor immunity.

Consequently, at best, a material issue of genuine fact exists as to whether Kyocera complied with government specifications regarding the beryllium-containing products and materials that they supplied to the Waltham plant.

## II. CONCLUSION

Plaintiffs have shown that Kyocera products used at Waltham produced respirable beryllium particulate. Discovery in this matter will support the allegations of the Amended Complaint and will establish that the Kyocera defendants failed to satisfy their burden of proving the three prong-test articulated by the United States Supreme Court in *Boyle* for protection under the government contractor affirmative defense. Moreover, the plaintiffs' allegations properly state claims upon which relief can be granted, as they allege negligence and breach of warranty in

---

of material fact existed as to whether the defendant complied with Navy specifications, where there was no evidence that the defendant provided warnings about hazardous materials). The normal course of discovery will establish the exact nature of Kyocera's products at issue. At this stage of the litigation, however, plaintiffs' allegations are sufficient to overcome Kyocera's Motion to Dismiss. *See Alternative Energy,* 267 F.3d at 33.

connection with Kyocera's manufacture and distribution of beryllium products, and in connection with Kyocera's failure to provide adequate warnings. Kyocera has not even attempted to satisfy the elements of the government contractor defense in connection with its failure to provide adequate warnings. Kyocera's Reply merely restates the same previously-articulated, unsupportable position that they had no duty to do so. At this stage of the litigation, the request for summary judgment is premature, as discovery has not commenced and significant issues of material fact remain, thereby precluding the entry of judgment as a matter of law. Kyocera's Motion to Dismiss or For Summary Judgment should be denied in its entirety.

WHEREFORE, Plaintiffs Suzanne Genereux, Barry Genereux, Angela Genereux, and Krista Genereux respectfully request that this Court deny Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.'s Motion to Dismiss Amended Complaint or for Summary Judgment.

Respectfully submitted, this 28nd day of January, 2005
**MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

/s/ Leo V. Boyle
_____
Leo V. Boyle (B.B.O. 052700)
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617.523.8300

AND

/s/ Ruben Honik
_____
**GOLOMB & HONIK, P.C.**
Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

**CERTIFICATE OF SERVICE**

    I, Bradley M. Henry, certify that on January 28, 2005, I served the foregoing Response to Reply of Defendants' Kyocera America, Inc. and Kyocera Industrial Ceramics Corp. by electronic filing and mailing an exact copy postage prepaid to counsel of record.

    */s/ Bradley M. Henry*

    Bradley M. Henry