RECEIVED
Clerk's Office
USDC, Mass.
D: 3/3/05
T: M.P.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 04-cv-12137 JLT |
| | ) |
| American Beryllia Corp., et al. | ) |
| | ) |
| Defendants. | ) |

### SUPPLEMENTAL BRIEF OF DEFENDANT BRUSH WELLMAN INC. CONCERNING MOTION TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT

Defendant Brush Wellman Inc. ("Brush") submits this Supplemental Brief in order to provide the Court with additional authority in support of Brush's motion to dismiss Count VI of the Amended Complaint ("Fraudulent Concealment or Nondisclosure"). Attached hereto as Exhibit A is the decision of the United States District Court for the Southern District of Mississippi in Harris v. Brush Engineered Materials Inc. et al., No. 1:04CV598 (February 18, 2005), which was issued subsequent to Brush's filing of its Reply Brief.

In Harris, the court dismissed a fraudulent concealment claim brought by workers at the Stennis Space Center (operated by Boeing Co.) who claimed that they were exposed to beryllium in products that Boeing purchased from Brush, or from fabricators who bought their materials from Brush. (See Harris Amended Complaint, attached as Exhibit B, ¶¶ 14, 43-45). The court noted that there is no liability for nondisclosure in the absence of a "legal duty to communicate" and held that Brush had no such duty to the employees of its customer:

> "There is no indication in Plaintiffs' Amended Complaint that Brush
> Wellman ever had any dealings or communicated directly with any
> Plaintiff, and in fact it appears that the relationship is quite attenuated. . . .
> Therefore, in the Court's opinion, Plaintiffs' allegations are insufficient to
> state a claim for fraud. Not only is there no support in the law for finding
> a duty to communicate in these circumstances, but in Mississippi, the mere
> silence or nondisclosure of material facts by a manufacturer does not

support a finding of fraudulent concealment brought by the ultimate consumer."

(Order of February 18, at 4) (Exhibit A).

As Brush has shown in its earlier briefs, Massachusetts law is the same in this regard, and so should be the result.

Respectfully submitted,

By: _____
Alan M. Spiro (Federal Bar No. 475650)
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
Tel:   617.951.2204
Fax:   888.325.9124

Jeffery D. Ubersax
Jones Day
North Point
901 Lakeside Ave.
Cleveland, Ohio 44114-1190
Tel:   216.586.3939
Fax:   216.579.0212

Attorneys for Defendant Brush Wellman Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2005, a true and correct copy of the foregoing SUPPLEMENTAL BRIEF OF DEFENDANT BRUSH WELLMAN INC. was served via U.S. mail, first class postage prepaid, upon all counsel of record, as set forth below.

_____
Alan M. Spiro
Attorney for Brush Wellman Inc.

Leo V. Boyle, Esq.
Bradley M. Henry, Esq.
Meehan, Boyle, Black & Fitzgerald, PC
Two Center Plaza
Suite 600
Boston, MA 02108
617-523-8300

Ruben Honik, Esq.
Sherrie J. Cohen, Esq.
Stephen Matanovic, Esq.
Golomb & Honik, P.C.
121 S. Broad Street
9th Floor
Philadelphia, PA 19107
215-985-9177

Attorneys for Plaintiffs

Robert P. Sharon, Esq.
Robert P. Sharon P.C.
225 Broadway
Suite 2600
New York, New York 10007
212-227-5550

William F. Ahern, Esq.
Clark, Hunt and Embry
55 Cambridge Parkway
Cambridge, MA 02142
617-494-1920

Attorneys for Defendant American
Beryllia Corp.

Ronald M. Jacobs, Esq.
James F. Kavanaugh, Jr., Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square,
4th Floor
Boston, MA 02109
617-482-8200

Attorneys for Defendant Raytheon Co.

John C. Wyman
Murtha Cullina, LLP
20th Floor
99 High Street
Boston, MA 02110-2320
617-457-4041

Attorney for Defendants Kyocera America, Inc. and
Kyocera Industrial Ceramics Corp.

Robert M. A. Nadeau
Nadeau & Associates, PA
1332 Post Road, Suite 4A
Wells, Maine 04090
207-324-3500

Attorney for Defendant Hardric Laboratories, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARRIS, ET AL. | § | PLAINTIFFS |
| | § | |
| v. | § | CAUSE NO. 1:04CV598 |
| | § | |
| BRUSH ENGINEERED MATERIALS, | § | |
| INC., ET AL. | § | DEFENDANTS |

## ORDER GRANTING MOTION TO DISMISS
## OF DEFENDANT BRUSH WELLMAN INC.

THE MATTER BEFORE THE COURT is the Motion to Dismiss Plaintiffs' Fourth Claim by Defendant Brush Wellman Inc. [17]. Plaintiffs have responded, and the Defendant has replied in support of its Motion. After due consideration of the submissions and the relevant law, it is the opinion of the Court that the Motion should be granted.

