UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUZANNE GENEREUX and BARRY | : | |
| GENEREUX, w/h, Individually and as Parents | : | |
| and Natural Guardians of their minor children, | : | |
| ANGELA GENEREUX and KRISTA GENEREUX, | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| AMERICAN BERYLLIA CORP., BRUSH | : | |
| WELLMAN, INC., BRUSH WELLMAN | : | |
| CERAMICS, INC., BRUSH WELLMAN | : | |
| CERAMIC PRODUCTS INC., HARDRIC | : | |
| LABORATORIES, INC., KYOCERA | : | |
| AMERICA, INC., KYOCERA INDUSTRIAL | : | |
| CERAMICS CORP., and RAYTHEON | : | |
| COMPANY, | : | |
| Defendants | : | NO: 04 CV 12137 JLT |

**PLAINTIFFS' SUPPLEMENTAL SUBMISSION PURSUANT
TO THE COURT'S FEBRUARY 14, 2005 BENCH ORDER**

Pursuant to this Court's February 14, 2005 Bench Order, Plaintiffs submit this

Supplemental Submission in support of their Oppositions to the various Motions to Dismiss or

for Summary Judgment filed by Defendants in this action.  On that date, the Court ordered from

the bench that, after an initial review for confidentiality restrictions by defendant Raytheon,

Plaintiffs produce the affidavit referred to in Plaintiffs' Opposition to the Motion of Defendants

Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.'s to Dismiss Amended Complaint

or for Summary Judgment [Docket No. 30].

Pursuant to the Court's Order, Plaintiffs attach hereto as Exhibit "1" the Declaration of

Frank Balint (the "Balint Declaration"), a former senior manufacturing engineer at Raytheon with

personal knowledge of the Waltham plant, and with knowledge of the beryllium-containing

products used at the plant.  The Balint Declaration establishes the existence of a material question of fact, in that it clearly contradicts Defendant Kyocera's claim that no Kyocera products containing beryllium were subject to fabrication at Raytheon's Waltham facility.

In its motion and reply brief, Kyocera's entire argument regarding (1) the applicability of the government contractor defense and (2) its assertion that the product it supplied did not produce respirable dust was premised upon the purported "fact" that the only product it supplied to the Waltham plant was a semiconductor chip package for the Trident missile program that would not create dust because it was not subject to fabrication at the Raytheon plant. *See e.g.*, Kyocera's Reply, at pp. 3, 7.   On the contrary, the Balint Declaration provides evidence that Kyocera sold to Raytheon beryllium-containing products for projects other than the Trident missile program. Specifically, based on his personal knowledge, Mr. Balint has provided testimony that, for at least two projects unrelated to the Trident program, Kyocera distributed, sold, supplied, and/or shipped to the Waltham plant beryllium and/or beryllium ceramics to be used as insulators between high-voltage components, and that these products would undergo sand blasting, which introduced respirable beryllium dust into the air at the plant. Insofar as these facts are clearly in dispute, Kyocera's contention that, as a matter of law, it is entitled to protection under the government contractor defense or the defense that its product did not produce respirable dust must fail.

Plaintiffs' allegations also properly state separate claims for Kyocera's (and its co-defendants') failure to provide adequate warnings. Kyocera did not even attempt to satisfy the elements of the government contractor defense in connection with its failure to provide adequate warnings (and its co-defendants did not even assert the government contractor defense as

grounds for their motions to dismiss).  In any event, at this stage of the litigation, the request for

summary judgment is premature at best, as significant issues of material fact remain, thereby

precluding the entry of judgment as a matter of law.  Defendants' Motions to Dismiss or For

Summary Judgment should be denied in their entirety.

WHEREFORE, Plaintiffs Suzanne Genereux, Barry Genereux, Angela Genereux, and

Krista Genereux respectfully request that this Court deny Defendants' Motions to Dismiss

Amended Complaint or for Summary Judgment.

Respectfully submitted, this 16th day of March, 2005.
**MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

/s/  Leo V. Boyle

_____
Leo V. Boyle (B.B.O. 052700)
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617.523.8300

OF COUNSEL (admitted *pro hac vice*):

**GOLOMB & HONIK, P.C.**
Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

### CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on March 16, 2005, I served the foregoing
Supplemental Memorandum Pursuant To The Court's February 14, 2005 Bench Order, by
electronic filing and mailing an exact copy postage prepaid to counsel of record.

/s/ Bradley M. Henry

Bradley M. Henry

3