UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

SUZANNE GENEREUX and BARRY          :
GENEREUX, w/h, Individually and as Parents    :
and Natural Guardians of their minor children,    :
ANGELA GENEREUX and KRISTA GENEREUX, :
                                                            :
                          Plaintiffs                      :
          v.                                                :
                                                            :          CIVIL ACTION
AMERICAN BERYLLIA CORP., BRUSH          :          NO. 04-12137-JLT
WELLMAN, INC., BRUSH WELLMAN          :
CERAMICS, INC., BRUSH WELLMAN          :
CERAMIC PRODUCTS INC., HARDRIC          :
LABORATORIES, INC., KYOCERA          :
AMERICA, INC., KYOCERA INDUSTRIAL          :
CERAMICS CORP., and RAYTHEON          :
COMPANY,                                      :
                          Defendants          :

**PLAINTIFFS' STATUS REPORT PURSUANT TO
THE COURT'S FEBRUARY 14, 2005 BENCH ORDER**

Pursuant to this Court's February 14, 2005 Bench Order, Plaintiffs submit this Status

Report regarding their Oppositions to the various Motions to Dismiss and/or for Summary

Judgment filed by Defendants Kyocera America Inc. and Kyocera Industrial Ceramics Corp.

(collectively, "Kyocera"). On that date, the Court ordered from the bench that, after an initial

review for confidentiality restrictions by defendant Raytheon, the Plaintiffs and witness Frank

Balint were to produce the affidavit referred to in Plaintiffs' Opposition to the Motion of

Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.'s to Dismiss

Amended Complaint or for Summary Judgment [Docket No. 30]. On March 16, 2005, Plaintiffs

filed with the Court a Supplemental Submission which included that affidavit entitled

"Declaration of Frank Balint" [Docket No. 45].

Upon the filing of the Balint Declaration, Plaintiffs requested that Kyocera withdraw its motion, without prejudice. However, Kyocera has refused to do so, and has instead requested that it be allowed to conduct additional discovery prior to the adjudication of their presently-pending Motion. Defendant Kyocera's request for additional discovery is a concession that it does not have the necessary support for its own motion for summary judgment. Judgment as a matter of law is therefore wholly inappropriate. Kyocera's Motion to Dismiss and/or for Summary Judgment is ripe for adjudication: no additional discovery is necessary at this time.

The Balint Declaration clearly establishes the existence of genuine issues of material fact, and Kyocera's Motion should therefore be denied. The Balint Declaration provides evidence that Kyocera sold to Raytheon beryllium-containing products for projects other than the Trident missile program, which Kyocera contends was the only project in which it had any involvement. Specifically, based on his personal knowledge, Mr. Balint has provided testimony that, for at least two projects unrelated to the Trident program, Kyocera distributed, sold, supplied, and/or shipped to the Waltham plant beryllium and/or beryllium ceramics to be used as insulators between high-voltage components, and that these products would undergo sand blasting, which introduced respirable beryllium dust into the air at the plant. *See* Balint Declaration. [Docket No. 45]. Insofar as these facts are clearly in dispute, Kyocera's contention that, as a matter of law, it is entitled to protection under the government contractor defense or the defense that its product did not produce respirable dust must fail.

Plaintiffs respectfully request that the Court address the currently-pending Motion, which should be denied for the reasons set forth at length in Plaintiffs' Opposition and Plaintiffs' Supplemental Submission of the Balint Declaration. Genuine issues of material fact clearly exist

as to the Kyocera products at issue in this matter, and the entry of Summary Judgment must therefore be denied.

WHEREFORE, Plaintiffs Suzanne Genereux, Barry Genereux, Angela Genereux, and Krista Genereux respectfully request that this Court deny Defendants' Motions to Dismiss Amended Complaint or for Summary Judgment.

Respectfully submitted, this 15th day of April, 2005.

**MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

/s/ Leo V. Boyle

_____
Leo V. Boyle, BBO No. 052700
Michael B. Bogdanow, BBO No. 544174
Bradley M. Henry, BBO No. 559501
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617.523.8300

OF COUNSEL (admitted *pro hac vice*):
**GOLOMB & HONIK, P.C.**

Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

## CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on April 15, 2005, I served the foregoing Plaintiffs' Status Report Pursuant to the Court's February 14, 2005 Bench Order, by electronic filing and by mailing an exact copy postage prepaid to counsel of record.

/s/ Bradley M. Henry

_____
Bradley M. Henry