UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX,<br>                  Plaintiffs,<br><br>      v.<br><br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY,<br>                  Defendants. | Case No. 04-CV-12137 JLT |

## STATUS REPORT OF DEFENDANT KYOCERA

At the conclusion of the February 14, 2005, hearing in this action, the Court asked Kyocera and the plaintiffs to report to this Court on April 15, 2005, with respect to Kyocera's Motion to Dismiss or for Summary Judgment.

The declaration of former Raytheon employee Frank Balint has been provided by plaintiffs' counsel to Kyocera and was filed with the Court. Mr. Balint's declaration states that Kyocera supplied insulating material for one or more of the four product lines on which he worked. Kyocera and plaintiffs have discussed Mr. Balint's declaration and cannot agree to its effect on Kyocera's Motion. It is Kyocera's position that Mr. Balint's declaration is vague and ambiguous, and does not create a issue of material fact. Kyocera has no records supporting that any beryllium-containing products were sold to Raytheon for use in the

projects identified by Mr. Balint. Furthermore, Mr. Balint identifies government projects that also likely fall within the government contractor defense.

Nevertheless, Kyocera believes that limited discovery in the form of a narrow request for production to defendant Raytheon relating to these four projects, followed by the deposition of Mr. Balint, are appropriate to clarify Mr. Balint's statements and resolve Kyocera's government contractor defense. The plaintiffs believe Kyocera should withdraw its Motion without prejudice, discovery should begin, and Kyocera could resubmit its Motion at a later date.

I. <u>Kyocera is entitled to present its Government Contractor Defense at the early stages of this litigation</u>.

The rationale for the government contractor defense is to ensure that the United States can enter into contracts free from the imposition of liability and the cost of judgments rendered against government contractors, which cost would ultimately be absorbed by the United States. <u>Isaacson v. Dow Chemical Co. (In re "Agent Orange" Prod. Liab. Litig.)</u>, 304 F. Supp. 2d 404, 442 (E.D.N.Y., 2004), citing <u>Boyle v. United Techs. Corp.</u>, 487 U.S. 500, 511-12 (1988). Limited discovery at the outset of this litigation, to determine whether Kyocera supplied beryllium products to Raytheon for any of the four projects Mr. Balint identifies, and if so, whether the requirements of the government contractor defense are met, furthers this policy.

II. <u>Mr. Balint's declaration is critically inadequate and does not create a material issue of fact</u>.

Mr. Balint's declaration does not specifically identify Kyocera products supplied to Raytheon and does not identify a Kyocera product that was sand blasted. It also does not connect the four projects he worked on with the plaintiff, Ms. Genereux. Finally, even if Mr.

Balint could specifically identify a beryllium-containing product that Kyocera supplied to Raytheon, which Kyocera believes he cannot, Mr. Balint's identification of four military projects indicates Kyocera would still likely qualify for immunity through the government contractor defense. The appropriate procedure is to provide Kyocera with limited discovery to cross examine Mr. Balint with respect to statements in his declaration, and to determine whether there are any documents at Raytheon regarding Kyocera products supplied for these four projects.

    Mr. Balint's inability to identify a beryllium-containing product that Kyocera supplied to Raytheon is a failure to identify a material issue of fact sufficient to defeat Kyocera's Motion. Limited discovery, to be completed in two months, should be conducted to determine Kyocera's Motion on its merits. Attached to this Report is a Proposed Scheduling Order authorizing limited discovery as reflected in this Report.

Respectfully Submitted,

Defendants Kyocera America, Inc., and
Kyocera Industrial Ceramics Corp.

By their Attorneys,

  /s/ John C. Wyman
_____
John C. Wyman (BBO #535620)
Sara P. Bryant (BBO #658021)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 457-4000

Dated: April 15, 2005

301719-5

3

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I John C. Wyman certify that I have spoken with Bradley M. Henry, Ruben Honik and Stephan Matanovic, counsel for the Plaintiffs, on April 8, 2005, and prior to this filing, concerning this Status Report. We were unable to resolve or narrow the issues.

/s/ John C. Wyman
_____
John C. Wyman (BBO #535620)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 457-4000

Dated: April 15, 2005