UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

SUZANNE GENEREUX and BARRY GENEREUX,
Individually and as Parents and Natural Guardians of
their minor children, ANGELA GENEREUX and
KRISTA GENEREUX,
                        Plaintiffs

v.

AMERICAN BERYLLIA CORP., BRUSH
WELLMAN, INC., BRUSH WELLMAN
CERAMICS INC., BRUSH WELLMAN CERAMIC
PRODUCTS INC., HARDRIC LABORATORIES,
INC., KYOCERA AMERICA, INC., KYOCERA
INDUSTRIAL CERAMICS CORP., and
RAYTHEON COMPANY,
                        Defendants

CIVIL ACTION
NO:  04-12137-JLT

**PLAINTIFFS' OPPOSITION TO DEFENDANT BRUSH WELLMAN,
INC.'S MOTION TO FILE SUPPLEMENTAL MATERIALS**

      Plaintiffs hereby oppose the motion of defendant Brush Wellman, Inc. ("Brush") for leave to file yet more supplemental materials in its attempts to have plaintiff's claims against it dismissed. As grounds for their opposition, plaintiffs state that notwithstanding Brush's conclusory suggestions to the contrary, the laws and courts of Georgia (upon which Brush's supplemental filing is entirely based) differ substantially from the laws and courts of the Commonwealth of Massachusetts. Since Brush's entire supplemental filing is based solely on how a Geogia state court would likely approach the issue of cognizable *injuria* under Georgia law and because Geogia law on the issue is not similar to that of Massachusetts, Brush's motion and supplemental filing should be rejected.

      As the Court has already indicated at the hearing on Brush's motion to dismiss, it is to the substantive law of Massachusetts to which the Court primarily looks to determine whether *injuria* is legally cognizable. (*See* Docket # 46, Transcript of Hearing of Feb. 14, 2005, p. 6) *See generally*, *Largess v. Supreme Judicial Court,* 373 F.3d 219, 225, (1st Cir. 2004) ("federal courts should generally defer to a state's highest court on issues of state law.")  Where the law is still developing,

then the Court attempts to resolve the issue in same manner as would that highest state court. *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 129 F.3d 414 (7th Cir. 1997).

In its second supplemental filing, Brush now asks this Court to consider a memorandum of law from a federal court sitting in Georgia which, on its own terms and by its own language, is limited to the unique law of the State of Georgia and the manner in which that federal court expected the Georgia Supreme Court would resolve the issue. (*See* Defendant's Motion, Exhibit A, pp. 13-14.)  In considering how a Georgia state court would address the issue, the judge expressly noted that Georgia state courts are "singularly reluctant" to extend existing law through judicial decision and consistently left such issues for its legislature. *Id.* at p. 19, n. 8.  The same simply cannot be said of the Massachusetts Supreme Judicial Court or the courts of the Commonwealth which, throughout much of the state's history, have not shied away from extending existing law where reason and justice so required.

Moreover, in its filing, defendant Brush made no attempt to show that existing Georgia law was in any manner consistent with, much less similar to, the laws of Massachusetts or that the Massachusetts Supreme Judicial Court would approach the issue of cognizable *injuria* in a similar manner.  This may be because the laws of the two states and the approaches of their courts are not at all similar.  As but one example, plaintiffs have already shown that Massachusetts law is consistent with medical monitoring jurisprudence in that it follows the definition of "injury" found in the Restatement (Second) of Torts § 7 (1965) under which the term "injury" denotes "the invasion of any legally protected interest of another" and that even though "[t]he most usual form of injury is the infliction of some harm; ... there may be an injury although no harm is done." *Leardi v. Brown,* 394 Mass. 151, 159-160, 474 N.E.2d 1094, 1101 (1985) (defining the term "injury" under Mass.

Gen. L. c. 93A based on the court's interpretation of words and phrases in the common law of Massachusetts).[1] Conversely, plaintiffs have been unable to find a single Georgia case that even references, much less adopts, the interpretation of "injury" as set forth in the Restatement (Second) of Torts § 7 (1965). Certainly, nothing in the Brush filing suggests that Georgia law or Georgia courts would approach the issue in the manner already adopted by Massachusetts courts. *See Anello v. Shaw Industries, Inc.*, 2000 WL 1609831 (D. Mass. 2000) (already recognizing viability of medical monitoring as item of damages.)

In short, nothing in the factually and legally distinct case discussed in Brush's filing indicates that Georgia law or Georgia courts view the issue of cognizable *injuria* in the same or even a similar manner as Massachusetts law or the Supreme Judicial Court. Consequently, Brush's second supplemental filing of this type should be rejected and its motion denied.

Respectfully submitted,
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.     OF COUNSEL (*pro hac vice*)
                                             GOLOMB & HONIK, P.C.

/s/ Leo V. Boyle
                                             Ruben Honik
Leo V. Boyle (B.B.O. 052700)                 Sherrie J. Cohen
Two Center Plaza, Suite 600                  Stephan Matanovic
Boston, Massachusetts 02108                  121 S. Broad Street, Ninth Floor
617-523-8300                                 Philadelphia, PA 19107

**CERTIFICATE OF SERVICE**

I, Bradley M. Henry, certify that on May 11, 2004, I served the Foregoing Plaintiffs' Opposition to Defendant Brush Wellman, Inc.'S Motion to File Supplemental Materials, by electronic filing and mailing an exact copy postage prepaid to counsel of record.

/s/ Bradley M. Henry
Bradley M. Henry

---

[1] *Cf. Anderson v. W.R. Grace & Co.*, 628 F. Supp. 1219, 1228 (D. Mass. 1986), *aff'd sub nom. Anderson v. Beatrice Foods Co.*, 900 F.2d 388 (1st Cir.), *cert. denied,* 111 S. Ct. 233 (1990) (consistent with state law, court relaxed physical injury requirement in fear of cancer case, permitting expert medical testimony to substantiate subcellular changes.)