## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SUZANNE GENEREUX, et al.,

     Plaintiffs,

v.

AMERICAN BERYLLIA CORP.,
et al.,

     Defendants.

Case No. 04-CV-12137–JLT

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
## BRUSH WELLMAN INC. TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Brush Wellman Inc. ("Brush Wellman") hereby answers the allegations of the Amended Complaint as follows:

1.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis, denies them..

2.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis, denies them.

3.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis, denies them.

3. [*sic*] Brush Wellman admits that it is an Ohio corporation, that its principal office and corporate headquarters are located at 17876 St. Clair Avenue, Cleveland, Ohio, that it maintains an agent for acceptance of service in Massachusetts, and that it regularly

conducts business in Massachusetts. Brush Wellman denies the remaining allegations contained in paragraph 3 [*sic*].

4.      Brush Wellman denies the allegations of paragraph 4, and avers that Brush Wellman Ceramics Inc. was dissolved in 1981.

5.      Brush Wellman denies the allegations of paragraph 5, and avers that Brush Wellman Ceramic Products Inc. was liquidated into Brush Wellman Inc. in 1981.

6.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis, denies them.

7.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis, denies them.

8.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis, denies them.

9.      Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis, denies them.

10.     Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis, denies them.

11.     Brush Wellman admits the allegations of paragraph 11.

BOS_BOS_491024_1.DOC/ASPIRO

12.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis, denies them.

13.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis, denies them.

14.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis, denies them.

15.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis, denies them.

16.    Brush Wellman admits that plaintiffs' Amended Complaint refers to the entities listed in paragraph 16 as "the manufacturing Defendants."

17.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis, denies them.

18.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis, denies them.

19.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis, denies them.

20.     Brush Wellman admits that during a portion of the time period described in the Amended Complaint, it sold and shipped beryllium-containing products, including beryllium ceramics, to Raytheon's Waltham plant, but lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21.     Brush Wellman denies the allegations of paragraph 21 to the extent they are directed against Brush Wellman.

22.     Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis, denies them.

23.     Brush Wellman denies the allegation that exposure to beryllium causes cancer in humans, but otherwise admits the remaining allegations of paragraph 23.

24.     Brush Wellman admits that exposure at some level to airborne beryllium particulate can cause acute beryllium disease and, in some individuals, can cause CBD; and admits that in persons who have developed a sensitivity to beryllium, beryllium particles in the lungs may trigger the formation of granulomas and an inflammatory process that may interfere with normal lung function.  Further answering, Brush Wellman avers that not all persons can develop, or are susceptible to, an immune response to beryllium; that some people who are diagnosed with CBD will never develop physical impairment or symptoms; and that the definition of CBD has changed over time.  Brush Wellman otherwise denies the remaining allegations of paragraph 24.

25.     Brush Wellman admits that CBD has been reported to appear in some people up to 30 years after exposure and as early as 4 months after first exposure, but denies the remaining allegations of paragraph 25, and avers that not all persons can

- 4 -

develop, or are susceptible to, an immune response to beryllium; that some people who are diagnosed with CBD will never develop any physical impairment or symptoms; and that the definition of CBD has changed over time.

26.    Brush Wellman admits that CBD is a granulomatous disease and that symptoms of CBD may include some of the symptoms listed in paragraph 26, but denies that CBD is "characterized" by those symptoms, insofar as most cases of CBD diagnosed with current technology are asymptomatic.  Further answering, Brush Wellman avers that not all persons can develop or are susceptible to, an immune response to beryllium; that some people who are diagnosed with CBD will never develop any physical impairment or symptoms; and that the definition of CBD has changed over time.  Brush Wellman denies the remaining allegations of paragraph 26.

27.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis, denies them.

28.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28, and on that basis, denies them.

29.    Brush Wellman admits that plaintiffs make the claims described in paragraph 29, but denies that those claims have any merit.

