UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX,<br><br>                Plaintiffs,<br><br>    v.<br><br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON COMPANY,<br><br>                Defendants. | Case No. 04-CV-12137 JLT |

**<u>ANSWER OF DEFENDANTS</u>**
**<u>KYOCERA AMERICA, INC. AND KYOCERA INDUSTRIAL CERAMICS CORP.</u>**
**<u>TO PLAINTIFFS' AMENDED COMPLAINT</u>**

Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corporation (collectively "Kyocera") answer each and every allegation contained in Plaintiffs' Amended Complaint as follows:

    1.    Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

    2.    Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

    3.    Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

3. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph numbered "3".[1]

4. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Kyocera admits that Kyocera America, Inc. is a California corporation with its principal office and corporate headquarters at 8611 Balboa Avenue, San Diego, California. Kyocera denies the remainder of paragraph 7.

8. Kyocera admits that Kyocera Industrial Ceramics Corporation is a Washington corporation with its principal office and headquarters located at 5713 East Fourth Plain Boulevard, Vancouver, Washington. Kyocera denies the remainder of paragraph 8.

9. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

---

[1] The Plaintiffs' Amended Complaint contains two paragraphs numbered 3.

13. Kyocera admits that at times relevant to this case, it was involved in the manufacture of a limited number of products containing beryllium discs for government contractors. Kyocera denies the remainder of paragraph 13

14. Kyocera denies the allegations of paragraph 14.

15. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Paragraph 16 does not require a response by Kyocera.

17. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Kyocera answers that its officers performed services and acted for Kyocera during all times relevant to this case, and denies the remaining allegations in paragraph 19.

20. Kyocera admits that at times relevant to this case, it was involved in the manufacture of a limited number of products containing beryllium discs for government contractors. Kyocera denies the remainder of paragraph 20.

21. Kyocera denies the allegations of paragraph 21.

22. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Kyocera denies the allegations in paragraph 24.

25.  Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.  Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.  Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.  Kyocera denies the allegations of paragraph 28.

29.  Kyocera denies the allegations of paragraph 29.

30.  Kyocera denies the allegations of paragraph 30.

31.  Kyocera denies the allegations of paragraph 31.

32.  Kyocera denies the allegations of paragraph 32.

33.  Kyocera denies the allegations of paragraph 33.

34.  Kyocera denies the allegations of paragraph 34.

## COUNT I

### NEGLIGENCE

35.  Kyocera incorporates its responses to paragraphs 1 through 34.

36.  Kyocera denies the allegations of paragraph 36.

37.  Kyocera denies the allegations of paragraph 37.

38.  Kyocera denies the allegations of paragraph 38, subsections (a) through (i).

39.  Kyocera denies the allegations of paragraph 39.

40.  Kyocera denies the allegations of paragraph 40.

41.  Kyocera is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

## COUNT II

## BREACH OF WARRANTY

42. Kyocera incorporates its responses to paragraphs 1 through 41.

43. Kyocera denies the allegations of paragraph 43.

44. Kyocera denies the allegations of paragraph 44.

45. Kyocera denies the allegations of paragraph 45.

46. Kyocera denies the allegations of paragraph 46.

47. Kyocera denies the allegations of paragraph 47.

48. Kyocera denies the allegations of paragraph 48.

49. Kyocera denies the allegations of paragraph 49.

50. Kyocera denies the allegations of paragraph 50.

51. Kyocera denies the allegations of paragraph 51.

## COUNT III

## FAILURE TO WARN

52. Kyocera incorporates its responses to paragraphs 1 through 51.

53. Kyocera denies the allegations of paragraph 53.

54. Kyocera denies the allegations of paragraph 54, subsections (a) through (i).

55. Kyocera denies the allegations of paragraph 55.

56. Kyocera denies the allegations of paragraph 56.

## COUNT IV

### STRICT LIABILITY FOR ULTRAHAZARDOUS AND/OR ABNORMALLY DANGEROUS ACTIVITIES

Paragraphs 57 through 59.  This count was dismissed by this Court's Order, dated February 14, 2005.

## COUNT V

### BREACH OF CONSUMER PROTECTION STATUTE

60. Kyocera incorporates its responses to paragraphs 1 through 59.

61. Kyocera denies the allegations of paragraph 61.

62. Kyocera denies the allegations of paragraph 62.

63. Kyocera denies the allegations of paragraph 63.

64. Kyocera denies the allegations of paragraph 64.

## COUNT VI

### FRAUDULENT CONCEALMENT OR NONDISCLOSURE

65. Kyocera incorporates its responses to paragraphs 1 through 64.

Paragraphs 65[2] through 66. Kyocera is not named as a party in this count.

## COUNT VII

### CONSPIRACY

Paragraphs 67 through 74.  This count was dismissed by this Court's Order, dated February 14, 2005.

