UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 04-CV-12137 JLT |
| ) | |
| American Beryllia Corp., et al. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION TO CERTIFY QUESTION
## TO THE SUPREME JUDICIAL COURT OF
## THE COMMONWEALTH OF MASSACHUSETTS

Plaintiffs Suzanne Genereux, Barry Genereux, Angela Genereux, and Krista Genereux hereby submit their Motion To Certify Question to the Supreme Judicial Court of the Commonwealth of Massachusetts. The Supreme Judicial Court has not addressed the precise question of recovery of "medical monitoring" costs raised in this case. Consequently, the question is ripe for certification to the Supreme Judicial Court.

Certification to the Supreme Judicial Court may be made pursuant to S.J.C. Rule 1:03, which, in relevant part, provides:

> This court may answer questions of law certified to it by ... a United States District Court ... when requested by the certifying court if there are involved in any proceeding before it questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

Under section 1 of Rule 1:03, the Supreme Judicial Court may answer questions of law certified to it by a United States District Court, and, under section 2, the Rule may be invoked by

order of the District Court upon its own motion or by motion of any party to the cause.

## Proposed Certified Question

The Plaintiffs respectfully request that this Court certify the following question to the Supreme Judicial Court of the Commonwealth of Massachusetts:

Under Massachusetts law, based upon proof that

(1) the plaintiff, relative to the general population, has been significantly exposed to a proven hazardous substance through the tortious conduct of the defendant;

(2) as a proximate result of the exposure, the plaintiff has suffered an increased risk of contracting a serious latent disease relative to what would be the case in the absence of exposure; and,

(3) the increased risk of disease makes it reasonably necessary for the plaintiff to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of the exposure and monitoring procedures exist that make the early detection of disease possible,

may the plaintiff recover the costs of medical monitoring?

## LOCAL RULE 7.1 CERTIFICATION

I, Michael B. Bogdanow, counsel for the plaintiff, certify that, on the morning of August 15, 2005, I sent via telecopier a copy of the present motion, and telephoned counsel for all parties requesting their assent to the motion. No counsel has indicated that they would assent to the motion, although counsel for Defendant Hardric Laboratories, Inc. indicated that Hardric Laboratories would not oppose it.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request the opportunity to for oral argument on the issues set forth in their motion and accompanying Memorandum in Support and submit that argument should not

require more than sixty (60) minutes for all parties.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion and certify to the Supreme Judicial Court the above-referenced question.

Respectfully submitted, this 19th day of August, 2005.

**MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

/s/ Leo V. Boyle

_____

Leo V. Boyle (B.B.O. 052700)
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617.523.8300

OF COUNSEL (admitted pro hac vice):

**GOLOMB & HONIK, P.C.**

Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

## CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on August 19, 2005, I served the foregoing Plaintiffs' Motion to Certify Question to the Supreme Judicial Court of the Commonwealth of Massachusetts, by electronic filing and mailing an exact copy postage prepaid to all counsel of record.

/s/ Bradley M. Henry

_____

Bradley M. Henry