UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 04-cv-12137 JLT |
| | ) |
| American Beryllia Corp., et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO CERTIFY QUESTION TO THE SUPREME JUDICIAL COURT OF THE
COMMONWEALTH OF MASSACHUSETTS**

Plaintiffs ask for what is effectively an interlocutory appeal of a legal question already decided by this Court, claiming that two purportedly "significant developments" have occurred "since the Court issued its May 12 Order." (Pl. Mem. at 6., Rec. Doc. No. 62). In fact, both occurred before the Court issued its order, and neither is significant. The purported "significant developments" are as follows:

(1) A nonparty Raytheon employee had a positive blood test. The test dates back to March 2005, and is irrelevant to the "take home" exposures of family members alleged here. (Pl. Mem at 1, Rec. Doc. No. 62.)

(2) A medical article was published. The article is now almost a year old, having first been published in September 2004. And it, too, does not address "take home" exposures, but only the risk to certain beryllium workers of future disease.

Plaintiffs fail to show how these "developments" have any bearing on the purely legal issue this Court already decided. The Court's ruling is consistent with this jurisdiction's past decisions applying Massachusetts tort law, which have all required that a plaintiff plead and prove some present physical injury. Plaintiffs allege only an increased risk of <u>future</u> injury, and therefore have no claim. Massachusetts law is settled on this point. Moreover, plaintiffs, in bringing the

CLI-1329870v1

present motion after this Court already ruled on the legal issue, are impermissibly attempting to use Supreme Judicial Court Rule 1:03 as a vehicle for interlocutory appeal in a different forum. The Court should accordingly deny plaintiffs' motion, and permit the parties to move forward on the remaining claims.

I. **THERE HAS BEEN NO "SIGNIFICANT DEVELOPMENT" SINCE THE COURT'S RULING**

Plaintiffs claim that "two significant developments" have arisen "[s]ince the Court issued its May 12 Order" dismissing the uninjured plaintiffs' claims for medical monitoring. (Pl. Mem. at 6, Rec. Doc. No. 62). First, plaintiffs note that an individual named Claire Balint tested positive for beryllium sensitivity. Second, plaintiffs point to an article published by Dr. Lee S. Newman, et al. Plaintiffs' own memorandum indicates that this information is not new, and is neither a "significant development" nor relevant to the plaintiffs' medical monitoring claims.

Plaintiffs' unverified allegation that a nonparty tested positive for beryllium sensitivity changes nothing with respect to the legal issue already decided. The medical report on this test, which lists plaintiffs' counsel as the "Referring Physician," is dated March 30, 2005, and thus predates the Court's May 12 order by six weeks. (Exhibit 1 to Pl. Mem., Rec. Doc. No. 62). Moreover, plaintiffs' memorandum alleges that Ms. Balint "was exposed to beryllium <u>while working at the Raytheon plant</u>," not that she was a victim of a "take-home" exposure.[1] (Pl. Mem. at 6, Rec. Doc. No. 62, emphasis added).

Dr. Lee S. Newman's article is also neither new nor relevant. The article indicates that it was originally published on September 16, 2004, <u>eight months</u> before the Court's ruling. (Exhibit 2 to Pl. Mem., Rec. Doc. No. 62). Moreover, nothing in the article addresses "take-home" exposure to individuals who did not work directly with beryllium. Instead, the article

CLI-1329870v1

relates to beryllium workers, and specifically to those workers who have already tested positive for beryllium sensitization; the authors hypothesize "that most beryllium-sensitized workers will eventually develop CBD." Id. (emphasis added). This year-old article thus relates only to the risk of future disease in beryllium workers, not in family members who claim to have experienced "take home" exposures.

In sum, neither of these so-called "significant developments" changes the fact that the plaintiffs here allege no present injury as required to maintain a tort cause of action under Massachusetts law, and certainly neither suggests that any change has occurred in Massachusetts law since this Court's ruling.[2]

## II.     PRIOR DECISIONS ARE UNIFORM, AND MASSACHUSETTS LAW IS CLEAR

The purpose of certification is to ascertain state law. Tarr v. Manchester Ins. Corp., 544 F.2d 14, 15 (1st Cir. 1976). Certification is unnecessary and inappropriate where "it is reasonably clear how the [Supreme Judicial Court] would decide the matter." Stewart ex rel Morgan v. Milford-Whitinsville Hospital, 349 F. Supp. 2d 68, 70 (D. Mass. 2004). Because prior decisions uniformly require an actual physical injury for a claim sounding in tort to accrue, certification on this clear issue of Massachusetts law is unnecessary and inappropriate.

Though the Supreme Judicial Court has not addressed the specific medical monitoring question posed by plaintiffs, this Court's rejection of that cause of action on the facts alleged here is consistent with the uniform body of law developed by federal courts in this jurisdiction and not called into question by any decision of any Massachusetts state court. Plaintiffs do not

---

(continued...)

