UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

SUZANNE GENEREUX, et al.,           )
                                    )
                  Plaintiffs,       )        Civil Action No.
v.                                  )        04-CV-12137 - JLT
                                    )
AMERICAN BERYLLIA CORP., et al.     )
                                    )
                  Defendants.       )

**PLAINTIFFS' MOTION TO COMPEL DISCLOSURE AND
PRODUCTION OF DOCUMENTS FROM DEFENDANT BRUSH
WELLMAN AND PLAINTIFF'S L.R. 7.1 AND 37.1 CERTIFICATE**

Plaintiffs move this Court for an order compelling defendant Brush Wellman, Inc., Brush

Wellman Ceramics Inc. and Brush Wellman Ceramic Products Inc. (together, "Brush Wellman"),

to comply with the Court's bench order that all parties make complete and meaningful initial

disclosures and production of documents.  As grounds for this motion, plaintiffs state as follows:

**BACKGROUND**

1.      In this fairly straight-forward product liability personal injury action, Plaintiffs have

asserted claims against Brush Wellman and others arising out of the Defendants' use, release and

failure to warn about the dangers of respirable beryllium, a toxin known to cause severe illness or

death and which caused serious harm to Raytheon employee, Suzanne Genereux, and her family.

2.      At a Status Conference held September 12, 2005, the Court ordered all parties to

make their automatic disclosures forthwith and to exchange copies of all relevant documents by

October 31, 2005 (*See also* Docket No. 64.)  When plaintiffs' counsel, Ruben Honik, expressed

concern at the Status Conference that, in lieu of producing documents, beryllium litigation

defendants would frequently refer plaintiff's counsel to an out-of-state document warehouse, the

Court indicated that all parties, in the first instance, should voluntarily produce copies of all

documents believed to be relevant to the litigation and that, in the event discovery motions

proved necessary, the Court would look with disfavor upon the party taking the most

unreasonable position and, where appropriate, sanction non-complying parties.

      3.     Rather than produce actual documents as ordered, Brush Wellman instead provided

a series of document file indices together with a 445-page "privilege log" to materials located at a

document warehouse in Cleveland.[1]  These indices and their page lengths are as follows:

1.     Brush Wellman Document Depository Index - "Delta Onsite" (*14 pages*)
2.     Brush Wellman Document Depository Index - "Electrofusion Onsite" (*6 pages*)
3.     Brush Wellman Document Depository Index - "Elmore Offsite Vol I" (*310 pages*)
4.     Brush Wellman Document Depository Index - "Elmore Offsite Vol II" (*479 pages*)
5.     Brush Wellman Document Depository Index - "Elmore Onsite" (*850 pages*)
6.     Brush Wellman Document Depository Index - "Hampton Onsite" (*3 pages*)
7.     Brush Wellman Document Depository Index - "St. Clair Onsite" (*355 pages*)
8.     Brush Wellman Document Depository Index - "Tucson Offsite Vol. III" (*317 pages*)
9.     Brush Wellman Document Depository Index - "Tucson Offsite Vol IV" (*380 pages*)
10.     Brush Wellman Document Depository Index - "Tucson Offsite Vol V" (*453 pages*)
11.     Brush Wellman Document Depository Index - "Tucson Onsite" (*230 pages*)

     Total pages of Document Depository Indices:  ***3,397 index pages* of document files**.

(*See* Screen Print of Document Indices attached as **Exhibit A**).[2]

      4.     Apart from the above indices, Brush Wellman's disclosed that it had 65 boxes and

"perhaps other boxes as well" at its warehouse containing document files "referring or relating to

Raytheon." (*See* Brush Wellman Disclosure Letter, p. 5, dated October 31, 2005 attached as

**Exhibit B**.)  After Plaintiffs' counsel sent a letter requesting a L.R. 7.1 Conference on such

disclosures, Brush Wellman responded on December 12, 2005 that, "[a]s an accommodation to

---

[1]  Insofar as Brush Wellman's "Privilege Log" alone is 445 pages long, plaintiffs have opted not to attach it as an exhibit but will produce it to the Court for review upon request.

[2]  Printed copies of the indices to Brush Wellman's document files stand over a foot high and so plaintiffs have likewise, obviously, not attached them as exhibits but will produce copies to the Court for review upon request.

