UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. )  )   Plaintiffs, )  ) v. )  ) American Beryllia Corp., et al. )  )   Defendants. ) | Case No. 04-CV-12137   JLT |

**OPPOSITION OF DEFENDANT BRUSH WELLMAN INC. TO PLAINTIFFS'
MOTION TO COMPEL DISCLOSURE AND PRODUCTION OF DOCUMENTS**

Plaintiffs' lawyers have manufactured a discovery dispute out of whole cloth. They argue that Brush Wellman Inc. ("Brush") has not complied with a supposed September 12, 2005 oral "bench order" that the parties "produce copies of all documents believed to be relevant to the litigation." (Plaintiffs' Motion at 1-2.) According to plaintiffs, the Court ordered Brush to deliver to plaintiffs actual copies of all of its documents.

The Court made no such order. In fact, the Court said exactly the opposite:

> Mr. Henry: Your Honor one of the questions that we have is that -- we understand the emptying the filing cabinet rule.
>
> The Court: <u>It isn't necessary to actually provide the documents</u>. At least come up with a menu of available materials. And then the person that wants the material would make the request, pay for the copying and that is it.

(Transcript of 9/12/05 Status Conference, at 15 (attached as Exhibit A) (emphasis added).) Plaintiffs' entire motion is thus based on a misrepresentation of what occurred at the September 12 status conference.

Plaintiffs are seeking to relitigate matters already determined in Brush's favor by a United States District Court last year.  They do not mention that in <u>Klemka v. Brush Wellman Inc.</u>, No. 03-CV-3197 (D.N.J., June 29, 2004) (attached as Exhibit B), plaintiff's counsel Golomb & Honik (admitted here *pro hac vice*) challenged Brush's use of a document depository to meet its discovery obligations, and that the court squarely rejected that challenge.

Plaintiffs not only invent a "bench order" but ignore this Court's actual written discovery order, issued the same day.  In that order, the Court directed the parties to "comply with the court's Rule 26 Order by October 31, 2005." (Order of September 12, 2005, attached as Exhibit C.)  The Rule 26 Order instructed the parties to exchange and review "all documents in accordance with Local Rule 26.2(A)," which incorporates the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure.  (Order of December 9, 2004, attached as Exhibit D.)  The rule states:

> [A] party must, without awaiting any discovery requests, provide to other parties: . . . . a copy of, <u>or a description by category and location of</u>, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims for defenses, unless solely for impeachment. . . .

F.R.C.P. 26(a)(1)(B) (emphasis added).  The Rule 26 Order likewise provides that the parties shall provide to other parties "a copy of, or a description by category and location of," all relevant documents.  (Exhibit D.)

The Court's orders, taken together, thus required Brush to "describe by category and location" the documents relevant to its defenses.  Plaintiffs do not challenge Brush's compliance with these written orders, and indeed Brush has more than complied with the Court's orders by:

(1) inviting plaintiffs to inspect and copy documents at Brush's document depository, an indexed collection of documents maintained specifically to facilitate discovery in beryllium-related litigation. Plaintiffs' lawyers are very familiar with the depository, having visited it five times already in other cases.

(2) producing copies of approximately 3400 pages of documents from Brush's files relating to sales to, and other communications with, Raytheon Company, plaintiff's employer; and

(3) offering to produce copies of another approximately 14,000 additional pages of documents from the depository that Brush may use to support its defenses. Brush has relied on these core documents to defend itself in dozens of alleged beryllium disease cases; indeed, most of them have been included on Brush's exhibit lists in other product liability cases.

Brush has opened its files to plaintiffs. The assertion that Brush has not met its discovery obligations is frivolous. Plaintiffs' motion should be denied, and Brush should be awarded its reasonable attorneys' fees for opposing this motion.

**II.    FACTUAL BACKGROUND**

A.    Brush's Disclosures

As directed by the Court, Brush served its initial disclosures on October 31, 2005. With respect to documents, those disclosures provided:

> Documents that relate to the subject matter of this action, may lead to the discovery of admissible evidence, and/or may be used to support Brush's defenses, are contained in the Brush Wellman Document Depository located at 17877 St. Clair Avenue, Cleveland, OH 44110, where documents kept by Brush Wellman Inc., in the ordinary course of business have been preserved and are available for inspection and copying. Plaintiffs' counsel already has an index to the depository and a privilege log.

