UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 04-cv-12137 JLT |
| American Beryllia Corp., et al. | ) ) ) |
| Defendants. | ) ) |

### Affidavit of Theresa Haumann

1. I am the Document Specialist/Attorney I of Brush Wellman Inc. ("Brush"), and have acted in that capacity since August 5, 1996. Included among my responsibilities is the supervision of Brush Wellman beryllium disease litigation and the Brush Wellman Document Depository. I have also been involved in collecting the documents for the depository.

2. Brush established the depository to facilitate document production to plaintiffs in cases involving alleged beryllium disease. The company had been criticized in a 1996 decision by a U.S. Magistrate Judge in the Eastern District of Tennessee for not having a "centralized document depository" to handle its discovery obligations. In response, Brush undertook a major project to collect and store in one place all documents of possible relevance to current or future beryllium disease litigation. The company spent more than $1 million in legal fees to set up the depository, which is located in rented space across the street from Brush's headquarters on St. Clair Avenue in Cleveland, Ohio. This effort initially required more than 10,000 lawyer and legal assistant hours from five law firms. (This does not include the time that Brush's employees themselves have spent to assist in locating potentially responsive documents and with the mechanics of the depository, nor does it include the time and money spent in updating the

depository.) It took approximately 16 months to set up the document depository and develop the index. The depository contains more than 1,000 boxes on-site and 800 boxes of non-duplicative documents off-site.

3. Documents currently maintained at the depository include documents previously produced to plaintiffs in Ohio, Tennessee, Arizona, Pennsylvania, Colorado, California and New York beryllium litigation since 1995, as well as documents produced in other cases.

4. Virtually all documents in the depository are photocopies. Documents that had been stored in production areas of Brush facilities or that came from production areas of that plant were copied using special procedures before being placed in the depository, to avoid any concerns about possible contamination of the documents. (The originals are kept in storage at the various Brush facilities.) In addition, given the volume of documents, some boxes are maintained in off-site storage facilities from which they can be retrieved at the request of interested parties or counsel.

5. At the depository, documents are arranged by their facility of origin (e.g. Elmore, Tucson, St. Clair). The name of the facility from which the documents came is marked on the box. Where possible, the boxes contain the name of the department from which the documents came, and the name of the Brush employee who maintained them. The files within the boxes are labeled and maintained exactly as they were labeled and maintained by Brush employees in the usual course of business. There was no relabeling of the files, and no rearrangement of their contents. We did not move any documents from one file to another. The intent was to produce all relevant files just as they had been kept in the usual course of business.

CLI-1364920v1

6. Brush has made tremendous efforts to facilitate discovery through the depository, by putting the relevant documents and files undisturbed into a convenient central location for counsel for all parties to inspect and copy.

7. An extensive index for the depository was created using the actual titles on the files. This index, which has been provided to plaintiffs' counsel in computer-readable form, lists the origin of each file, the person who maintained it, and the title of the file as originally maintained. In hard copy, it is more than 3,300 pages and contains a great deal of detail. Brush has no other index to the depository.

8. Brush has been named as a defendant in hundreds of lawsuits in numerous federal and state courts alleging injuries from beryllium exposure. To my knowledge, historically, at least 15 different law firms have represented Brush in litigation matters. The cases involve different beryllium products, different exposure periods, different Brush facilities or facilities of unrelated third parties, and various other facts unique to a particular case or group of cases. Accordingly, in developing the depository, Brush collected (and continues to collect) documents that may be relevant to any issue that has arisen or may potentially arise in any of these cases. As time passes and/or additional potentially responsive documents are identified, the documents are, or will be, added to the depository, and the index is, or will be, updated.

9. Given the various plaintiffs' and defendants' counsel who used and will be using the depository, a set of simple procedures was developed to allow counsel easy access to whatever boxes they request while maintaining the organizational integrity of the files. This type of control is important to ensure that documents are not lost or inadvertently misfiled by the reviewing party. Advance appointments are requested in order to ensure that adequate staff assistance is available at the depository.

CLI-1364920v1

10. The depository has been visited and used by counsel in many different matters. In fact, lawyers from the Golomb & Honik law firm, which represents plaintiffs in this case, have visited the depository five times since May 2001, for a total of twelve days, in connection with four different lawsuits. They have reviewed over 350 boxes of documents and have copied the documents from over 200 of those boxes. One of plaintiffs' attorneys, Stephan Matanovic, visited the depository on December 19 and 20, 2005. He reviewed several boxes of documents and requested copies from certain boxes.

I hereby declare under the penalty of perjury under the laws of the United States that the forgoing is true and correct.

Sworn to and subscribed
before me this 22nd day of December, 2005.

_Ellen L. Manes_
Notary Public

Theresa Haumann

**ELLEN L. MANES**
Notary Public, State of Ohio
My Commission Expires Mar. 25, 2006
(Recorded in Cuyahoga County)

- 4 -

CLI-1364920v1