```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2
        * * * * * * * * * * * * * *
 3      SUZANNE GENEREUX, et al       *
                Plaintiffs,           *
 4                                    *
                   vs.                *        CIVIL ACTION
 5                                    *        No. 04-12137-JLT
        AMERICAN BERYLLIA             *
 6      CORP., et al                  *
                Defendants.           *
 7      * * * * * * * * * * * * * *

 8              BEFORE THE HONORABLE JOSEPH L. TAURO
                    UNITED STATES DISTRICT JUDGE
 9                       STATUS CONFERENCE


10


11      A P P E A R A N C E S

12            GOLOMB & HONIK
              121 South Broad Street
13            Philadelphia, Pennsylvania 19107
              for the plaintiffs
14            By:  Ruben Honik, Esq.


15


16


17            MEEHAN, BOYLE, BLACK & FITZGERALD, PC
              Two Center Plaza
18            Boston, Massachusetts 02108
              for the plaintiffs
19            By:  Bradley M. Henry, Esq.
                   Michael B. Bogdanow, Esq.
20


21

22                                 Courtroom No. 20
                                   John J. Moakley Courthouse
23                                 1 Courthouse Way
                                   Boston, Massachusetts 02210
24                                 September 12, 2005
                                   10:25 a.m.
25
```

2

```
 1    APPEARANCES CONTINUED

 2

 3            JONES DAY
              901 Lakeside Avenue
 4            North Point
              Cleveland, Ohio 44114-1190
 5            for the defendants
              By: Jeffrey D. Ubersax, Esq.
 6

 7

 8            MURTHA CULLINA, LLP
              99 High Street, 20th Floor
 9            Boston, Massachusetts 02110-2320
              for the defendants
10            By: John C. Wyman, Esq.
                  Sarah Bryant, Esq.
11

12            NADEAU & ASSOCIATES PA
              1332 Post Road, Suite 4A
13            Four Oaks Professional Park
              Wells, Maine 04090
14            for the defendants
              By: Kellie A. Cameron, Esq.
15

16
              CLARK, HUNT & EMBRY
17            55 Cambridge Parkway
              Cambridge, Massachusetts 02142
18            for the defendants
              By: William F. Ahern, Jr., Esq.
19

20

21

22            CAROL LYNN SCOTT, CSR, RMR
                Official Court Reporter
23             One Courthouse Way, Suite 7204
              Boston, Massachusetts 02210
24                  (617) 330-1377

25
```

3

1                    P R O C E E D I N G S

2                    THE CLERK:  All rise for the Honorable Court.

3                    THE COURT:  Good morning everybody.

4                    THE CLERK:  Civil action No. 04-12137, Suzanne

5      Genereux versus American Beryllia, et al.

6           Would counsel please identify themselves for the

7      record.

8                    MR. HONIK:  Good morning, Your Honor.  Rubin

9      Honik and Stephan Matanovic appearing pro hac vice on behalf

10     of the plaintiffs.

11                   MR. HENRY:  And good morning, Your Honor.

12     Brad Henry and Michael Bogdanow also on behalf of the

13     plaintiffs.

14                   THE COURT:  Okay.

15          Anybody else want to identify themselves?

16                   MR. AHERN:  Your Honor, William Ahern

17     representing American Beryllia.

18                   MS. CAMERON:  Kellie Cameron, Hardric Labs.

19                   MR. UBERSAX:  Jeff Ubersax for Brush Wellman.

20                   MR. WYMAN:  John Wyman and Sara Bryant is with

21     me representing Kyocera.

22                   THE COURT:  Okay.  Give me a minute to catch

23     up with you, please.

24                   (Pause in proceedings.)

25                   THE COURT:  Okay.  I am not inclined to send

1    this to the SJC.  I am inclined to rely on my decision which

2    is in accord with Judge Zobel's approach to this.  And if

3    that is incorrect, then -- and I don't think it is.  But if

4    it is incorrect, we will be corrected by the Court of

5    Appeals if someone takes it up.

6            So what remains in the case is for me to find out

7    if you are ready for trial or if you are thinking about

8    settling this case.

