IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED

Apr 16  1 55 PM '99

U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY _____ DEA CLERK

| | | |
|---|---|---|
| TROY MURPHY MORGAN, et al., Plaintiffs, | ) ) ) | |
| v. | ) ) | 3:94-cv-369 |
| BRUSH WELLMAN, INC., et al., Defendants. | ) ) ) | (Jarvis/Phillips) |
| | | |
| GARY FOSTER and wife, GENISE FOSTER, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | 3:97-cv-105 |
| BRUSH WELLMAN, INC., et al., Defendants. | ) ) ) | (Jarvis/Phillips) |
| | | |
| JAMES L. GRANT, et ux., Plaintiffs, | ) ) ) | |
| v. | ) ) | 3:97-cv-593 |
| BRUSH WELLMAN, INC., et al., Defendants. | ) ) ) | (Jarvis/Phillips) |

## MEMORANDUM AND ORDER

Currently pending before the undersigned are plaintiffs' motions for an order compelling defendants Brush Wellman, General Dynamics and Cabot Corporation to respond fully and completely to plaintiffs' first set of interrogatories and requests to produce documents regarding

Exhibit G

beryllium product identification [Docs. 240, 132, 103].[1]

This lawsuit arises from injuries and damages allegedly sustained by plaintiffs as a result of their exposure to beryllium dust and powder during the course and scope of their employment at the Department of Energy's (DOE) facilities in Oak Ridge, Tennessee. Specifically, plaintiffs allege that, as a result of their exposure to beryllium at the Oak Ridge facilities, they have developed chronic beryllium disease.

Plaintiffs' first set of Interrogatories and Requests for production of documents were served upon the defendants on January 4, 1999. Plaintiffs contend that defendants' responses are evasive and unresponsive. Plaintiffs state that the information sought in the discovery requests is specific for beryllium products sold by defendants and used at the DOE facilities, including Y-12 and K-25, at Oak Ridge, Tennessee. Plaintiffs argue that the information and documents sought are in the complete control of the defendants.

Document depository

Plaintiffs note that rather than produce the requested documents to plaintiffs, Brush Wellman responded that it would permit plaintiffs to review the documents at its document depository located in Cleveland, Ohio. Plaintiffs state that Brush Wellman has imposed restrictions governing access by plaintiffs to this depository which include specific hours, requiring

---

[1]The second and third document numbers refer to case number 3:97-cv-105 and case number 3:97-cv-593, respectively.

appointments to review documents be made with the defendant, limitations on number of attorneys and document boxes which may be reviewed at one time, requiring that all documents which plaintiffs wish to copy be given to the defendant for copying, along with other restrictive measures as more fully recited in the depository rules.

Plaintiffs further contend that the index of documents supplied to plaintiffs is not formatted in a workable manner as it merely lists the contents of 300 boxes of documents in no logical order or sequence understandable by plaintiffs' counsel. Plaintiffs also argue that the index contains file labels which are meaningful only to Brush Wellman.

Fed. R. Civ. P. 26(b) notes as follows:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(2) Limitations. ... The frequency or extent of use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues....

3

Fed. R. Civ. P. 33 sets out the requirements for the sufficiency of responses to interrogatories:

> (b) Answers and Objections.
>
> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.
>
> . . . .
>
> (4) All grounds for an objection to an interrogatory shall be stated with specificity.
>
> (d) Option to Produce Business Records.
>
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed. R. Civ. P. 34 sets out the requirements regarding the production of documents, as follows:

> (b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and described each with reasonable particularity. ...
>
> . . . .
>
> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

4.

Brush Wellman has responded [Docs. 249, 141, 116]. Brush Wellman notes that it created the document depository to assist litigants in discovery in prior litigation in this district pursuant to the recommendations of Magistrate Judge Robert P. Murrian. Defendant prepared an index of the documents at the depository as they were maintained in the regular course of business to assist in the review of documents maintained within the document depository. Defendant indicates that the depository is updated approximately every six months with updated indices and privilege logs provided when prepared. *See* Haumann Aff. ¶ 9.