### DISCUSSION

Plaintiffs are employees or family members of employees of the John C. Stennis Space Center in Stennis, Mississippi. They claim that they were exposed to respirable beryllium dust, fumes and particulate matter, and the Defendant Brush Wellman Inc. failed to warn them about the dangers of such exposure. Plaintiff Marlin Moran was diagnosed with chronic beryllium disease in January 2003. Plaintiffs Alvin Pittman, Sr., Terry Lemon, Joseph Harris and Rodney Sorapuru tested positive for beryllium sensitization in 2002. Plaintiffs Margaret Ann Harris, Judith A. Lemon and Hermelinda Sorapuru claim loss of consortium with their respective spouses.

Plaintiffs state that the beryllium products at issue were processed and manufactured by Defendants Brush Wellman Inc. and Brush Engineered Materials, Inc. In the Fourth Claim for Relief of their Amended Complaint, Plaintiffs claim that Brush Wellman fraudulently concealed

the dangers of beryllium dust exposure and entered into a civil conspiracy with others in the beryllium processing industry to conceal those dangers. This is not the first time claims such as this have been brought against Brush Wellman Inc. In *Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d 704 (E.D.Tenn. 2001), former and current employees at nuclear armament facilities brought a product liability action against Brush Wellman and others, including claims of civil conspiracy and fraudulent concealment. The court in that case framed the conspiracy argument in a useful way:

> Boiled down to its essence, plaintiffs' conspiracy theory is that Brush Wellman and other defendants participated in a 50-year conspiracy to keep the actual dangers of beryllium exposure secret. In the early years, the United States, through the Atomic Energy Commission, was a conspirator. In later years, the United States, through the Department of Energy and OSHA, was a victim of the conspiracy. Allegedly because of the effectiveness of this conspiracy, DOE and its contractors failed to reduce the 2.0 [micrograms per cubic meter] standard and take further precautions to limit exposures to beryllium.

*Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d 704, 720 (E.D.Tenn. 2001). This encapsulates the allegations in this case. Brush Wellman Inc. contends that these allegations fail to state a claim of fraud or civil conspiracy against it pursuant to Fed.R.Civ.P. 12(b)(6).

STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6):

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.

A.  FRAUDULENT CONCEALMENT:

"Fraud may be manifested in multiple ways." *Mabus v. St. James Episcopal Church,* 884 So.2d 747, 762 (Miss. 2004). The elements of fraud are well established: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Owens Corning v. R.J. Reynolds Tobacco Co.,* 868 So.2d 331, 343 (Miss. 2004)(citations omitted). "[I]n order for there to be liability for nondisclosure, silence must relate to a material fact or matter known to the party and as to which it is his legal duty to communicate to the other contracting party." *Mabus v. St. James Episcopal Church,* 884 So.2d 747, 762 (Miss.2004) (applying principle in a non-contractual context) (citing *Guastella v. Wardell,* 198 So.2d 227, 230 (Miss. 1967)). Furthermore, "there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Medicomp, Inc. v. Marshall,* 878 So.2d 193, 197-198 (Miss.App.,2004)(quoting *Robinson v. Cobb,* 763 So.2d 883, 887 (Miss.2000)).

The alleged fraud in this case is that Brush Wellman Inc. "has known since at least 1948" that exposures to beryllium below the OSHA permissible level would cause chronic beryllium disease, but "claimed to users and others exposed to its beryllium products ... that such airborne concentrations were safe for even the most sensitive individuals. It has failed to warn of the hazards of which it had actual knowledge." Plaintiffs urge the Court to consider the *Klemka* case, in which a Brush Wellman employee made claims similar to those here. In that case, the New Jersey district court allowed Klemka to proceed with his civil conspiracy claim, but

-3-

required him to plead his fraudulent concealment claim with more specificity. *Klemka, et al. v. Brush Wellman, Inc, et al.*, No. 03cv3197 (D.N.J., May 26, 2004), *dismissed per stipulation*. (Ex. "B" to Plaintiff's Memo in Response).