30.    Brush Wellman denies the allegations of paragraph 30 to the extent they are directed against Brush Wellman.

31.    Brush Wellman denies the allegations of paragraph 31 to the extent they are directed against Brush Wellman.

BOS_BOS_491024_1.DOC/ASPIRO

32.    Brush Wellman denies the allegations of paragraph 32 to the extent they are directed against Brush Wellman.

33.    Brush Wellman denies the allegations of paragraph 33 to the extent they are directed against Brush Wellman.

34.    Brush Wellman denies the allegations of paragraph 34 to the extent they are directed against Brush Wellman.

## COUNT I - NEGLIGENCE

35.    Brush Wellman incorporates by reference its responses to paragraphs 1-34 as though fully set forth herein at length.

36.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's medical condition, and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

37.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's physical or emotional condition, and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

38.    Brush Wellman:

(a)    Denies the allegations of paragraph 38(a) to the extent they are directed against Brush Wellman.

(b)    Denies the allegations of paragraph 38(b) to the extent they are directed against Brush Wellman.

(c)    Denies the allegations of paragraph 38(c) to the extent they are directed against Brush Wellman.

BOS_BOS_491024_1.DOC/ASPIRO

(d)    Denies the allegations of paragraph 38(d) to the extent they are directed against Brush Wellman.

(e)    Denies the allegations of paragraph 38(e) to the extent they are directed against Brush Wellman.

(f)    Denies the allegations of paragraph 38(f) to the extent they are directed against Brush Wellman.

(g)    Denies the allegations of paragraph 38(g) to the extent they are directed against Brush Wellman.

(h)    Denies the allegations of paragraph 38(h) to the extent they are directed against Brush Wellman.

(i)    Denies the allegations of paragraph 38(i) to the extent they are directed against Brush Wellman.

39.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's present or future physical or emotional condition, and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

40.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's medical or other expenses and denies that any harm was caused by any negligence, gross negligence, carelessness, or recklessness of Brush Wellman.

41.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's ability to work and/or her earning capacity, and denies the remaining allegations of paragraph 41.

BOS_BOS_491024_1.DOC/ASPIRO

## COUNT II - BREACH OF WARRANTY

42.    Brush Wellman incorporates by reference its responses to paragraphs 1-41 as though fully set forth herein at length.

43.    Brush Wellman denies the allegations of paragraph 43 to the extent they are directed against Brush Wellman.

44.    Brush Wellman admits that Brush Wellman products sold to Raytheon contain beryllium; admits that airborne beryllium-containing particulate is a potential hazard if not properly controlled; admits that some susceptible persons may develop chronic beryllium disease from inhaling a sufficient concentration of respirable airborne beryllium containing particulate; and denies the remaining allegations of paragraph 44 to the extent they are directed against Brush Wellman.

45.    Brush Wellman denies the allegations of paragraph 45 to the extent they are directed against Brush Wellman.

46.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46, and on that basis, denies them.

47.    Brush Wellman denies the allegations of paragraph 47 to the extent they are directed against Brush Wellman.

48.    Brush Wellman admits it has known that manufacturing processes generating beryllium particulate represent a potential health hazard if not properly controlled, but denies the remaining allegations of paragraph 48 to the extent they are directed against Brush Wellman.

BOS_BOS_491024_1.DOC/ASPIRO

49.    Brush Wellman admits it has known that airborne beryllium particulate is a potential health hazard even at concentrations that are invisible, but specifically denies that CBD is a "severe and disabling lung disease," and denies the remaining allegations of paragraph 49 to the extent they are directed against Brush Wellman.

50.    Brush Wellman denies the allegations of paragraph 50 to the extent they are directed against Brush Wellman.

51.    Brush Wellman does not have sufficient knowledge or information to form a belief as to the plaintiff's medical condition, and denies the remaining allegations of paragraph 51.

### COUNT III - FAILURE TO WARN

52.    Brush Wellman incorporates by reference its responses to paragraphs 1-51 as though fully set forth herein at length.

53.    Brush Wellman admits it has known that manufacturing processes generating beryllium particulate represent a potential health hazard if not properly controlled, but denies the remaining allegations of paragraph 53 to the extent they are directed against Brush Wellman.

54.    Brush Wellman admits it has known that airborne beryllium particulate is a potential health hazard even at concentrations that are invisible, but specifically denies that CBD is a "severe and disabling lung disease," and denies the remaining allegations of paragraph 54 to the extent they are directed against Brush Wellman.  Answering further, Brush Wellman:

(a)    Denies the allegations of paragraph 54(a) to the extent they are directed against Brush Wellman.