---

[2] The Plaintiffs' Amended Complaint contains two paragraphs numbered 65.

6

## COUNT VIII

## MEDICAL MONITORING

Paragraphs 75 through 90.  This count was dismissed by this Court's Order, dated May 12, 2005.

## COUNT IX

## NEGLIGENCE (LOSS OF CONSORTIUM)

91.   Kyocera incorporates its responses to paragraphs 1 through 90.

92.   Kyocera denies the allegations of paragraph 92.

## COUNT X

## BREACH OF WARRANTY (LOSS OF CONSORTIUM)

93.   Kyocera incorporates its responses to paragraphs 1 through 92.

94.   Kyocera denies the allegations of paragraph 94.

## COUNT XI

## FAILURE TO WARN (LOSS OF CONSORTIUM)

95.   Kyocera incorporates its responses to paragraphs 1 through 94.

96.   Kyocera denies the allegations of paragraph 96.

## COUNT XII

## STRICT LIABILITY (LOSS OF CONSORTIUM)

97.   Kyocera incorporates its responses to paragraphs 1 through 96.

98.   Kyocera denies the allegations of paragraph 98.

## COUNT XII

## BREACH OF CONSUMER PROTECTION STATUTE

99.   Kyocera incorporates its responses to paragraphs 1 through 98.

100. Kyocera denies the allegations of paragraph 100.

101. Kyocera denies the allegations of paragraph 101.

102. Kyocera denies the allegations of paragraph 102.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Kyocera is entitled to immunity from liability pursuant to the government contractor defense, as enumerated by the Supreme Court in Boyle v. United Techs. Corp., 487 U.S. 500, 512-513 (1988).

Second Affirmative Defense

If the Plaintiffs sustained damage under the circumstances alleged in their Complaint, then to the extent that the product at issue was misused, Kyocera is not liable for such damage.

Third Affirmative Defense

To the extent that the plaintiffs or others may have ground or otherwise treated Kyocera products that may have contained beryllium, this was a use not intended or foreseeable and Kyocera is not liable for such damage.

Fourth Affirmative Defense

To the extent that the Plaintiffs' negligence or acts contributed to the damages alleged in their Complaint, any recovery against Kyocera should be reduced by the Plaintiffs' comparative or contributory negligence.

### Fifth Affirmative Defense

To the extent that another party's negligence or acts contributed to the damages alleged in the Complaint, any recovery against Kyocera should be reduced by that party's comparative negligence.

### Sixth Affirmative Defense

Any injuries Plaintiffs sustained were excused by the acts or omissions of third parties over whom Kyocera had no responsibility or control.

### Seventh Affirmative Defense

On information and belief, Plaintiffs' claims are barred by the statute of limitations.

### Eighth Affirmative Defense

Plaintiffs' M.G.L. Chapter 93A claims are barred or limited to the extent that they are based upon conduct occurring outside the Commonwealth of Massachusetts.

### Ninth Affirmative Defense

Plaintiffs have failed to satisfy the notice and thirty-day demand letter requirement of M.G.L. Chapter 93A and are barred from asserting claims under Chapter 93A.

### Tenth Affirmative Defense

Plaintiffs have failed to mitigate their damages or risk of injury, if any.

### Eleventh Affirmative Defense

To the extent that the Plaintiffs or another party failed to follow instructions pertaining to any Kyocera product, Kyocera is not liable for such damage, if any occurred.

### Twelfth Affirmative Defense

If Kyocera sold products that plaintiff worked with, the sale was to a sophisticated user, giving the user complete and adequate warning of any risk involved in

using the products. For that reason, Kyocera had no duty to independently warn the Plaintiffs and Plaintiffs' claims are thereby barred

### Thirteenth Affirmative Defense

If Kyocera sold products that plaintiff worked with, Kyocera may not be held liable for any alleged defects in those products because they were designed for and in compliance with government specifications.

### Fourteenth Affirmative Defense

If Kyocera sold products that the Plaintiff worked with, Kyocera may not be held liable for any alleged defects in those products because they were designed in accordance with the state of the art at the time of manufacture.

WHEREFORE, the Kyocera denies its is liable to Plaintiffs in any sum and requests that judgment be entered against Plaintiffs in favor of Kyocera on all counts of Plaintiffs' Amended Complaint, and that it be awarded costs, and expenses and such further relief as is just.

Respectfully Submitted,

Defendants Kyocera America, Inc., and
Kyocera Industrial Ceramics Corp.

By their Attorneys,

/s/ John C. Wyman
_____
John C. Wyman (BBO #535620)
Sara P. Bryant (BBO #658021)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, Massachusetts  02110
(617) 457-4000

Dated: June 7, 2005