[1] According to plaintiffs, "[t]his is a case involving take-home exposure of toxins." (Pl. Mem. at 1). Only Mrs. Genereux's husband and children asserted medical monitoring claims, based on take-home exposure from Mrs. Genereux.

cite a single Massachusetts case that supports their position, or that expresses any disagreement with any of the federal cases that have applied Massachusetts law in a consistent and reasoned way.

"In the absence of a definitive ruling by the highest state court, a federal court may consider 'analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" Michelin Tires (Canada) Ltd. v. First Nat'l Bank of Boston, 666 F.2d 673, 682 (1st Cir. 1981). On this issue the "analogous decisions" are uniform and certain: an "increased risk of developing cancer or some other disease in the future does not by itself give rise to a claim for damages." Caputo v. Boston Edison Co., 1990 U.S. Dist. LEXIS 8546 (D. Mass, July 9, 1990) at *12 (citing Anderson v. W.R. Grace & Co., 628 F. Supp. 1219, 1230-32 (D. Mass. 1986) ("plaintiffs must wait until the disease has manifested itself to sue")); see also Anello v. Shaw Indus., C.A. No. 95-30234-FHF, 2000 U.S. Dist. Lexis 6835 (D. Mass. March 31, 2000) ([T]he Court views this [medical monitoring] claim as an aspect of plaintiffs' damages, as opposed to an independent cause of action . . . "). When a plaintiff alleges illness from chemical exposure, his or her cause of action does not accrue until the illness manifests itself. In re Massachusetts Asbestos Cases, 639 F. Supp. 1, 3 (D. Mass. 1985); Payton v. Abbott Labs, 551 F. Supp. 245, 246 (D. Mass. 1982).

Though Caputo,[3] Anderson, Payton, Anello, and the Asbestos Cases are federal precedent, their holdings are consistent, logical extensions of Supreme Judicial Court precedent

---

(continued...)

[2] The Department of Energy program that plaintiffs describe is also irrelevant to the question that plaintiffs seek to certify. The regulation does not cover persons with possible "take home" exposures, such as family members of workers. It covers only those workers who themselves had direct workplace exposures to beryllium.

[3] Plaintiffs seek to distinguish their claim to medical monitoring from Caputo, which the Court cited in its May 12, 2005 order. Plaintiffs argue that the Court's reliance on Caputo is erroneous because "[i]n Caputo, the

CLI-1329870v1

regarding the accrual of tort actions. In Hoffman v. Howmedica, 373 Mass. 32, 364 N.E.2d 1215 (1977), the Supreme Judicial Court applied Massachusetts's 1973 statue of limitations "to the case of a plaintiff in whom a defective artificial hip had been implanted prior to the 1971 statute but who did not suffer any symptoms until 1974." Payton, 551 F. Supp. at 246. Based on the SJC's opinion in Hoffman, Judge Skinner ruled in Payton v. Abbott Labs that the accrual of a DES exposure claim did not occur until the manifestation of physical symptoms. Id.

Where, as here, prior precedent makes it "reasonably clear how the SJC would decide the matter," federal courts should refuse to certify questions to the Supreme Judicial Court. Stewart ex rel. Morgan v. Milford-Whitinsville Hospital, 349 F. Supp. 2d 68, 70 (D. Mass. 2004) (citing Fischer v. Bar Harbor Banking and Trust Co., 857 F.2d 4, 8 (1st Cir. 1988)). Plaintiffs cite no Massachusetts case calling into question the continued validity of decades of consistent rulings in this jurisdiction, requiring present physical harm to maintain a tort cause of action.

Prior cases in which federal courts have certified questions to the Supreme Judicial Court involved questions of law on which there was no precedent under Massachusetts law, or legal questions that were mired in a hodgepodge of conflicting or inconsistent rulings under Massachusetts law. See e.g., Medical Professional Mut. Ins. Co. v. Breon Laboratories, Inc., 141 F.3d 372, 374 (1st Cir. 1998) ("The parties agree that the proper interpretation of the term

---

(continued...)

plaintiff did not seek any medical monitoring costs, but, as a result of exposure to 'excessive radiation' sought damages to compensate him for his 'fear of cancer based upon an increased statistical likelihood that he will develop the disease in the future.'" (Pl. Mem. at 3, Rec. Doc. No. 62).

Plaintiffs misread Caputo. In Caputo, the court rejected a claim for future medical monitoring because the plaintiff suffered no present physical injury. The court expressly stated: "Finally, [the attending physician] states that plaintiff is more likely to develop some form of cancer in the future and therefore needs annual medical examinations to monitor his conditions." Id. at *5 (emphasis added). Caputo holds that under Massachusetts law, such alleged "monitoring" injuries are not cognizable: rather, a "plaintiff must show present objective symptoms of illness or disease". Id. at *12 (citing Anderson v. W.R. Grace, 628 F. Supp. at 1230-32). The Court's reliance on Caputo was thus entirely appropriate.