[the] plaintiffs," it was willing to copy and produce at plaintiffs' expense approximately three inches of communications between it and Raytheon, but cautioned that Brush Wellman could make no representation that such documents constituted all such documents and, again, stated that plaintiffs' counsel should therefore conduct their own search at its document warehouse. (*See* L.R. 7.1 / 37.1 Certification below.)  Counsel for Brush Wellman indicated that for other relevant documentation, plaintiffs' attorneys are welcome to visit its document depository in Cleveland.

5.    Plaintiffs have accepted Brush Wellman's "accommodation" as to the "three-inches" of Raytheon-related communications, but with respect to the remainder of the documents relevant to this action, Brush Wellman maintains that it has complied with the Court's Rule 26 Order by providing its 3,397-page document file index and informing plaintiff's counsel that actual documents could be reviewed in Cleveland.  (*Id.*)

## ARGUMENT

Whether a Court Order is oral or written, it must nevertheless be obeyed. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 n. 7 (11th Cir. 1993), *cert. denied*, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993); *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir.1992) ("Oral orders are just as binding on litigants as written orders; the consequences for violating an oral order are the same as those for violating a written order.")

At the Status Conference on September 12, 2005, this Court ordered all parties to exchange copies of all relevant documents by October 31, 2005 and that oral bench order was specifically referenced in a later written Order of the same date. (Docket No. 64.)  However, rather than comply with that Order, defendant Brush Wellman issued a disclosure on October 31,

2005 that informed plaintiffs' counsel that document files could be searched at its Cleveland

document warehouse. (**Exhibit B**, Brush Wellman Disclosure Letter, p. 5.)  Only after plaintiffs'

counsel objected and requested a discovery conference did Brush Wellman agree, "as an

accommodation to plaintiffs" to partially comply with the Court's Order and provide copies of

certain Raytheon-related communications.  As to the great many other documents relevant to this

action, Brush Wellman merely reiterated the availability of documents for review in Cleveland.

    Such conduct is not in compliance with this Court's discovery orders.  Consequently,

plaintiffs request that the defendants, again, be ordered to disclose and produce copies of all

documents relevant to this matter forthwith.

### LOCAL RULE 7.1 / 37.1 CERTIFICATION

    I, Bradley M. Henry, counsel for the plaintiff, certify that on November 28, 2005,

December 5 and December 6, I attempted to reach defense counsel regarding Brush Wellman

disclosures received on November 4, 2005 and that, on December 6, 2005, I wrote a letter

requesting a L.R. 7.1 and 37.1 discovery conference in anticipation of a motion to compel.  On

December 12, 2005, defendant Brush Wellman responded and, although no documents were then

produced, "as an accommodation to [the] plaintiffs," defendant stated that defense counsel would

copy and send, at plaintiffs' expense, those documents "specifically related to Raytheon."  In a

phone call seeking clarification on December 14, 2005, the undersigned learned that the

Raytheon-related documents amounted to three-inches of materials and plaintiffs' counsel agreed

to accept such copies as a narrowing of the outstanding issues by letter dated December 15, 1005.

    However, Brush Wellman maintained that it was not required to locate and copy all

documents relevant to this litigation as called for by the Court's September 12 Order and

expressed its view that the Court's remarks could "not fairly be interpreted as some kind of ruling that in no instance may a defendant refer plaintiffs' counsel to a document depository." Plaintiffs' counsel does not take the position that reference to a document depository is never warranted, just not in the first instance and not at the initial disclosure stage as discussed at the September 12, 2005 Status Conference.  Since the issues could apparently not be further narrowed and in light of a May 31, 2006 discovery deadline, plaintiffs bring the instant motion.

WHEREFORE, Plaintiffs respectfully request that this Court, again, order the defendants to disclose and produce copies of all documents relevant to this matter forthwith.

.                                **MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

*/s/  Bradley M. Henry*

_____
Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617-523-8300

OF COUNSEL (admitted *pro hac vice*):

**GOLOMB & HONIK, P.C.**

Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

<u>**CERTIFICATE OF SERVICE**</u>

I, Bradley M. Henry, certify that on December 15, 2005, I served the foregoing  Plaintiffs' Motion to Compel Disclosure and Production of Documents from Defendant Brush Wellman and Plaintiff's L.R. 7.1 and 37.1 Certificate, by electronic filing and mailing an exact copy postage prepaid to all counsel of record.

*/s/ Bradley M. Henry*
_____
Bradley M. Henry

-5-