> Documents referring or relating to Raytheon can be located in the following boxes of the Depository, and perhaps other boxes as well:
>
> Onsite Elmore boxes:  060-062, 161, 291, 306, 319, 340, 374, 443, 392, and 540
> Offsite Elmore box:    1047
> Onsite Tucson boxes:  033, 038, 040-041, 072, 096, 103, 113
> Offsite Tucson boxes:  001, 002, 015, 018-19, 026, 045, 059-60, 065, 121, 173, 183, 258, 274-275, 315, 322, 325-26, 349-350, 380, 385, 434, 526, 613, 634, 657, 664, 681, 694, 696, 743, 769
> Onsite St. Clair boxes: 047, 061, 074, 223, 269, 276-77, 285-86.

By letter of December 6, 2005, plaintiffs' counsel complained that under the Court's supposed "bench orders," Brush's "documents were to be fully identified and produced in Massachusetts, not reserved for inspection at an out-of-state warehouse." (Affidavit of Jeffery D. Ubersax ("Ubersax Aff."), Exhibit 1.)  Plaintiffs' counsel threatened a motion to compel, like the one in Klemka.  Id.

Brush's counsel responded with a letter explaining that Brush had fully met its disclosure obligations, and offering to do even more to avoid unnecessary motion practice: to copy and send all of the documents that Brush, through its own searches, had identified as related to Raytheon. (Ubersax Aff., Exhibit 2.)

On December 15, at 4:26 p.m., plaintiffs then delivered a letter that accepted Brush's offer of the Raytheon-related documents, but stated that plaintiffs would nevertheless file a motion.  (Id., Exhibit 3.)  Brush's counsel responded by email that evening, offering to consider whether there might be some other basis for resolving this dispute.  (Id., Exhibit 4.)  But plaintiffs had already precipitously filed their baseless motion.

On December 20, in a further effort to avoid burdening the Court with this motion, Brush offered to provide copies of approximately 14,000 documents that it may use to support its defenses, a small subset of the depository. (Id., Exhibit 5.) Plaintiffs have not accepted that offer.

B.    The Brush Depository

Brush has had to defend a wide variety of product liability cases relating to alleged beryllium exposure in jurisdictions across the country, for over fifty years. There is naturally a very extensive body of documents relative to the health and safety aspects of working with beryllium.

Brush's depository was designed to include all non-privileged documents of possible relevance to such beryllium disease litigation. Brush has produced them exactly as they were kept in the ordinary course of business. And Brush has given plaintiffs exactly the same index Brush itself uses to search the depository. That is, as other federal courts have held, all the Federal Rules require.

Brush's depository was created in response to criticism by the United States District Court for the Eastern District of Tennessee that Brush lacked a "centralized document depository" to handle its discovery obligations. (Affidavit of Theresa Haumann ("Haumann Aff.") ¶ 2). As a result, Brush undertook a major project to collect and store in one place all documents of possible relevance to current or future beryllium disease litigation. (Id.)

Brush spent more than $1 million to set up the depository. (Id.) This effort took approximately 16 months and required more than 10,000 lawyer and legal assistant hours. (Id.) The depository contains approximately 1,000 boxes on-site and 800 boxes of non-duplicative boxes off-site. (Id.)

At the depository, documents are arranged by site of origin (e.g., Elmore, Tucson, St. Clair). (Haumann Aff. ¶ 5.) The name of the facility from which the documents came is marked on the box. (Id.) Where possible, the boxes themselves are labeled with the name of the department from which the documents originated and the name of the Brush employee(s) who maintained them. (Id.) The documents within the boxes are filed and labeled exactly as they were maintained by Brush employees in the usual course of business. (Id.) There was no relabeling of the files, and no rearrangement of their contents. (Id.)

An extensive index for the depository was created using the actual titles on the files. (Haumann Aff. ¶ 7.) This index, which has been provided to plaintiffs' counsel in computer-readable form, lists the origin of each file, the person who maintained it and the title of the file as originally maintained. In hard copy, it is more than 3,300 pages and contains a great deal of detail. (Id.)[1] As time passes and/or additional potentially responsive documents are identified, the documents are added to the depository, the index is updated and supplied to plaintiffs' counsel. (Id. ¶ 8.)

The index to the depository contains clear references to specific categories of relevant documents. To give a few examples: The index describes "Tucson Depository Box #038" as follows:

> Inside this box are Sales Orders in individual manila files with customers' names and sales numbers on each file label. Inside each file there is a Sales Acknowledgement form, a Shipment Schedule, an Inspection/Test Report from the Ceramic Division, a

---

[1] The cases against Brush include product liability actions involving different beryllium products, different exposure periods, different Brush facilities or facilities of unrelated third parties, and various other facts unique to a particular case or group of cases. Id. Accordingly, in developing the depository, Brush collected (and continues to collect) documents that may be relevant to any issue that has arisen or will arise in any of these cases.