9            Let me ask the first question.  Are you ready for

10   trial?

11                   MR. HENRY:  No, Your Honor.

12                   THE COURT:  Why not?

13                   MR. HENRY:  Well, we haven't really even

14   commenced factual discovery because I think our last order

15   from the Court was we cannot commence with the discovery

16   until the Court allowed it.  We do, however --

17                   THE COURT:  Well, except that you were

18   supposed to -- that order was my Rule 26 order.  And you are

19   supposed to have taken care of very important discovery.  In

20   other words, you are supposed to turn over everything that

21   is related to the complaint in any way, my order being much

22   broader than Rule 26 itself.

23            And if you have done that, then you may be ready

24   for trial.  Otherwise there may be a couple of depositions

25   that you need to take.  But there shouldn't be any deep

1    mining for information.  That should have all been turned

2    over.

3                   MR. HENRY:  Understood, Your Honor.  That has

4    not yet occurred.

5                   THE COURT:  Well, it is supposed to have

6    occurred.

7                   MR. HENRY:  The plaintiff has made disclosures

8    but --

9                   THE COURT:  Wait, wait, wait.

10                  MR. HENRY:  Sure.

11                  THE COURT:  When did we send out the Rule 26

12   order?

13                  THE CLERK:  I am going to pull it up, Judge.

14            (Pause in proceedings.)

15                  THE COURT:  December 9th I issued a Rule 26

16   order.  It is September now.

17                  MR. HENRY:  Yes, Your Honor.  That order went

18   out but we never had an initial scheduling conference.  It

19   was converted to a motion hearing.  And we all attended the

20   motion hearing and the Court ruled upon it.

21            But our understanding is that we still haven't had

22   an initial scheduling conference setting out what we are

23   permitted to do in terms of discovery over and above the

24   automatic discovery.

25                  THE COURT:  Well, you are supposed to have

1   done the Rule 26.  I mean, that is clear.  That is on the --

2               MR. HENRY:  Well, Your Honor, plaintiffs have

3   done it.  The defendants have not yet.

4               THE COURT:  Okay.  Why not?

5               MR. UBERSAX:  Your Honor, on behalf of my

6   defendant Brush Wellman, frankly we understood that our

7   discovery obligation and our opportunity to take discovery

8   was on hold pending this conference with the Court.

9          The last time we were we had a motions argument.

10  Plaintiffs' counsel, you asked plaintiffs' counsel whether

11  we had done any discovery.  And they said no.  And the Court

12  said fine.

13         And at the end of the hearing plaintiffs' counsel

14  again asked, well, you know, are we supposed to be making

15  disclosures.  And I believe the Court said no, we will

16  address that when you come back in April or sometime after

17  motions are ruled upon.

18         They now have been.  And frankly no one has done

19  anything in terms of discovery yet.  I know we all had the

20  same understanding.  I hope it wasn't incorrect.

21              THE COURT:  Well, let me say this:  It is one

22  of two things.  You are all correct or I am.  And as tough

23  as I could be, when I drive to work in the morning I find

24  that everybody on the road is crazy.

25              (Laughter.)

1              THE COURT:  And I often say to myself, well,

2     maybe it is me today and not everybody else.

3              So why don't we just presume that I was not

4     specific enough.  And I try to be but every once in a while

5     it gets away from me.

6              So how much time do you need to fully comply with

7     my Rule 26 order, understanding that it is really an empty

8     the filing cabinets order?

9              MR. HENRY:  We understand that, Your Honor.

10    We have worked out a schedule.  If that's helpful, I can

11    hand it up.

12              MR. UBERSAX:  You are talking about

13    disclosures?

14              THE COURT:  I am talking about Rule 26.  Let's

15    forget about what you have worked out.  Let's take it a bite

16    at a time.

17              How much time do you need to comply fully with Rule

18    26?