Brush Wellman states that it conducted a search of all records in locations where it believed documents which would fall within the disclosure requirements of Fed. R. Civ. P. 26 would likely be found. The search lasted several months and over 1,000 hours were expended in reviewing the documents. All documents which were discovered that referred to the Oak Ridge facilities, Department of Defense (DOD), Y-12 or related facilities, Union Carbide, and/or Martin-Marietta were copied and produced to plaintiff's counsel as part of the Rule 26 disclosures. According to defendant, the documents produced in conjunction with the disclosures filed on December 16, 1996 exceeded 40,000 pages and included an index.

In its responses to the interrogatories, Brush Wellman informed plaintiffs to "See records previously produced to plaintiffs' counsel pursuant to Brush Wellman's Supplemental Disclosures in compliance with Federal Rule of Civil Procedure 26 together with documents maintained within the Brush Wellman document depository...."

5

The burden is upon the party objecting to interrogatories to justify the objection. *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D. W.Va. 1970). If an interrogatory is objected to on the grounds of being overly broad, burdensome, oppressive or irrelevant, the objecting party

> must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not rrelevant or how each question is overly broad, burdensome or oppressive ... by submitting affidavits or offering evidence revealing the nature of the burden.

*Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa 1980)(citation omitted). "Objections to interrogatories must be specific and by [sic: be] supported by a detailed explanation of why the interrogatories are improper ... Generral objections may result in waiver of the objections." *In re Folding Carton Antitrust Litigcation*, 83 F.R.D. 260, 264 (N.D. Ill. 1979).

The extensive number of documents involved in this case gives Brush Wellman the option to produce its business records in the document deepository. The breadth of the requests of plaintiffs would lead the undersigned to conclude that the burden of deriving or ascertaining the answers to plaintiffs' discovery requests is substamtially the same for both parties. Thus, it is a sufficient answer for Brush Wellman to specify thee records in its document depository from which the answers may be derived or ascertained and to afford plaintiffs' counsel reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

In order to rely on Fed. R. Civ. P. 33(d), BBrush Wellman must specify to plaintiffs in sufficient detail information that will allow plaintifffs' counsel to locate and identify the pertinent

65

records from which the answers can be ascertained. In the undersigned's opinion, the index appears to meet Brush Wellman's burden.

All defendants are reminded, however, that if they choose to answer an interrogatory by producing business records, they must follow Fed. R. Civ. P. 33(d). It is not enough for a producing party to simply say that it has produced all the documents necessary to answer the requesting party's question and all they have to do is find the answer in the materials already produced. Fed. R. Civ. P. 33(d) was written to curtail this type of discovery abuse.

The court has considerable discretion to limit discovery if it is unduly burdensome or otherwise oppressive. Fed. R. Civ. P. 26(b)(2). The undersigned finds that plaintiffs motion as to Brush Wellman is premature. The parties are directed to meet and confer within the next thirty (30) days regarding the production of documentation responsive to plaintiffs' discovery requests. Plaintiffs' counsel is urged to develop a dialog to inform Brush Wellman as to specific items plaintiffs request. If the parties cannot agree on production, plaintiffs may renew their motions to compel as to defendant Brush Wellman, provided plaintiffs can identify specific problems impeding discovery.

In a response to the motions to compel [Docs. 245, 137, 109], defendant Cabot notes that it responded to certain of plaintiffs' interrogatories in the fashion it did because the requested documents are not in the possession, custody or control of Cabot and therefore Cabot can only

7

base its answers on information provided by NGK Metals. Cabot relates that without sales records, these interrogatories cannot be answered. Apparently, the sales records have been produced or are in the process of being produced by NGK. It further appears that NGK will soon respond to plaintiffs' interrogatories and requests for production [*See* Doc. 250].

Cabot further avers that an order entered on September 29, 1995, is controlling, in that this court has already ruled on an almost identical motion to compel in 1995 and found that the sales documents had been produced and therefore, the motion to compel was moot.