However, the relationship of the parties in this case is unlike that which existed in the *Klemka* case, where Klemka was an employee of Brush Wellman and received written and oral representations that his employment was safe and his occupational health protected. There is no indication in Plaintiffs' Amended Complaint that Brush Wellman ever had any dealings or communicated directly with any Plaintiff, and in fact it appears that the relationship is quite attenuated. Plaintiffs state that the beryllium products at issue were processed and manufactured by Defendants Brush Wellman Inc. and Brush Engineered Materials, Inc., were then machined, assembled, and fabricated by Defendant Wess-Del, who in turn sold them to Defendant The Boeing Company, who used them at the Stennis Space Center in Mississippi. Therefore, in the Court's opinion, Plaintiff's allegations are insufficient to state a claim for fraud. Not only is there no support in the law for finding a duty to communicate in these circumstances, but in Mississippi, the mere silence or nondisclosure of material facts by a manufacturer does not support a finding of fraudulent concealment brought by the ultimate consumer. *Wilbanks v. Dalkon Shield Claimants Trust*, 1998 WL 433940 (N.D.Miss., June 8, 1998); *Johnson v. Parke-Davis*, 114 F.Supp.2d 522, 525 (S.D. Miss. 2000). *See also Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d at 721-22. Therefore, the Court finds that Plaintiffs have failed to state a claim for which relief can be granted, and it appears that amendment of the complaint under these circumstances would be futile.

B.  CIVIL CONSPIRACY:

The elements of a conspiracy claim are 1) a conspiracy; 2) an overt act of fraud in furtherance of the conspiracy and 3) damages to the plaintiff as a result of the fraud. *Croft v. Grand Casino Tunica, Inc.* 2005 WL 43770, *8 (Miss.App. 2005), citing *Delta Chemical and Petroleum, Inc. v. Citizens Bank of Byhalia, Mississippi*, 790 So.2d 862, 877 (Miss. 2001). "A conspiracy has been described as a 'combination of person for the purpose of accomplishing an unlawful act or a lawful purpose unlawfully.'" *Id.* (citations omitted). Here, there is no evidence presented of an unlawful act or a lawful purpose by unlawful means. Plaintiffs allegations are that Brush Wellman "made false statements about the safety record of beryllium, which does not constitute either an unlawful purpose or an unlawful means." *Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d at 721. Accordingly, Plaintiffs cannot state a claim for civil conspiracy, and the Motion to Dismiss of Defendant Brush Wellman, Inc. should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss Plaintiffs' Fourth Claim by Defendant Brush Wellman Inc. [17] is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 18TH day of February 2005.

                                                  s/ Louis Guirola, Jr.
                                                  LOUIS GUIROLA, JR.
                                                  UNITED STATES DISTRICT JUDGE

# EXHIBIT B



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 3 0 2004
J.T. NOBLIN, CLERK
By_____ Deputy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

| | |
|---|---|
| Joseph P. Harris, Margaret Ann Harris, Terry R. Lemon, Judith A. Lemon, Marlin Moran, Rodney Sorapuru, Hermelinda Sorapuru, and Alvin Pittman, Sr. | CIVIL ACTION NO.: 1:04cv598 |
| | SECTION: |
| Plaintiffs, | MAGISTRATE JUDGE DIV.: |
| v. | JURY TRIAL DEMANDED |
| Brush Engineered Materials, Inc. Brush Wellman, Inc., Wess-Del, Inc. and the Boeing Co. (for Plaintiffs, Rodney Sorapuru and Hermelinda Sorapuru only), | |
| Defendants. | |

### AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, Joseph P. Harris, Margaret Ann Harris, Terry R. Lemon, Judith A. Lemon, Marlin Moran and Alvin Pittman, Sr., all of whom are adult resident domiciliaries of the State of Mississippi, and who live within the geographical area which comprises the Southern District of Mississippi in which this court sits, and Rodney Sorapuru and Hermelinda Sorapuru, who are adult resident domiciliaries of the State of Louisiana, and aver as follows:

-1-

1.

Defendant, Brush Engineered Materials Inc., is an Ohio corporation with its principal office and corporate headquarters located at 17876 St. Clair Avenue, Cleveland, Ohio 44110. Defendant, Brush Wellman, Inc., the wholly owned subsidiary of Brush Engineered Materials Inc., is also an Ohio corporation with its principal office and corporate headquarters located at 17876 St. Clair Avenue, Cleveland, Ohio 44110. Both corporations may be served with process by serving their Registered Agent, Michael C. Hasychak, 17876 St. Clair Avenue, Cleveland Ohio 44110. These defendants are hereinafter collectively referred to as "Brush." At all material times, Brush was engaged in tortious conduct in the State of Mississippi and within this judicial district such as to make the exercise of this Court=s jurisdiction over that entity appropriate and lawful.

2.