BOS_BOS_491024_1.DOC/ASPIRO

(b)     Denies the allegations of paragraph 54(b) to the extent they are directed against Brush Wellman.

(c)     Denies the allegations of paragraph 54(c) to the extent they are directed against Brush Wellman.

(d)     Denies the allegations of paragraph 54(d) to the extent they are directed against Brush Wellman.

(e)     Denies the allegations of paragraph 54(e) to the extent they are directed against Brush Wellman.

(f)     Denies the allegations of paragraph 54(f) to the extent they are directed against Brush Wellman.

(g)     Denies the allegations of paragraph 54(g) to the extent they are directed against Brush Wellman.

(h)     Denies the allegations of paragraph 54(h) to the extent they are directed against Brush Wellman.

(i)     Denies the allegations of paragraph 54(i) to the extent they are directed against Brush Wellman.

55.     Brush Wellman denies the allegations of paragraph 55 to the extent they are directed against Brush Wellman.

56.     Brush Wellman denies the allegations of paragraph 56 to the extent they are directed against Brush Wellman.

## COUNT IV - STRICT LIABILITY FOR ULTRAHAZARDOUS AND/OR ABNORMALLY DANGEROUS ACTIVITIES

57-59. Count IV has been dismissed.     Accordingly, no response to these paragraphs is necessary.

BOS_BOS_491024_1.DOC/ASPIRO

## COUNT V - BREACH OF CONSUMER PROTECTION STATUTE

60.    Brush Wellman incorporates by reference its responses to paragraphs 1-59 as though fully set forth herein at length.

61.    Brush Wellman admits that counsel for plaintiffs sent Brush Wellman a letter making a demand for settlement of plaintiffs' purported M.G.L. c. 93A claims, denies that plaintiffs' letter complied with the demand letter requirements of M.G.L. c. 93A, states that Brush Wellman reasonably responded by letter to the purported 93A demand letter, and admits that in its responsive letter, Brush Wellman did not make a settlement offer for the reasons set forth in its responsive letter.  Brush Wellman denies the remaining allegations of paragraph 61.

62.    Brush Wellman denies the allegations of paragraph 62 to the extent they are directed against Brush Wellman.

63.    Brush Wellman denies the allegations of paragraph 63 to the extent they are directed against Brush Wellman.

64.    Brush Wellman denies the allegations of paragraph 64 to the extent they are directed against Brush Wellman.

## COUNT VI - FRAUDULENT CONCEALMENT OR NONDISCLOSURE

65.    Brush Wellman incorporates by reference its responses to paragraphs 1-64 as though fully set forth herein at length.

65. (*sic*) Brush Wellman denies the allegations of paragraph 65 (*sic*) and denies the allegations of subparagraphs 65(a) - (c).

66.    Brush Wellman denies the allegations of paragraph 66.

BOS_BOS_491024_1.DOC/ASPIRO

## COUNT VII - CONSPIRACY

67-74. Count VII has been dismissed.    Accordingly, no response to these paragraphs is necessary.

## COUNT VIII - MEDICAL MONITORING

75-90. Count VIII has been dismissed.    Accordingly, no response to these paragraphs is necessary.

## COUNT IX - NEGLIGENCE (LOSS OF CONSORTIUM)

91.    Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-90 of the Amended Complaint, as though fully set forth herein at length.

92.    Brush Wellman denies the allegations of paragraph 92 to the extent they are directed against Brush Wellman.

## COUNT X - BREACH OF WARRANTY (LOSS OF CONSORTIUM)

93.    Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-92 of the Amended Complaint, as though fully set forth herein at length.

94.    Brush Wellman denies the allegations of paragraph 94 to the extent they are directed against Brush Wellman.

## COUNT XI - FAILURE TO WARN (LOSS OF CONSORTIUM)

95.    Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-94 of the Amended Complaint, as though fully set forth herein at length.

96.    Brush Wellman denies the allegations of paragraph 96 to the extent they are directed against Brush Wellman.

BOS_BOS_491024_1.DOC/ASPIRO

## COUNT XII - STRICT LIABILITY (LOSS OF CONSORTIUM)

97-98. Count XII has been dismissed. Accordingly, no response to these paragraphs is necessary.