CLI-1329870v1

"judgment" appearing in sections 3(c) and 3(d) presents an issue of first impression, not only in Massachusetts but in every jurisdiction whose contribution scheme is founded on the Uniform Contribution Among Tortfeasors Act."); Lumbermens Mutual Casualty Co. v. Belleville Indus. Inc., 407 Mass. 675, 555 N.E.2d 568, 570-71 (1990) ("The certifying judge recognized that there is no unanimity of opinion, even within Massachusetts, concerning the proper interpretation of the 'sudden and accidental' exception to the pollution exclusion clause."). This is not such a case.

If anything, plaintiffs' arguments counsel against recognition of medical monitoring and the Pandora's box of mischief it could unleash. Based not on facts properly before this Court, but rather on inflammatory speculation and rhetoric, plaintiffs contend that "[g]iven the number of citizens of this Commonwealth who worked at the Raytheon plant and who were exposed to beryllium, either directly or from take home exposure, the question of whether entities such as the Defendants in this case may be liable for the costs of medical monitoring without a showing of physical harm" is ripe for certification. (Pl. Mem. at 8, Rec. Doc. No. 62). The physical injury requirement consistently has been used by courts to separate the claims of those who have actually been harmed from everyone else. See Metro-North Commuter R. Co. v. Buckley, 521 U.S. 424, 433 (1997) (holding that the physical injury requirement is necessary to curb a potential flood of comparatively unimportant claims and "[t]o separate meritorious and important claims from invalid or trivial claims"). Plaintiffs ask the Supreme Judicial Court to invite claims not only from all present and past Raytheon employees who contend that they were exposed to beryllium, but also from anyone who has ever lived with such an employee, regardless of the presence of any physical injury. That result would have no basis in Massachusetts precedent.

CLI-1329870v1

III. **PLAINTIFFS IMPERMISSIBLY SEEK TO USE THE CERTIFICATION PROCEDURE TO OBTAIN INTERLOCUTORY REVIEW IN A DIFFERENT FORUM**

Plaintiffs should not be allowed to invoke Supreme Judicial Court Rule 1:03 at this time, after this Court has already ruled on the issue plaintiffs wish to certify. Plaintiffs cite no authority for invoking this rule in this manner. Any request for certification of the present issue should have been made before this Court ruled. Allowing plaintiffs to invoke this rule successfully at this time would be inviting its use as a mechanism for interlocutory appeal (in a different forum no less), which surely is not consistent with the intent underlying the rule. In sum, after receiving an adverse ruling in this federal forum based on a settled point of Massachusetts tort law, plaintiffs seek to reargue the matter in state court. The Court should reject these maneuverings.

IV. **CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' motion.

Dated: September 2, 2005　　　　　　　　　Respectfully submitted,

By: /s/ Alan M. Spiro

Alan M. Spiro
Federal Bar No. 475650
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
Tel:　(617) 951-2204
Fax:　(617)439-4170

Jeffery D. Ubersax
Timothy M. Hudson
Jones Day
North Point
901 Lakeside Ave.
Cleveland, Ohio  44114-1190
Tel:　(216) 586-3939
Fax:　(216) 579-0212
Attorneys for Defendant Brush Wellman Inc.

John C. Wyman
Sara P. Bryant
Murtha Cullina, LLP
20th Floor
90 High Street
Boston, MA 02110-2320
Tel: 617-457-4041
Fax: 617-482-3868
Attorneys for Defendant Kyocera America, Inc.

CLI-1329870v1

| | |
|---|---|
| William F. Ahern, Jr.<br>Clark, Hunt, & Embry<br>55 Cambridge Parkway<br>Cambridge, MA 02142<br>Tel:   617-494-1920<br>Fax:  617-494-1921<br>Attorney for Defendant American Beryllia Corp. | James F. Kavanaugh, Jr.<br>Ronald M. Jacobs<br>Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP<br>Ten Post Office Square<br>Boston, MA 02109<br>Tel:   617-482-8200<br>Fax:  617-482-6444<br>Attorneys for Defendant Raytheon Company |

Robert M.A. Nadeau
Nadeau & Associates, PA
1332 Post Road
Suite 4
Wells, ME 04090
Tel:   207-646-4000
Fax:  207-646-5850
Attorney for Defendant Hardric Laboratories, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2005, I served the foregoing Defendants' Joint Memorandum in Opposition to Plaintiffs' Motion to Certify Question to The Supreme Judicial Court of The Commonwealth of Massachusetts, by electronic filing and by mailing a true and correct copy, postage prepaid, to all counsel of record.

/s/Alan M. Spiro
Attorney for Brush Wellman Inc.

CLI-1329870v1