>Engineering Diagram or Blueprint and a computer generated document that is called Routing Operation and Single Level Cost Sheet Standard, a Certificate of Compliance and a Customer Information Sheet. The files are labeled as follows:
>
>. . .
>
>RAYTHEON COMPANY TU5006

(a page from the index is attached as Exhibit E.) The index for Tucson Box 103 lists specific "CUSTOMER FILES" that contain "correspondence for 1993 between Brush-Wellman and its customers," including Raytheon Co. and five affiliates. (Exhibit F.)

Brush has no index to the contents of the depository other than what has been provided to plaintiffs. (Haumann Aff. ¶ 7.) If Brush were ordered to identify and separately produce "all" documents conceivably relevant to this lawsuit, including documents relevant to plaintiff's prosecution of this lawsuit, it could do so only by starting with the index and then reviewing all files that appear to contain potentially responsive material – exactly what plaintiffs' counsel would have to do, and with no less effort.

      C.    <u>Previous Litigation Over the Depository</u>

Other federal courts have ruled that Brush can properly refer plaintiffs to the document depository in responding to discovery requests, and that this complies with the Federal Rules. In one case, plaintiffs' counsel here -- Golomb & Honik, admitted to practice in this Court *pro hac vice* -- brought a motion to compel that challenged Brush's use of the depository. <u>Klemka v. Brush Wellman, Inc.</u>, Case No. 03-CV-03197 (D.N.J., June 29, 2004).

In <u>Klemka</u>, plaintiffs' counsel argued that "Brush's referral to its massive document depository" failed to comply with the Federal Rules. <u>Klemka</u>, at 2. The court disagreed, finding that Brush had "exceeded its obligation to make its documents available for inspection by

creating the document depository." Id. at 3.  The court described how "Brush, responding to both the realities of mass litigation and judicial pressure, has created . . . a depository that organizes, labels, and makes documents available as they are maintained in the ordinary course of business." Id. at 4 (emphasis in original).  This is all the Federal Rules require. Id.  See also Morgan v. Brush Wellman Inc., Case No. 3:94-CV-369, at 6 (E.D. Tenn., April 16, 1999) (attached as Exhibit G) ("[t]he extensive number of documents involved in this case gives Brush Wellman the option to produce its business records in the document depository").

Even a cursory look at other recent decisions reveals numerous cases in which a defendant's creation of a document depository has been recognized as a preferred approach.[2] This is with good reason.  A centralized document depository in complex cases is an efficient and fair approach to the production of a large volume of documents:

> Central document depositories can help meet the need for efficient and economical management of voluminous documents in multiparty litigation.  Requiring that all discovery materials be produced to and stored at one or more convenient locations, where they may be inspected and copied by parties seeking discovery, may reduce substantially the expense and burden of document production and inspection.  Use of a depository also facilitates determination of which documents have been produced and what information is in them, minimizing the risk of later disputes.

Manual for Complex Litigation (Third) § 21.444 (1995).

---

[2] See, e.g., Proyectos Orchimex de Costa Rica, S.A. v. E.I. duPont de Nemours & Co., 896 F. Supp. 1197, 1200-01 (M.D. Fla. 1995) (dismissal on forum non conveniens grounds conditioned on defendant "mak[ing] relevant documents available to plaintiffs by providing access to [defendant's] document depository").  See also In Re: Domestic Air Trans. Antitrust Litig., 1990 WL 358009, at *6 (N.D. Ga. Dec. 21, 1990) (ordering that "No party shall request documents available to it at a document depository"); Church v. City of Philadelphia, 1987 WL 6367, at *2 (E.D. Pa. Feb. 9, 1987) (order allowing parties to create depository instead of serving documents on all parties).  Unreported cases attached alphabetically in Exhibit H.

### D. Plaintiffs' Counsel's Own Previous Uses of the Depository

Plaintiffs' counsel in this case have repeatedly used the depository themselves without any apparent problems. To date, attorneys from plaintiffs' law firm Golomb & Honik have visited the depository five different times for a total of twelve days, in connection with four different lawsuits. (Haumann Aff. ¶ 10.) They have reviewed over 350 boxes of documents, and requested copies from over 200 of those boxes. (Id.) Copies have been made and forwarded to them. (Id.) In fact, one of plaintiffs' attorneys, Stephan Matanovic, visited the depository just a few days ago, on December 19 and 20, 2005. He reviewed several boxes of documents and requested documents from certain of those boxes to be copied. (Id.)

The Klemka court specifically found that plaintiffs' counsel can adequately use the depository. Responding to plaintiffs' counsel's accusations that documents in the depository were impossible to locate using the index, the court found that the discovery of relevant documents by plaintiffs' counsel "evidences plaintiffs' ability to search the depository and discover relevant information." Klemka, at 4. The continuing use of the depository by plaintiffs' counsel and the order in Klemka leave no doubt that the depository and its index allow plaintiffs more than sufficient access to Brush's relevant documents.