19              MR. UBERSAX:  On behalf of Brush Wellman I

20    don't think we need more than two weeks to do that.

21              THE COURT:  All right.  What about the rest of

22    you?

23              MR. WYMAN:  Your Honor may remember that there

24    was an issue that we raised beginning with the government

25    contractor defense.  And in response to that, there was an

1    affidavit that was served by the plaintiffs on us in the

2    spring.

3         And the issue there had to do with what, if any,

4    Kyocera products were located there. And we have the need

5    for additional specificity as to what kind of product for us

6    to able to do a full disclosure. We could do a limited

7    disclosure this week addressing what we have been able to

8    identify. But there is a very serious product

9    identification issue here.

10        THE COURT: Well, that may come as a second

11   wave of discovery.

12        MR. WYMAN: So the first wave of discovery,

13   that's fairly simple. But we will then get to the second

14   phase --

15        THE COURT: Let's do the first wave first and

16   we will deal with your concerns in a minute.

17        What about the rest of you?

18        MR. AHERN: Yes, Your Honor. Our difficulty

19   is that we're a successor corporation that purchased assets

20   out of a bankrupt estate. So I think we can produce what we

21   have, which is virtually nothing since we weren't even in

22   existence.

23        THE COURT: Well, then produce what you have

24   and you file an affidavit saying that there is no more. I

25   mean, so at least your skirts are clean.

1              MR. AHERN:  We can do that within two weeks,

2       Your Honor.

3              THE COURT:  All right.  Two weeks, is that --

4       nothing happens in two weeks.  This is September 12th.  Why

5       don't we say the last working day in October you will fully,

6       both sides, will have fully complied with the Rule 26

7       obligation.

8              Now, this will take you into further discovery

9       perhaps.  The plaintiff -- all I am interested in is what

10      depositions you want to take.  I am not going to deal with

11      interrogatories at this stage.  There won't be any.

12             And there is no need for production of document

13      motions because the Rule 26 is supposed to take care of

14      that.

15             So who do you need to depose?

16             MR. HENRY:  We'd like a 30(b)(6) of each

17      defendant.  A 30(b)(6) of Raytheon which I think at this

18      point is no longer a defendant so I think there may be a

19      separate final judgment issued with Raytheon.  I think

20      Mr. Wyman is talking about discovery as to Raytheon.

21             In addition to just the 30(b)(6), we'd like the

22      option after the 30(b)(6) is over to take two additional

23      depositions if necessary of each of the defendants.  For

24      example, somebody in sales or customer support is one

25      category.  And then somebody in -- the director of safety or

1    health or environmental control or industrial hygiene.  So

2    one person in each of those two categories.

3                    THE COURT:  All right.

4                    MR. HENRY:  And that's it, of all of them and

5    then the same --

6                    THE COURT:  Have you got that, Brad?

7         Okay.

8                    MR. HENRY:  I have written it down if it's

9    helpful.

10                   THE COURT:  All right.

11                   MR. HENRY:  And beyond that, Your Honor, at

12   this point we don't envision other depositions necessary

13   after we have taken those.

14                   THE COURT:  Okay.  So how much time do you

15   need to accomplish those depositions?

16        Give yourself enough time.  I am not going to grant

17   any extensions.

18                   MR. HENRY:  All right.  To be realistic, we

19   think we can finish those probably by the middle or the end

20   of February, because we are talking four defendants.

21                   THE COURT:  All right.  Last working day in

22   February, how is that?

23        What about the defendants?  Do you have any

24   depositions you want to take?

25                   MR. UBERSAX:  Absolutely, Your Honor.  And I

1    guess I'd like to respond.  Well, first of all, what we'd

2    like to do is to depose each of the plaintiffs, co-workers

3    of Suzanne Genereux, the lead plaintiff, at Raytheon.

4                THE COURT:  By name.

5                MR. UBERSAX:  We don't know their names yet

6    because we haven't had any discovery.  But we will

7    certainly, as soon as we get those names --

8                THE COURT:  All right.  So we will put down a

9    category of coworkers yet to be identified.