Upon the information known to me at this time, I find that Cabot need not respond further on this issue as it appears the requested documents are not in its control and/or have been/will be produced.

General Ceramics has responded to plaintiffs' motions to compel [Docs. 246, 138, 113]. Defendant states that the contracts sought in discovery are unavailable (they were returned to the government) and that the information sought may be classified. *Id.* Defendant notes that it has not received any release from the United States of America or any of its authorized agents or agencies. In the alternative, General Ceramics seeks a protective order to avoid any unauthorized disclosure of information.

General Ceramics also objects that plaintiffs' interrogatories seek information that is in the

possession of the defendant's attorneys, experts, cconsultants and investigators. Thus, defendant objects to the production of information that is prcrotected by attorney-client privilege, work product doctrine, and the non-testifying consultingg expert privilege. General Ceramics also complains that the interrogatories are overly broadd in that they seek information dating back to 1940.[2]

Following the hearing held in this matter, GGeneral Ceramics filed a supplemental memorandum [Docs. 252, 144, 119]. Counsel for r defendant states that although she had offered to amend General Ceramics' response to direct plalaintiffs to the invoices previously produced by Brush Wellman reflecting sales of beryllium to Gennneral Ceramics, she now believes that such an amended response is inappropriate. Counsel arguees that the information gained by counsel for General Ceramics through review of documents prrroduced by another party (or by a third party) or made available to all litigants for inspection is protrtected attorney work product. Moreover, defendant contends that information gained by couunsel for General Ceramics through the review of documents produced by another party or made avarailable to all litigants for inspection by another party is not corporate knowledge that would be veierifiable by a corporate representative, such as is required by Rule 33. General Ceramics also argueæs that it should not be required to produce information and documents already produced by annother party, as such reproduction is wasteful of time and resources and is not required by Rule 26((e).

---

[2]Plaintiffs were instructed at the hearing ththat their requests will be limited to the last ten (10) years prior to filing suit.

Fed. R. Civ. P. 26 (b)(5) provides that

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and <u>shall describe the nature of the documents, communications, or the things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.</u> (emphasis added).

In the court's opinion, defendant has not complied with Fed. R. Civ. P. 26 (b)(5). Counsel for defendant is not required to disclose mental impressions, conclusions, opinions or legal theories. But if defendant is contending that the information General Ceramics has in its possession is privileged in some fashion, counsel must comply with Fed. R. Civ. P. 26 (b)(5).

However, based on the information presently before the court, the undersigned agrees with General Ceramics that it should not be required at this time to produce documents and/or information that have already been made available to plaintiffs. No protective order is therefore required and defendant's motion in the alternative for a protective order [Docs. 246, 138, 113] is DENIED AS MOOT.

Defendants in this case are reminded that a corporation has a duty under Fed. R. Civ. P. 33 to answer interrogatories with "such information as available." Answers to interrogatories must reveal composite knowledge of the corporation and <u>there is a duty to search and make inquiry in all reasonable places and from all reasonable sources within the corporation.</u> *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204 (8th Cir. 1973), cert. denied, 94 S.Ct. 926 (1974) (emphasis

10

added). When answering interrogatories, the duty is as follows:

> Answers must be complete, explicit and resspponsive. <u>If a party cannot furnish details, he should say so under oath, say why, and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control. If a party is a corporation, information in the hands of its agents and others within its control must be supplied</u>... However, where the answer states that no record exists, the court cannot compel the impossible... Therrefore, a sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable.

*Milner v. National School of Health Technology*, 73 F.R.D. 628, 632-633 (E.D. Penn. 1977)(citations omitted)(emphasis added).

For the reasons set forth herein, plaintiffs' motions to compel [Docs. 240, 132, 103] are hereby DENIED.

IT IS SO ORDERED.

ENTIER:

*Thomas W. Phillips*
Thomas W. Phillips
UNITED STATES MAGISTRATE JUDGE

11