Defendant, Wess-Del, Inc. ("Wess-Del"), is a California corporation with its principal office and corporate headquarters located at 1502 Arbuckle Court, Santa Clara, California 95054, and may be served with process by serving its Registered Agent, David A. Kirst, at 1502 Arbuckle Court, Santa Clara, California 95054. At all material times, Wess-Del was engaged in tortious conduct in the State of Mississippi and within this judicial district such as to make the exercise of this Court's jurisdiction over that entity appropriate and lawful.

3.

Defendant, The Boeing Co. ("Boeing"), is a Delaware corporation with its principal office and corporate headquarters located at 100 N. Riverside, Chicago, IL 60606-1501, and maintains an agent for service of process in Mississippi c/o Corporation Service Company, 506 S. President St., Jackson, Mississippi 39201. At all material times, Boeing was engaged in tortious conduct in the State of Mississippi and within this judicial district such as to make the exercise of this Court=s jurisdiction over that entity appropriate and lawful.

4.

Subject matter jurisdiction in this matter is based upon 28 U.S.C. § 1332, as there is a complete diversity of citizenship among the parties and the amount in controversy of each and every claim exceeds seventy-five thousand dollars, exclusive of interest and costs. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(a).

5.

Plaintiff, Joseph P. Harris, is an adult resident domiciliary of Biloxi, Mississippi. He was previously employed by Boeing at the Stennis Space Center in Mississippi, and has claims against defendants, Brush and Wess-Del, with respect to beryllium exposure. Mr. Harris was exposed to respirable beryllium during his employment with Boeing at the Stennis Space Center from July 1979 to June 2002, when he worked there as a rocket engineering mechanic, inspector and quality engineer employee.

6.

Plaintiff, Margaret Ann Harris, was married to Joseph P. Harris at all material times. She brings claims against defendants, Brush and Wess-Del, for loss of consortium, loss of support,

loss of services and loss of society.

7.

Plaintiff, Terry R. Lemon, is an adult resident domiciliary of Poplarville, Mississippi. He was employed by Boeing at the Stennis Space Center as a instrumentation technician employee from July 1975 to January 2002, and he also brings claims against defendants, Brush and Wess-Del, with respect to exposure to respirable beryllium during the course of his employment.

8.

Plaintiff, Judith A. Lemon, was married to Terry R. Lemon at all material times. She brings claims against defendants, Brush and Wess-Del, for loss of consortium, loss of support, loss of services and loss of society.

9.

Plaintiff, Marlin Moran, is an adult resident domiciliary of Gulfport, Mississippi. He has been employed by Boeing at the Stennis Space Center as a quality inspector and quality engineer employee from July 1987 through the present, and he brings claims against defendants, Brush and Wess-Del, with respect to exposure to respirable beryllium during the course of his employment.

10.

Plaintiff, Rodney Sorapuru, is an adult resident domiciliary of Slidell, Louisiana. He is employed by the Defense Contract Management Agency and has worked at Stennis Space Center as a Quality Assurance Specialist from 2000 to the present, and he brings claims against all defendants, Brush, Wess-Del and Boeing, with respect to exposure to respirable beryllium during the course of his employment.

11.

Plaintiff, Hermelinda Sorapuru, has been married to Rodney Sorapuru at all material times. She brings claims against defendants, Brush, Wess-Del and Boeing, for loss of consortium, loss of support, loss of services and loss of society.

12.

Plaintiff, Alvin Pittman, Sr., is an adult resident domiciliary of Carriere, Mississippi. He has been employed by Boeing at the Stennis Space Center as an electronic/instrumentation technician from September, 1976 through the present, and he brings claims against defendants, Brush and Wess-Del, with respect to exposure to respirable beryllium during the course of his employment.

13.

These plaintiffs all have similar claims and causes of action against defendants, Brush and Wess-Del, such as to render it appropriate for this Court to join their cases in a single suit. There are common questions of law and fact which render cumulation of these actions appropriate. Only Plaintiff Rodney Sorapuru, and his spouse, Hermelinda Sorapuru, are asserting claims against Boeing, and the factual underpinnings of those claims also require analysis of many of the same questions of law and fact which involve the other plaintiffs.

14.

Defendants, Brush Engineered Materials, Inc., through its subsidiaries, including but not limited to defendant, Brush Wellman, Inc., is one of the world's largest manufacturers of beryllium-containing products, and operates manufacturing and other facilities throughout the world, including locations in Cleveland, Ohio; Delta, Utah; Tuscon, Arizona; Newburyport,

Massachusetts; Shoemakersville, Pennsylvania; Fairfield, New Jersey; Elmore, Ohio; California; Florida; Japan; the United Kingdom; Singapore, Taiwan, and South Korea. At all relevant times, Brush Wellman, Inc. was engaged in the mining, milling, manufacturing, processing, compounding, converting, selling and distributing of beryllium and beryllium-containing products. Its products have been sold to Boeing, either directly or through other manufacturers, fabricators, and distributors, and used at the Stennis Space Center.