## COUNT XIII - BREACH OF CONSUMER PROTECTION STATUTE

99.     Brush Wellman incorporates by reference its responses to the allegations of paragraphs 1-98 of the Amended Complaint, as though fully set forth herein at length.

100.    Brush Wellman admits that counsel for plaintiffs sent Brush Wellman a letter making a demand for settlement of plaintiffs' purported M.G.L. c. 93A claims, denies that plaintiffs' letter complied with the demand letter requirements of M.G.L. c. 93A, states that Brush Wellman reasonably responded by letter to the purported 93A demand letter, and admits that in its responsive letter, Brush Wellman did not make a settlement offer for the reasons set forth in its responsive letter. Brush Wellman denies the remaining allegations of paragraph 100.

101.    Brush Wellman denies the allegations of paragraph 101 to the extent they are directed against Brush Wellman.

102.    Brush Wellman denies the allegations of paragraph 102 to the extent they are directed against Brush Wellman.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

BOS_BOS_491024_1.DOC/ASPIRO

## Second Affirmative Defense

Plaintiffs' claims against Brush Wellman, if any, may be barred in whole or in part, by any applicable statutes of limitations and repose.

## Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, ratification, unclean hands, waiver, and/or estoppel.

## Fourth Affirmative Defense

Plaintiffs failed to join indispensable parties.

## Fifth Affirmative Defense

Plaintiffs' injuries or risk of injury (if any) were caused by the act and/or omissions of plaintiffs and/or persons or entities other than Brush Wellman, over whom Brush Wellman had no control and no right to control.

## Sixth Affirmative Defense

Plaintiffs' injuries or risk of injury, if any, were caused by the superseding intervening acts of persons or entities other than Brush Wellman.

## Seventh Affirmative Defense

To the extent that any of plaintiffs' own voluntary acts and/or failures to follow safety procedures, rules and/or regulations caused or contributed to their alleged injuries, damages, and/or losses (if any), any recovery by plaintiffs should be barred, reduced, offset and/or diminished accordingly.

BOS_BOS_491024_1.DOC/ASPIRO

### Eighth Affirmative Defense

Any recovery by plaintiffs should be barred, reduced, offset, and/or diminished because of comparative negligence, contributory negligence, assumption of the risk, and any other similar defenses.

### Ninth Affirmative Defense

Any recovery by plaintiffs should be barred, reduced, offset and/or diminished because of acts or omissions of persons or entities other than Brush Wellman.

### Tenth Affirmative Defense

Brush Wellman pleads rights to setoff, apportionment of fault and liability, contribution, and any other rights it may have pursuant to Massachusetts and other applicable law.

### Eleventh Affirmative Defense

Any recovery by plaintiffs should be barred, reduced, offset and/or diminished by the compensation for those injuries (if any) received from the Bureau of Workers' Compensation and/or from any other collateral source not paid for by plaintiffs.

### Twelfth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, by the sophisticated user doctrine and/or the learned intermediary doctrine.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the raw materials supplier defense, bulk supplier defense, and/or Section 5 of the Restatement (Third) of Torts.

BOS_BOS_491024_1.DOC/ASPIRO

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the government contractor defense.

### Fifteenth Affirmative Defense

Plaintiffs failure to warn claims are preempted or barred, in whole or in part, by the OSHA Hazard Communication Standard.

### Sixteenth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, by the economic loss rule.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by federal preemption and/or separation of powers doctrines.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by constitutional defenses including (but not limited to): the right to free association, the right to free speech, and the right to petition the government for a redress of grievances.

### Nineteenth Affirmative Defense

The claims of some plaintiffs may be barred or limited by the Energy Employees Occupational Illness Compensation Program Act of 2000.

### Twentieth Affirmative Defense

Plaintiffs may lack standing to bring some or all of the claims set forth in the Amended Complaint.

BOS_BOS_491024_1.DOC/ASPIRO

## Twenty-First Affirmative Defense

Plaintiffs claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Twenty-Second Affirmative Defense

Plaintiffs claims are barred, in whole or in part, because the beryllium-containing products manufactured, labeled, and sold by Brush Wellman conformed with available technological, medical, scientific, and industrial state-of-the-art at all material times.