### III. ARGUMENT

### A. Plaintiffs' Motion is Premised on a Nonexistent Oral "Bench Order"

Plaintiffs do not dispute that Brush has complied with the Court's written orders, but contend that there was a separate oral "bench order" that, contrary to Rule 26, requires the parties to produce actual copies of all relevant documents. The transcript reveals that there was no such oral order. Quite the opposite -- the Court's remarks from the bench accurately paraphrased Rule

26 in stating that "it isn't necessary to actually provide the documents." (Exhibit A, at 15.) There is simply no basis for this motion.

### B. The Court's Actual Orders Direct the Parties to Follow Rule 26

The Court's actual written orders and statements from the bench closely track Rule 26(a)(1)(B), which states that a party must provide "a copy of, <u>or a description by category and location of</u>, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims for defenses, unless solely for impeachment. . . ." (emphasis added). The depository index does just that -- it lists all the relevant material in Brush's possession, not only by category and location, but by specific file name and source.

Plaintiffs' suggestion that a disclosing party must provide a copy of each relevant document has no basis in the rules or in decided cases. In <u>Coppola v. Bear Stearns & Co., Inc.</u>, No. 1:02-CV-1581, 2005 U.S. Dist. LEXIS 31614 (N.D.N.Y., Nov. 16, 2005) (attached as Exhibit I), for example, the court held: "The disclosing party <u>does not have to produce the actual documents</u> until the other party wishes to obtain access to the documents desired by either a formal or informal discovery request." <u>Id.</u>, at *27 (emphasis added). <u>See also</u> Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment.[3] Brush has offered plaintiffs full access to its documents. But plaintiffs have not asked to see them.

---

[3] The advisory committee notes state:

> Unlike subparagraphs (C) and (D), <u>subparagraph (B) does not require production of any documents</u>. Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, as will be more

C.  Brush Complied with Rule 26 and the Court's Orders

Having provided the depository index and having allowed plaintiffs access to the depository, Brush has more than satisfied its obligations under Rule 26(a)(1)(B) and the Court's Orders.  Plaintiffs seem to claim that Brush must do plaintiffs' work for them by searching for and providing actual, physical copies of all potentially relevant documents.  Neither the Federal Rules nor the Court's Orders require that.

The index allows plaintiffs' counsel to determine what documents they wish to examine -- in this case, as they have in others.  Plaintiffs may then request copies of those documents or review the documents at the depository.  Plaintiffs and their counsel should continue to make use of the resource that Brush has spent so much time and money to create.

## IV.  CONCLUSION

For the foregoing reasons, the motion should be denied, and Brush should be awarded its reasonable attorneys' fees for opposing this motion.

---

(continued…)

>   typical, only the description is provided, the other parties are
>   expected to obtain the documents desired by proceeding under
>   Rule 34 or through informal requests.

Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment (emphasis added).

Dated: December 23, 2005                             Respectfully submitted,


                                    By: /s/ Jeffery D. Ubersax
Jeffery D. Ubersax
Jones Day
North Point
901 Lakeside Ave.
Cleveland, Ohio 44114-1190
Tel:   (216) 586-3939
Fax:   (216) 579-0212

Alan M. Spiro
Federal Bar No. 475650
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
Tel:   (617) 951-2204
Fax:   (617)439-4170


Attorneys for Defendant Brush Wellman Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2005, a true and correct copy of the foregoing Opposition of Defendant Brush Wellman Inc. to Plaintiffs Motion to Compel Disclosure and Production of Documents was served via U.S. mail, first class postage prepaid, upon the following:

Leo V. Boyle, Esq.
Meehan, Boyle, Black & Fitzgerald, PC
Two Center Plaza
Suite 600
Boston, MA 02108
617-523-8300

Attorney for Plaintiffs

William F. Ahern
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142
617-494-1920

Attorney for Defendant American Beryllia Corp.

Ronald M. Jacobs, Esq.
James F. Kavanaugh, Jr., Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square,
4th Floor
Boston, MA 02109
617-482-8200

Attorneys for Defendant Raytheon Co.

John C. Wyman
Murtha Cullina, LLP
20th Floor
99 High Street
Boston, MA 02110-2320
617-457-4041

Attorney for Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.

Robert Nadeau, Esq.
Nadeau & Associates
1332 Post Road, Suite 4A
Wells, Maine 04090
207-324-3500

Attorney for Defendant Hardric Laboratories, Inc.

/s/ Jeffery D. Ubersax
Attorney for Brush Wellman Inc.