10               Who else?

11               MR. UBERSAX:  And we also would want to depose

12   the treating physicians of Ms. Genereux.  She has a wide

13   variety of health problems totally unrelated to beryllium or

14   beryllium disease, including a heart disease.  And she had a

15   stroke in '96 that left her in a wheelchair before anyone

16   talked about lung problems.

17               So we want to depose five or six or maybe more of

18   her treating physicians.

19               THE COURT:  Well, identify them.

20               MR. UBERSAX:  I can give some names.

21               THE COURT:  Well, we need them.  I am going to

22   issue an order authorizing certain discovery and no other.

23   If I don't have the names, I can't authorize it.

24               MR. UBERSAX:  Well, the names that I have at

25   present are taken from the limited disclosures that the

1      plaintiffs have made --

2                  THE COURT:  Okay.

3                  MR. UBERSAX:  -- are the following:

4            Dr. Lee Newman; Dr. T. Verma, V-E-R-M-A;

5      Dr. William Corrao, C-O-R-R-A-O; Dr. James McCormack;

6      Dr. Greigstone Yearwood.  Greigstone is spelled

7      G-R-E-I-G-S-T-O-N-E.

8                  THE COURT:  What is the last name?

9                  MR. UBERSAX:  The last name is Yearwood.

10     Dr. David Ashley --

11                 THE COURT:  Can you spell that?

12                 MR. UBERSAX:  Yearwood is just year wood, two

13     words.

14           Dr. David Ashley.  Dr. Richard Millman,

15     M-I-L-L-M-A-N.  And the last one I have is Dr. Gary Epler,

16     E-P-L-E-R.  It may be that we don't need to take all those

17     depositions.

18                 THE COURT:  All right.  Well, I will authorize

19     them.

20           Now, what --

21                 MR. UBERSAX:  I'm not done.  Excuse me, Your

22     Honor.

23                 THE COURT:  Well, you are done.  I am not sure

24     how many I am going to permit.

25                 MR. UBERSAX:  We also, very important in this

1  case, very important is going to be discovery from employees

2  at Raytheon Corporation where Ms. Genereux worked.  In

3  addition to her coworkers, we need to talk to people who

4  were in charge of the industrial hygiene, the medical

5  program there, people who knew about the health --

6            THE COURT:  So you want a 30(b)(6); don't you?

7            MR. UBERSAX:  That's probably a good place to

8  start, sure.  We want to start with a 30(b)(6).

9        We also already have records naming some people.

10  So I think, you know, it's --

11            THE COURT:  Why don't we start with the

12  30(b)(6).  And then if you want additional discovery, you

13  will file a motion identifying by name or at least category

14  people that you want to depose in addition to those that I

15  have approved.  And we will do it in that sort of an orderly

16  fashion.

17            MR. UBERSAX:  That's fine.

18            THE COURT:  Okay.

19            MR. UBERSAX:  And in terms of the time for it,

20  we actually -- and we tried to agree on a schedule before

21  coming here.  And what we talked about was a fact discovery

22  cutoff of May 12th which seemed reasonable to everybody.

23  That's eight months.  I think February is too tight.

24            THE COURT:  Well, for the laundry list of

25  potential deponents that you just described I can understand

1    why you feel that way.

2         All right.  So why don't we move both discovery

3    schedules to the last working day in May.  I will bring you

4    back for a further conference in June at which time we will

5    see what else needs to be done, if anything.

6         If nothing needs to be done, we will try to settle

7    the case.  If that doesn't look likely, then I will just

8    give you a trial date shortly thereafter.

9         MR. UBERSAX:  Your Honor, may I ask how

10   experts fit into all of this?  Would this come after the

11   fact discovery?

12        THE COURT:  We will deal with that at the next

13   conference.  The further conference you will tell me we need

14   an expert or we don't need an expert.  You may identify

15   experts and have an accompanying affidavit and that will

16   probably be it.

17        I probably will not allow expert discovery telling

18   you instead to rely on the affidavit.  I generally do not

19   permit depositions of experts.