15.

Defendant, Wess-Del, Inc., is a fabricator of beryllium goods who machined, assembled, fabricated and distributed beryllium-containing goods used at Stennis Space Center.

16.

Defendants, Brush and Wess-Del, are hereinafter collectively referred to as "The Manufacturing Defendants."

17.

The plaintiffs in this action have been exposed to harmful levels of the hazardous substance beryllium.

18.

Beryllium is a proven hazardous substance which can cause a variety of personal injuries.

19.

Plaintiffs' exposure to the proven hazardous substance beryllium was caused by defendants' wrongful conduct.

20.

The Manufacturing Defendants knew or should have known that the sale to and use of

beryllium-containing products at the Stennis Space Center facility would result in the release of respirable beryllium dust, fumes, and particulate matter into the workplace and surrounding environment at the facility, and that as a foreseeable result, plaintiffs and other Stennis Space Center workers, contract or outside workers and invitees would be exposed to harmful levels of the toxic substance beryllium. Defendants knew or should have known that the introduction of respirable beryllium dust, fumes, and particulate matter into the workplace at the Stennis Space Center also would result in family members being exposed to the toxic substance beryllium because beryllium dust and particulate matter would be inadvertently carried home by employees on their bodies, clothing and other property, resulting in harmful exposure to family members.

21.

The Manufacturing Defendants knew or should have known that such harmful exposure to beryllium dust, fumes, and particulate matter would result in personal injuries and put the plaintiffs and their families, as well as other Stennis Space Center employees, contract or outside workers, invitees and their families, at substantially increased risks of catastrophic, chronic diseases.

22.

Harmful exposure to the hazardous substance beryllium causes various personal injuries from sub-clinical, cellular, and sub-cellular damage, to acute and chronic lung disease, dermatologic disease and cancer. Respiratory diseases are most commonly seen from harmful exposure to beryllium and manifest themselves on a continuum from acute inhalation injury to acute pneumonitis to beryllium sensitization and the chronic indolent form of chronic beryllium disease.

23.

Chronic beryllium disease can develop many years after exposure has ceased, and typically has an indolent course and an insidious onset of symptoms. On average, chronic beryllium disease develops six to ten years after exposure has ceased, but it has been reported to occur more than thirty years after exposure and as early as four months after first exposure. It is characterized by a combination of symptoms including fatigue, non-productive cough, gradually progressive shortness of breath, chest pain, anorexia, weight loss, fevers, night sweats, and organ involvement. It is a granulomatous disease of the lung causing characteristic scarring of the lung.

24.

Each of the plaintiffs who has worked at the Stennis Space Center has been exposed to harmful amounts of the hazardous substance beryllium as a foreseeable, direct and proximate result of the sale and distribution of beryllium-containing products by the Manufacturing Defendants at the Stennis Space Center.

25.

As a foreseeable, direct and proximate result of their exposure to the hazardous substance beryllium, those plaintiffs and other Stennis Space Center workers, contract or outside workers, invitees, and their families already suffered and will suffer in the future personal injuries in the form of sub-clinical, cellular, and sub-cellular damage and some have suffered from acute and chronic lung disease, and chronic beryllium disease.

26.

As a foreseeable, direct and proximate result of their harmful exposure, Plaintiffs have been placed at a substantially increased risk of catastrophic latent disease, such as chronic

beryllium disease and cancer.

27.

As a foreseeable, direct and proximate result of their harmful exposure to beryllium, plaintiffs and other Stennis Space Center workers, contract or outside workers, invitees, and their families have suffered and will suffer in the future from fear, anxiety, and emotional upset as a result of their personal injuries and because they have been placed at a substantially increased risk of catastrophic chronic beryllium disease. They have also suffered and will suffer economic losses and injuries.

28.

The monetary damages plaintiffs seek in this action include damages for the cost of periodic medical monitoring.

29.

Monitoring procedures exist that make early detection of the diseases associated with beryllium exposure possible. The prescribed monitoring procedures are different from or in addition to those procedures normally recommended in the absence of such exposure. The prescribed procedures are reasonably necessary according to contemporary scientific and medical principles for persons such as the plaintiffs who have been exposed to harmful levels of beryllium.

30.

Plaintiffs are in danger of suffering catastrophic latent diseases from their beryllium exposure. Detection of these diseases and early treatment is medically reasonable and necessary to prevent the progression of further injury.