## Twenty-Third Affirmative Defense

Plaintiffs claims against Brush Wellman are barred, in whole or in part, because the materials received from this defendant did not reach plaintiffs without substantial change, alteration, or modification in their condition.

## Twenty-Fourth Affirmative Defense

If it is determined that Brush Wellman sold the products allegedly involved in plaintiffs' injuries or risk of injury, Brush Wellman avers that the products were not defective or unreasonably dangerous for their ordinary intended use when the left the possession of Brush Wellman.

## Twenty-Fifth Affirmative Defense

If plaintiffs were injured as alleged, Brush Wellman avers that said injuries or risk of injury were caused by misuse, improper use, abuse, or negligent use of the product or products in question.

## Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because to the extent beryllium is determined to be a dangerous product, it is unavoidably unsafe.

BOS_BOS_491024_1.DOC/ASPIRO

### Twenty-Seventh Affirmative Defense

All applicable requirements of state and federal law were met regarding the marketing, sale and distribution of the product or products by Brush Wellman.

### Twenty-Eighth Affirmative Defense

To the extent the Amended Complaint purports to state claims for nondisclosure, fraudulent concealment, and/or civil conspiracy, the Amended Complaint fails to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b).

### Twenty-Ninth Affirmative Defense

To the extent the Amended Complaint purports to seek consequential damages from any alleged breach of an implied warranty, plaintiffs have failed to plead such alleged damages with the particularity required by Federal Rule of Civil Procedure 9(g).

### Thirtieth Affirmative Defense

Plaintiffs have failed to mitigate their damages or risk of injury (if any).

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred or limited to the extent plaintiffs have previously secured full or partial satisfaction for the injuries and damages alleged in the Amended Complaint.

### Thirty-Second Affirmative Defense

Plaintiffs punitive damages claims are barred or limited to the extent they are based upon conduct occurring outside the Commonwealth of Massachusetts or based upon conduct unrelated to plaintiffs' alleged injuries.

BOS_BOS_491024_1.DOC/ASPIRO

### Thirty-Third Affirmative Defense

Any award of punitive damages against Brush Wellman in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

### Thirty-Fourth Affirmative Defense

Plaintiffs are not entitled to trial by jury of claims brought pursuant to M.G.L. Chapter 93A.

### Thirty-Fifth Affirmative Defense

Plaintiffs have failed to satisfy the notice requirements of M.G.L. Chapter 93A that are prerequisites to suit and are barred from asserting claims under Chapter 93A.

### Thirty-Sixth Affirmative Defense

Plaintiffs have failed to satisfy the thirty-day demand letter requirement of M.G.L. Chapter 93A and are barred from asserting claims under Chapter 93A.

### Thirty-Seventh Affirmative Defense

Brush Wellman hereby adopts and incorporates by reference any applicable affirmative defenses raised by its co-defendants.

Brush Wellman reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

WHEREFORE, defendant, Brush Wellman, denies it is liable to plaintiffs in any sum and requests that judgment be entered in its favor and against plaintiffs on all counts of plaintiffs' Amended Complaint, and that it be awarded its costs and expenses and such other relief as is just and appropriate.

BOS_BOS_491024_1.DOC/ASPIRO

Dated:  June 6, 2005                    Respectfully submitted,

                                        BRUSH WELLMAN INC.


                                        By:   /s/ Alan M. Spiro
                                        Alan M. Spiro
                                        Federal Bar No. 475650
                                        Edwards & Angell, LLP
                                        101 Federal Street
                                        Boston, MA 02110
                                        Tel:    (617) 951-2204
                                        Fax:    (888) 325-9124

                                        AND

                                        Jeffery D. Ubersax
                                        Jones Day
                                        North Point
                                        901 Lakeside Ave.
                                        Cleveland, Ohio  44114-1190
                                        Tel:    (216) 586-3939
                                        Fax:    (216) 579-0212

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June 2005, a copy of the foregoing First Amended Answer and Affirmative Defenses of Defendant Brush Wellman Inc. to Plaintiffs' Amended Complaint was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Dated:  June 6, 2005

                                        /s/ Alan M. Spiro
                                        Attorney for Brush Wellman  Inc.