20        Anything else?  Give them a date.

21        THE CLERK:  June 6th, 2006, ten a.m.

22        THE COURT:  June 6th, that is the date for our

23   next meeting.  Okay?

24        MR. HENRY:  Yes.  Here?

25        THE COURT:  Where would you like to have it?

1          (Laughter.)

2               MR. HENRY:  Mr. Matanovic is from

3     Philadelphia.

4               THE COURT:  It would be nice to go to

5     Philadelphia except that they don't pay me to travel.

6               MR. HENRY:  Your Honor, one of the questions

7     that we have is that -- we understand the emptying the

8     filing cabinet rule.

9               THE COURT:  It isn't necessary to actually

10    provide the documents.  At least come up with a menu of

11    available materials.  And then the person that wants the

12    material would make the request, pay for the copying and

13    that is it.

14              MR. HENRY:  We have some specific categories

15    that it may not occur to the defendants that we are looking

16    for information on.  Is it worthwhile discussing here or

17    waiting till after --

18              THE COURT:  Just wait till after.  I mean, you

19    can tell them that this is what you expect in the envelope

20    when they send the stuff to you.  If they have a

21    disagreement, then you are going to have a motion to compel.

22         If I think it is a frivolous motion either way,

23    then I will sanction the party that is being frivolous.

24              MR. HENRY:  Okay.  Thank you, Your Honor.

25              THE COURT:  I hope that doesn't happen.

1           MR. WYMAN:  On behalf of Kyocera, Your Honor,

2    I have some additional deponents that we would like to

3    depose.

4           THE COURT:  Yes.

5           MR. WYMAN:  First is Frank Balint who is the

6    individual who authored the affidavit.

7           THE COURT:  Okay.

8           MR. WYMAN:  His wife Claire Balint who

9    allegedly was also exposed to beryllium at the workplace in

10   Raytheon.

11          And there have been four other former Raytheon

12   employees identified by the plaintiff in their disclosures

13   who I believe we will probably want to depose but I don't

14   know enough about them yet because I just received this

15   disclosure.

16          THE COURT:  Just tell us the names.

17          MR. WYMAN:  Robert Barberio, B-A-R-B-E-R-I-O,

18   Ernest Betuchy, B-E-T-U-C-H-Y, Steven Chadwick, that's with

19   a V, and Stanley --

20          THE COURT:  You mean the Steven is with a V?

21          MR. WYMAN:  Yes.

22          And Stanley Lichwala, L-I-C-H-W-A-L-A.

23          THE COURT:  Okay.  And I take it you can take

24   those within this time frame which we have set?

25          MR. WYMAN:  I see no reason we can't.

1          THE COURT:  All right.  If anybody has

2    trouble -- I am inclined not to allow any extensions so if I

3    were you, I would get it done and get it over with.

4          MR. UBERSAX:  Your Honor, I realize that I am

5    able to name some individuals, Raytheon employees, if the

6    Court would prefer that I do that at this point.

7          THE COURT:  Absolutely.  I mean, I am going to

8    authorize certain discovery.  After that you are going to

9    have to file a motion to have additional discovery.  You

10   can't just do it by yourself where the parties get together

11   and agree that they're going to do this.  You can't do that.

12   Okay.

13         MR. UBERSAX:  Let me then give you the names

14   that I have now.  Robert Demeo, D-E-M-E-O; Leo Myers,

15   M-Y-E-R-S; Van Raman, R-A-M-A-N; an individual named -- I

16   don't know his full first name, P initial Ward, W-A-R-D; r.

17   J. Merrow, M-E-R-R-O-W; Mort Sullivan.

18         And then four doctors:  Dr. Beverly Shaw; Dr. Peter

19   Toch, T-O-C-H; Dr. Andros Balos, B-A-L-O-S; Dr. Joe Godrick,

20   G-O-D-R-I-C-K.  And the last name I have is John Chartier,

21   C-H-A-R-T-I-E-R.

22         Now, it may be of course that at the 30(b)(6) we

23   learn that these people aren't necessary as deponents but --

24         THE COURT:  You are not required to.  You are

25   just looking for authorization.  And that all is going to be

1   done as of the last working day in May.

2          MR. AHERN:  Your Honor, on behalf of American

3   Beryllia, we anticipate that we may have to depose a

4   30(b)(6) of General Ceramics Corporation which is the

5   bankrupt entity.  I don't know exactly how we are going to

6   do it but we'd like to at least have the option to depose

7   someone there who knows about the asset purchase.

8          THE COURT:  Okay.

9          MR. AHERN:  And I also have a question on

10  dispositive motions, Your Honor.  Can they be filed at any

11  time?

12         THE COURT:  Any time.

13         MR. AHERN:  Thank you.

14         MR. WYMAN:  I'm just going through my notes,

15  Your Honor.  I have some additional people who we may want

16  to depose.  A few individuals who were --

17         THE COURT:  Just make it easy for Brad, say

18  who you represent again.

19         MR. WYMAN:  Kyocera.

20         The first is Carl Trautbutter,

21  T-R-A-U-T-B-U-T-T-E-R.  He was an employee of the United

22  States Navy.  And Dr. Kenzie Jones, K-E-N-Z-I-E.  And he was

23  also an employee of the United States Navy.

24         Another individual who was an employee of Raytheon,

25  Ted -- I'm going to spell this.  I can't pronounce it --

1    D-Z-I-E-M-E-N-O-W-I-C-Z.

2                THE CLERK:  One more time.

3                MR. WYMAN:  Yes.  D-Z-I-E-M-E-N-O-W-I-C-Z.

4                THE COURT:  Why can't you pronounce that.

5           (Laughter.)

6                MR. WYMAN:  I haven't practiced yet, Your

7    Honor.  I may have been brought up in the Connecticut River

8    Valley but I still have to practice them.

9                THE COURT:  All right.

10               MR. WYMAN:  And Bob Boland.

11               THE COURT:  B-O-L-A-N-D?

12               MR. WYMAN:  That's correct.

13               THE COURT:  Have you got everything?

14               THE CLERK:  Yes.

15               THE COURT:  Okay.  That is all to be done the

16   last working day in May.  You are going to see me again

17   June, what is it again?

18               THE CLERK:  June 6th, Judge.

19               THE COURT:  We will send out an order

20   memorializing all this.

21          And as an aside, I remind you -- I am sure it is

22   unnecessary -- that you are supposed to file an affidavit

23   with me indicating that you have gone over with your clients

24   the cost of litigation here.

25          And I tell you that without having done any

1    research, my intuition is that you are way way over any

2    discovery requests that I have had in 33 years on this

3    bench.  I don't know if you have any idea how much all this

4    discovery is going to cost you.  But I have never had a case

5    with this many requests for discovery.  And I have had a lot

6    of big cases.

7         So you either have the biggest case that has ever

8    been before me, congratulations, or you are spending a lot

9    of money for nothing.

10        So I'd take another look at it.  And also I would

11   suggest that you talk with your principals and ask them if

12   they want to set a new record for litigation costs or they

13   want to try to please their shareholders and see if they can

14   get rid of this case on some equitable basis.

15        It is worth something and it is only worth so much.

16   So that is the way to approach it.  Okay.  But I wouldn't

17   just go merrily for the next eight or nine months with these

18   kind of discovery costs.  You can do it but you better have

19   that affidavit filed indicating that you have permission of

20   your client to go ahead and do it.

21        Thank you.

22        COUNSEL:  Thank you, Your Honor.

23        (WHEREUPON, the proceedings were recessed at 10:50

24        a.m.)

25

21

C E R T I F I C A T E

I, Carol Lynn Scott, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

_____

CAROL LYNN SCOTT
Official Court Reporter
John J. Moakley Courthouse
1 Courthouse Way, Suite 7204
Boston, Massachusetts 02210
(617) 330-1377