Westlaw.

Page 1

Not Reported in F.Supp.
Not Reported in F.Supp., 1987 WL 6367 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

C
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Charles CHURCH, et al.
v.
CITY OF PHILADELPHIA, et al.
**Civ. A. No. 87-0369.**

Feb. 9, 1987.

D. Bruce Hanes, Richard M. Sand, Saidel, Sand and Saidel, Philadelphia, Pa., for plaintiffs.

MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.
*1 On September 30, 1985, this court entered a memorandum and order consolidating six related "Move" cases for pre-trial purposes. The above-captioned case is related to these cases. For the reasons stated in that Memorandum, it is hereby ORDERED that this case is consolidated with the other cases under the caption "In Re CITY OF PHILADELPHIA LITIGATION, MASTER FILE NO. 85-2745"; all filings in this case shall conform to the specifications set forth in this court's order of September 30, 1985, and in subsequent orders filed in *In Re City of Philadelphia Litigation.* A copy of the order of September 30, 1985 is appended. Counsel should note their obligation to assure that they are correctly listed by the Clerk as counsel of record both in the master file and in all consolidated cases in which they have entered appearances. Order of October 7, 1986. Counsel should also note that all matters related to discovery and to the scheduling of pre-trial motions in the consolidated cases have been referred to Magistrate William F. Hall, Jr. Order of October 9, 1986.

APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

DANIEL GADDIE, et al.

v.

CITY OF PHILADELPHIA et al.

CIVIL ACTION NO. 85-2745.

THOMAS E. MAPP, et al.

v.

CITY OF PHILADELPHIA, et al.

CIVIL ACTION NO. 85-3123.

LOUISE JAMES

v.

FRANK POWELL, et al.

CIVIL ACTION NO. 85-3528.

RAMONA SHANNON

v.

FRANK POWELL, et al.

CIVIL ACTION NO. 85-4714.

ZELMA DOTSON HARRIGAN

v.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1987 WL 6367 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

Page 2

FRANK POWELL, et al.

CIVIL ACTION NO. 85-4776.

CLAIRE LEAK

v.

FRANK POWELL, et al.

CIVIL ACTION NO. 85-4777.

MEMORANDUM/ORDER

On August 21, 1985, a pretrial conference was held in the "Move" cases filed as of that date.[FN1] Following that conference, plaintiffs in *Gaddie* and in *Mapp* filed a motion for consolidation. Defendants oppose the form of consolidation proposed by plaintiffs, but have themselves offered a format for consolidation which they believe is appropriate, and which has the support of plaintiffs in the *Mapp, James,* and *Shannon* cases. Plaintiffs in *Gaddie* have responded in opposition to the defendants' proposal, but have also modified their own proposal for consolidation. Upon consideration of these submissions, the court enters the following order.

I. *Order of Consolidation*

Pursuant to this court's authority under Federal Rule of Civil Procedure 42(a) it is hereby ORDERED and DIRECTED that:

(A) these actions are consolidated for pretrial purposes, and are collectively referred to as "In re City of Philadelphia Litigation";

(B) the Clerk of this court shall keep a Master File of all papers submitted in these actions. Every pleading filed in these consolidated proceedings shall bear the following caption:

IN RE CITY OF PHILADELPHIA LITIGATION

MASTER FILE NO. 85-2745

(C) if a document is intended to be applicable to a particular action, but not to all consolidated actions, then under the above caption there shall appear the following: "This Document Relates To: "[plaintiff's name], Civil Action No. [ ]."

*2 (D) this Order shall apply to each case subsequently filed in this court which is related to the above-named actions.

II. *Discovery Procedure*

In order to facilitate pretrial discovery, it is ORDERED that:

(A) Copies of documents (including discovery requests and replies thereto) filed in *In re City of Philadelphia Litigation* shall be served on all counsel for all parties in this consolidated action. Counsel shall make every effort to avoid duplication of discovery requests.

(B) Counsel for plaintiffs and for defendants, respectively, who elect in writing filed and served herein to establish a document depository, will not be required to produce documents pursuant to this Order. Any document depository established pursuant to this Order must be established on or before October 21, 1985, and must be maintained until further Order of this Court.

(C) The document depositories shall be located at such addresses as plaintiffs and defendants respectively propose and are approved by the Court, and shall be maintained at the expense of the plaintiffs and defendants, respectively, and subject to their supervision and control.

(D) Counsel appearing for any party in this consolidated action shall have reasonable access during business hours to each document in any such depository, and may obtain a copy thereof at such party's expense.

(E) No documents filed in a depository may be removed from the depository other than by order of this court.

III. *Maintenance of Time Records*

These consolidated actions have been filed pursuant

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1987 WL 6367 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

Page 3

to 42 U.S.C. §§ 1983, 1988, which provide for the award of attorneys' fees and expenses to prevailing parties. Counsel should, of course, avoid duplication of efforts, work performed by persons overqualified for a particular task, excessive hours for a particular task, and excessive costs. Counsel should also take care to maintain contemporaneous records: Reconstructed records are a disfavored basis for the award of attorneys' fees. In order to assist the court in determining the amount of fair and reasonable attorneys fees, if any, to which counsel may ultimately be entitled, it is hereby ORDERED that:

(A) all counsel in the above-captioned action shall maintain contemporaneous, daily time records setting forth specifically what activities were performed by each attorney, paralegal, and law clerk, and the time spent by him or her in each activity.

(B) copies of such records covering three-month intervals shall be filed, under seal, with the Clerk of this court, on or before the tenth day following the end of each interval. Records for the interval between the commencement of this action and September 30, 1985 shall be filed on or before October 10, 1985.

SEPTEMBER 30, 1985
/s/POLLAK, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

IN RE CITY OF PHILADELPHIA LITIGATION

MASTER FILE NO. 85-2745.

ORDER

The court has been advised that there is some confusion as to the meaning of the first sentence in paragraph II(A) of the court's Order of September 30, 1985. The sentence reads as follows: "Copies of documents (including discovery requests and replies thereto) filed in *In re City of Philadelphia Litigation* shall be served on all counsel for all parties in this consolidated action." There is potentially some ambiguity, stemming from the use of the verb "filed," as to whether discovery-related materials need to be both filed with the Clerk and served on all parties, or whether discovery-related documents need only to be served on all parties but not filed with the Clerk.

*3 To eliminate such ambiguity, it is hereby ORDERED that the first sentence of paragraph II(A) of this court's Order of September 30, 1985 is to be read to require counsel to serve copies of all documents (including discovery requests and replies thereto) on all counsel for all parties in this consolidated action, but not to require counsel to file with the Clerk those documents, such as discovery requests and replies thereto, which are not normally filed with the Clerk.
/s/POLLAK, J.


E.D.Pa.,1987.
Church v. City of Philadelphia
Not Reported in F.Supp., 1987 WL 6367 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

Page 1

Briefs and Other Related Documents

United States District Court, N.D. Georgia, Atlanta Division.
In re Domestic Air Transportation Antitrust Litigation (This Document Relates To: All Actions).
Nos. 1:90-CV-2485-MHS, MDL 861.

Dec. 21, 1990.

Pretrial Order No. 2

SHOOB, District Judge.

*1 The Court conducted the second preliminary pretrial conference in this litigation on December 12, 1990. Numerous attorneys representing many of the parties in these consolidated actions appeared at the conference. After consideration of the comments and proposals of the parties, the Court Orders:

1. *Disqualification.* At this time, counsel agree there are no issues of disqualification of the Court or of counsel. The Court will address any issues of disqualification promptly should they arise.

2. *Organization of Counsel.* In a case of this magnitude and complexity, it is imperative that counsel be well organized and work efficiently and harmoniously among themselves and with opposing counsel. The Court, therefore, enters this organizational order to ensure that all counsel conduct themselves and this litigation in an efficient and cooperative manner and that counsel make every reasonable effort to avoid all unnecessary disputes.

A. *Plaintiffs.*

(1) *Committee of the Whole.* The Committee of the Whole, consisting of one plaintiffs' attorney from each case now or hereafter filed in this litigation, shall have ultimate authority for conducting the pretrial activities of the plaintiffs. All plaintiffs' attorneys shall have an equal voice in the activities of this committee. Plaintiffs in each case shall designate one lawyer to represent them on the committee within fifteen (15) days from the date this Order is entered. Liaison counsel should promptly furnish the Court with a list of the designees.

(2) *Steering Committee.* The Steering Committee of the Committee of the Whole shall provide general supervision and direction of the activities of plaintiffs' counsel. The Steering Committee is expected to maintain communication and promote harmonious dealings among all plaintiffs' counsel.

The Steering Committee shall execute the orders of the Court concerning the conduct of the litigation; receive, formulate and draft material for the plaintiffs, including interrogatories, pleadings, briefs, motion papers and the like; initiate and supervise discovery efforts of the plaintiffs; and initiate and conduct all proceedings in Court, proceedings outside of Court, and all negotiations with defendants. The Steering Committee shall also organize whatever subordinate bodies or subcommittees it deems expedient. The Court notes the potential value of subordinate bodies to deal collectively with discovery issues and briefing.

In addition, the Steering Committee is responsible for coordinating the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Rule 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses at deposition. The Steering Committee shall delegate responsibilities for specific tasks to other counsel in a manner to ensure that pretrial preparation for plaintiffs is conducted effectively, efficiently, and economically.

*2 The Steering Committee shall act as spokesperson for plaintiffs' counsel in matters of joint or common action. This does not derogate from the right of other counsel to be heard on matters not susceptible to joint or common action or when *genuine* and *substantial* disagreement exists among counsel. The Court disfavors the presentation of cumulative views or views that differ from the Steering Committee's in only minor or petty ways. See Disagreement Among Counsel below.

To carry out the duties and responsibilities set forth above, the Court appoints the following counsel to serve on the Steering Committee:

1. W. Pitts Carr

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

Carr, Tabb & Pope

Atlanta, Georgia

2. Allen D. Black

Fine, Kaplan and Black

Philadelphia, Pennsylvania

3. Jerry S. Cohen

Cohen, Milstein, Hausfeld & Toll

Washington, D.C.

4. Judah I. Labovitz

Cohen, Shapiro, Polisher, Shiekman and Cohen

Philadelphia, Pennsylvania

5. David J. Berman

Berman, Berkley & Lasky

San Francisco, California

6. Joseph Goldberg

Carpenter & Goldberg

Albuquerque, New Mexico

7. Arnold Levin

Levin, Fishbein, Sedran & Berman

Philadelphia, Pennsylvania

8. H. Laddie Montague

Berger & Montague

Philadelphia, Pennsylvania

9. Dianne M. Nast

Kohn, Savett, Klein & Graf, P.C.

Philadelphia, Pennsylvania

10. Vance K. Opperman

Opperman, Heins & Paquin

Minneapolis, Minnesota

11. Lynn Lincoln Sarko

Keller Rohrback

Seattle, Washington

12. Guido Saveri

Saveri & Saveri

San Francisco, California

13. Marc M. Seltzer

Corinblit & Seltzer

Los Angeles, California

At no time should membership in the Steering Committee exceed 13 members. The Court will replace members of the Steering Committee or reduce the number of participants should the present composition hinder the efficient resolution of this litigation.

(3) *Chairpersons of the Committee-Lead Counsel.* The Co-Chairs of the Steering Committee shall have the day-to-day responsibility for the conduct of the litigation; shall carry out the policies and decisions of the Steering Committee; shall exercise the authority of the Steering Committee between meetings of the Steering Committee; and shall provide general supervision of the efforts of plaintiffs' counsel in the areas of discovery, briefing, expert witnesses, damages, trial and settlement. They shall also perform whatever functions may be assigned them by the Steering Committee. The actions of the Co-Chairs are subject to the approval of a majority of the members of the Steering Committee.

The Court appoints the following persons as co-chairpersons of the Steering Committee:

Allen D. Black, Co-Chair

Fine, Kaplan and Black

Philadelphia, Pennsylvania

Jerry S. Cohen, Co-Chair

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

Page 3

Cohen, Milstein, Hausfeld & Toll

Washington, D.C.

Judah I. Labovitz, Co-Chair

Cohen, Shapiro, Polisher, Shiekman and Cohen

Philadelphia, Pennsylvania

*3 Dianne M. Nast, Co-Chair

Kohn, Savett, Klein & Graf, P.C.

Philadelphia, Pennsylvania

(4) *Plaintiffs' Liaison Counsel.* At the suggestion of all plaintiffs' counsel, the Court appoints W. Pitts Carr as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel, or his designee, will serve as spokesperson for all plaintiffs in presenting their views before the Court; maintain lists of all plaintiffs and their addresses and lists of plaintiffs' counsel and their addresses; accept service on behalf of all plaintiffs; and chair meetings of the Committee of the Whole and of the Steering Committee. Plaintiffs' Liaison Counsel will be responsible for receiving and distributing to all plaintiffs' counsel all notices, orders and other communications of the Court. He shall keep complete files of all material thus received, and he will make that material available for inspection at reasonable hours. In addition, Plaintiffs' Liaison Counsel shall assist the Steering Committee in the maintenance of communication among attorneys and in the coordination of the efforts of plaintiffs' counsel. He shall also perform whatever additional functions may be assigned to him by the Court or by the Steering Committee.

(5) *Filing of Plaintiffs' Time and Expense Reports.* All plaintiffs' counsel shall keep a record of the their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity. The Steering Committee shall develop a uniform report to be used by all counsel and shall designate one counsel for receiving and maintaining the reports on a monthly basis. The reports shall be furnished directly to the Court on a monthly basis and will be retained by the Court in a confidential file.

B. *Defendants.*

(1) *Committee of the Whole.* All defendants' counsel shall participate with equal voice in a Committee of the Whole. This organization is designed for the efficient facilitation of administrative tasks which affect the common purposes of all defendants. The Court recognizes that defendants may have conflicting interests. Nevertheless, the Court observes that many defendants will find themselves with interests and positions substantially identical to those of other defendants. Accordingly, the Court directs joint or common action by those defendants and their counsel where there is no *genuine* or *substantial* disagreement among counsel. The Court prohibits the presentation of cumulative views or views which differ from the whole only in minor and petty ways. See Disagreement Among Counsel below.

(2) *Steering Committee.* The Steering Committee of the Committee of the Whole shall provide general supervision and direction of the activities of defendants' counsel. The Steering Committee is expected to maintain communication and promote harmonious dealings among all defendants' counsel.

The Steering Committee shall act as spokesperson for defendants' counsel in matters of joint or common action. The Steering Committee shall execute the orders of the Court concerning the conduct of the litigation; receive, formulate and draft material for defendants including interrogatories, pleadings, briefs, motion papers and the like; initiate and supervise discovery efforts of the defendants; and initiate and conduct all proceedings in Court, proceedings outside of Court, and all negotiations with plaintiffs. The Steering Committee shall also organize whatever subordinate bodies or subcommittees it deems expedient. The Court notes the potential value of subordinate bodies to deal collectively with discovery issues and briefing.

*4 In addition, the Steering Committee is responsible for coordinating the initiation and conduct of discovery on behalf of defendants consistent with the requirements of Rule 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses at deposition. The Steering Committee shall delegate responsibilities for specific tasks to other counsel in a manner to ensure that pretrial preparation for defendants is conducted effectively, efficiently, and economically.

The Court appoints the following persons as members of defendants' Steering Committee:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731  
(Cite as: Not Reported in F.Supp.)

Page 4

1. Emmet J. Bondurant

Bondurant, Mixson & Elmore

One Atlantic Center

39th Floor

1201 West Peachtree Street, N.W.

Atlanta, Georgia

2. Michael A. Doyle

Alston & Bird

1201 West Peachtree Street

Suite 4200

Atlanta, Georgia

3. Joseph B.G. Fay

Morgan, Lewis & Bockius

2000 Logan Square

Philadelphia, Pennsylvania

4. Irwin Goldbloom

Latham & Watkins

Suite 1300

1001 Pennsylvania Avenue, N.W.

Washington, D.C.

5. Robert C. Heim

Dechert, Price & Rhoads

4000 Bell Atlantic Tower

1717 Arch Street

Philadelphia, Pennsylvania

6. Sanford Litvack

Dewey, Ballantine

1301 Avenue of the Americas

New York, New York

7. Robert H. Rawson, Jr.

Jones, Day, Reavis & Pogue

North Point

901 Lakeside Avenue

Cleveland, Ohio

8. Henry C. Thumann

O'Melveny & Myers

555 13th Street, N.W.

Washington, D.C.

9. James A. Treanor, III

Dow, Lohnes & Albertson

Suite 500

1255 Twenty-Third Street, N.W.

Washington, D.C.

(3) *Chairpersons of the Committee-Lead Counsel.* At this time the Court will not appoint lead counsel for defendants. The Court will make an appropriate appointment should the conduct of defendants' counsel hinder the efficient resolution of this litigation.

(4) *Defendants' Liaison Counsel.* At the suggestion of all defendants' counsel, the Court appoints Emmet J. Bondurant, as defendants' liaison counsel. Defendants' Liaison Counsel, or his designee, will serve as spokesperson for all defendants in presenting their views before the Court; maintain lists of all defendants and their addresses and lists of defendants' counsel and their addresses; accept service on behalf of all defendants; and chair meetings of the Committee of the Whole and of the Steering Committee. The defendants' Liaison Counsel will be responsible for receiving and distributing to all defendants' counsel all notices, orders and other communications from the Court. He shall keep complete files of all material thus received, and he will make that material available for inspection at reasonable hours. In addition, Liaison Counsel shall

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

assist the Steering Committee in the maintenance of communication among attorneys and in the coordination of the efforts of defendants' counsel. He shall also perform whatever additional functions may be assigned to him by the Court or by the Steering Committee.

*5 C. *Disagreement Among Counsel-Additional Submissions.* The Court expects that the organizational structures being created will facilitate and expedite the pretrial processing of this litigation. If there is substantial disagreement among counsel for plaintiffs or defendants on any matter, the leadership of the Steering Committee shall consult with counsel and with the Steering Committee. The Steering Committee shall act in what it believes is the best interests of counsel as a whole.

The Court will take any dispute under advisement; but, unless the Court overrules the Steering Committee, the decision of the Steering Committee shall govern. Parties who are in disagreement with the Steering Committee must state their objections in writing to the Court and request leave to file briefs other than those filed on behalf of all plaintiffs or all defendants. If the Court finds a genuine and substantial dispute exists, it will entertain the additional submissions.

D. *Establishment of Fund for Common Expenses and Assessments of Counsel.* If agreement cannot be reached on a method for periodically reimbursing attorneys for expenses incurred and paying them for services rendered as members of the Steering Committee or liaison counsel, the matter will be presented to the Court for resolution.

3. *Service of Documents.*

A. *Orders.* A copy of each order will be provided to plaintiffs' liaison counsel and to defendants' liaison counsel for redistribution as appropriate to other counsel and parties.

B. *Pleadings, Motions, and Other Documents.* Plaintiffs' liaison counsel will be provided with sufficient copies of each pleading, motion, or other document filed by a party for service on all plaintiffs; defendants' liaison counsel will be provided with sufficient copies of each such document for service on all defendants. Pursuant to Fed.R.Civ.P. 5, service on liaison counsel constitutes service on other attorneys and parties for whom liaison counsel is acting, such service being deemed effective seven days after service on liaison counsel.

4. *Plaintiffs' Motion for Protective Order-Deposition of Plaintiffs.* By order dated November 14, 1991, the Court deferred ruling on plaintiffs' motion for protective order relating to the proposed deposition of twenty-six of the named plaintiffs in this action and stayed discovery. The Court finds that defendants' attempt to depose more than half of the plaintiffs in this action is unjustifiable. The Court does feel, however, that defendants should be allowed to depose a reasonable number of named plaintiffs. Accordingly, the Court lifts the stay and defendants may depose twelve (12) plaintiffs in addition to those deposed prior to the stay of discovery, six (6) to be first chosen by defendants and six (6) to be chosen by plaintiffs. See Deposition Guidelines, Attachment A.

5. *Discovery; Filings.*

A. *Schedule.* Discovery and indicated filings shall be conducted according to the following schedule:

| Discovery/Filing | Completion or Due Date |
|---|---|
| Plaintiffs file a consolidated complaint and supplemental class motion. | January 3, 1991 |
| Plaintiffs provide supplemental responses to Interrogatories Nos. 3, 7-13, and Document Requests Nos. 6, 7, and 13. | January 3, 1991 |
| Defendants respond to plaintiffs' discovery. | February 1, 1991 |
| Deposition of class plaintiffs. | February 1, 1991 |
| Defendants' response to motion for class certification. | March 1, 1991 |
| Plaintiffs' reply to defendants' response to class certification. | April 1, 1991 |

*6 B. *General Limitations.* Discovery is subject to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-12137-JLT    Document 81-11    Filed 12/23/2005    Page 9 of 15

Not Reported in F.Supp.                                                                    Page 6
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

requirements and limitations of Fed.R.Civ.P. 26. All discovery requests and responses must be accompanied by a certificate signed by counsel which states that:

The signer has read the request, response, or objection and to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with the Fed.R.Civ.P. and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing laws; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If the request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission. The Court will impose an appropriate sanction upon any party who violates Fed.R.Civ.P. 26(g).

C. *Confidentiality Order.* See Attachment B.

D. *Documents.*

(1) *Preservation.* See Pretrial Order No. 1, Section XV.

(2) *Numbering System.* Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. All copies of the same document should ordinarily be assigned the same identification number.

(3) *Depository.* In lieu of establishing document depositories, each party shall maintain and keep segregated during the pendency of the litigation all of the documents which that party has produced for inspection, and shall make such documents available for inspection and copying by any other party at any reasonable time throughout the litigation. By agreement of counsel for all parties, or by order of the Court, categories of documents covered by this paragraph may be restored to the files of the producing party or destroyed.

(4) *Avoidance of Multiple Requests.* Counsel shall, to the extent possible, coordinate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at a document depository or from liaison counsel.

(5) *Interrogatories.* Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has already been answered in response to interrogatories filed by another party unless there is reason to believe that a different answer would be given.

(6) *Depositions.* See Attachment A.

6. *Special Master.* The Court at this time will not appoint a special master to handle particular discovery disputes. The Court recognizes, however, the potential value of a Special Master and acknowledges that appointment may become necessary at a later date.

*7 7. *Local Rules.* The uniqueness of the case requires that some of the local rules be waived to accommodate the large number of parties, counsel, and the complexity of the issues. Accordingly, the Court will waive or modify the following local rules:

A. *110-5(a)*-The Court waives the detailed withdrawal requirements for attorneys acting as local counsel for parties in districts from which cases were transferred. Counsel in the transferred actions shall notify the Clerk's office by letter within twenty days of the transfer that they will not serve as counsel in the consolidated action before the Court.

B. *220-1(a)(2)*-The Court waives the 100 day limit on the filing of motions.

C. *220-5(c)*-The Court waives the time period for the filing of motions for Summary Judgment. The Court will designate a date certain for the filing of the motions in a later order.

D. *225-1(a)*-The Court waives the four-month limitation on discovery. The Court will set a date for the completion of discovery in a later order.

E. *225-2(a)*-The Court modifies the forty-interrogatory limit to permit the parties to submit no more than sixty interrogatories at one time or cumulatively to any one party.

F. *225-2(b)*-The Court waives the six-hour limitation on depositions. Depositions may proceed for a reasonable period of time.

G. *225-4(b)*-The local rule concerning motions to compel discovery is modified in the following manner. Should counsels' good faith effort to resolve a discovery dispute prove unavailing, counsel for plaintiffs and defendants

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 7
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
**(Cite as: Not Reported in F.Supp.)**

should each submit a one page statement per piece of disputed information, summarizing their respective positions and citing relevant authority. The Court will direct the parties if more extensive briefing of the dispute is required.

H. *235-4(a)*-The Court waives the requirement that the parties file a pretrial order within thirty days after the close of discovery.

I. *300-4(b)*-The Court waives all provisions of this rule except (b)(2) prohibiting the solicitation of prospective class members.

8. *Later Filed Cases.* The terms of this order shall apply automatically to related actions later instituted in or transferred to this Court. In addition, the answers filed in response to the consolidated complaint are deemed responsive to complaints in any actions transferred to the Northern District of Georgia for pretrial consolidation.

9. *Next Conference.* The Court will set the date of the next pretrial conference after conferring with liaison counsel.

10. *Additional Comments.* In the interest of issuing this order prior to the upcoming holidays, the Court elected to postpone the meeting with liaison counsel in connection with the preparation of this order suggested at the December 12th conference. While the Court purposefully eliminated reference to matters which there appeared no necessity to incorporate, the Court will allow liaison counsel to submit, within 15 days of the date of this order, any proposed modifications or additions to the present order. This is not an invitation for counsel to reargue their positions on decisions already decided against them. Rather, counsel are encouraged to submit constructive suggestions on how this litigation might proceed efficiently and expeditiously.

*8 It Is So Ordered.

Attachment A

*Deposition Guidelines*

The Court Orders that depositions be conducted in accordance with the following rules:

1. *Cooperation.* Counsel are expected to cooperate with, and be courteous to, each other and deponents.

2. *Stipulations.* Unless contrary to an order of the Court, the parties (and, when appropriate, a non-party witness) may stipulate in any suitable writing to alter, amend, or modify any practice relating to noticing or conducting a deposition. Stipulations for the extension of discovery set by the Court must be approved by the Court.

3. *Scheduling.* Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places. Unless otherwise agreed to, depositions of all plaintiffs will take place in the plaintiff's home district.

4. *Attendance.*

(a) *Attendance Order.* If service of a copy of the Deposition Attendance Order, attached as Exhibit A, is made upon a party, witness, or counsel who has appeared for such party in any M.D.L. No 861 action at least 15 days before the date of such person's deposition, it shall be sufficient to compel the attendance of such party or witness at the deposition and to compel the production of any designated documents.

(b) *Who may be present.* Unless otherwise agreed to by the parties, attendance at any deposition in this action shall be limited to the parties, the deponent, his, her or its attorneys, attorneys of record, in-house counsel of the parties, the court reporter and any person who is assisting counsel in the litigation and whose presence is reasonably required by counsel unless the Court upon application permits. While a deponent is being examined about a stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

(c) *Unnecessary Attendance.* Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only a marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel are encouraged not to attend.

5. *Conduct.*

(a) *Examination.* To the extent possible, parties having similar interests with respect to the testimony of the party or witness being examined shall agree among themselves as to the various counsel who shall conduct such examination in whole or in part, so as to avoid

Not Reported in F.Supp.  Page 8
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

duplication. Each side should ordinarily designate one attorney to conduct the principal examination of the deponent, and examination by other attorneys should be limited to matters not previously covered.

(b) *Objections.* In order to avoid cluttering deposition transcripts with unnecessary or duplicative objections, all objections other than objections as to the form of questions or on the basis of privilege shall be preserved until such deposition testimony is offered as evidence. The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of all parties. All objections should be concise and must not suggest an answer to the deponent. Argumentative interruptions will not be permitted.

*9 (c) *Directions not to answer.* Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion to the Court for termination of the deposition on that [*sic*] grounds that it is being conducted in bad faith or in such a manner as to annoy, embarrass, or oppress the party or the deponent. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent of waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the content of the statement have been disclosed, and the general subject matter of the statement.

(d) *Private consultation.* Private conferences between deponents and their attorneys during the actual taking of the deposition are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, such conferences may be held during recesses or adjournments.

(e) *Sequence of questioning.* Questioning at depositions to be taken on behalf of plaintiffs should be conducted in the following sequence:

(1) designee selected by plaintiffs' Steering Committee;

(2) all other plaintiffs' counsel present on matters not previously covered;

(3) designee of defendants' Steering Committee;

(4) all other defendants' counsel present on matters not previously covered by designee defendants' counsel.

Questioning at the depositions to be taken on behalf of defendants shall be conducted in the following sequence:

(1) designee of defendants' Steering Committee;

(2) all other defendants' counsel present on matters not previously covered;

(3) designee of plaintiffs' Steering Committee;

(4) all other plaintiffs' counsel on matters not previously covered by designee plaintiffs' counsel.

At the conclusion of each initial deposition session, each deponent shall be advised of the opportunity of nonattending parties to resume the deposition.

(f) *Telephonic Depositions.* May be provided for by the agreement of all parties.

6. *Documents.*

(a) *Production of Documents.* Witnesses subpoenaed to produce numerous documents should ordinarily be served at least 15 days before the scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation begins.

(b) *Confidentiality Order.* A copy of the Confidentiality Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents which may contain confidential information.

(c) *Copies.* Extra copies of documents about which counsel expect to examine the deponent shall be provided to opposing counsel and the deponent. Deponents should be shown a document before being examined about it except when counsel seek to impeach or to test the deponent's recollection.

*10 7. *Depositions of Witnesses Who Have No Knowledge of the Facts.* An officer, director, or managing agent of a corporation or a governmental official served with notice of a deposition or subpoenas regarding a matter about which such person has no knowledge may submit to the noticing party within 10 days of the date noticed an affidavit so stating and identifying a person within the corporation or governmental entity believed to have such knowledge. Notwithstanding the affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

8. *Filing and Transcription.* Discovery materials are not to be filed with the Court. The original of all depositions upon oral examination shall be retained by the party

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
(Cite as: Not Reported in F.Supp.)

Page 9

taking the deposition. See Local Rule 225-3(a). The parties and deponents are encouraged to waive transcription of depositions that prove to be of little or no usefulness in the litigation or to agree to defer transcription until the need for using the deposition arises.

### 9. Use; Supplemental Depositions.

(a) *Use.* Under the conditions prescribed in Fed.R.Civ.P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation)-

(1) who was present or represented at the deposition,

(2) who had reasonable notice thereof, or

(3) who, within 30 days after the deposition is taken or within 60 days after becoming a party in this action, fails to show just cause why such deposition should not be used against such party.

(b) *Supplemental Depositions.* Each party not present at a deposition may order immediately a copy of the transcript of that deposition and may, within 30 business days after the receipt of the transcript and upon a good faith determination that further inquiry of the deponent is warranted because of an unexpected discussion of that party, notify the other parties that it will resume the deposition of the deponent. In addition, any party in a recently transferred action may order a copy of the transcript of any deposition and may, within 30 business days after receipt of the transcript and upon a good faith determination that further inquiry of the deponent is warranted, notify the other parties that it will resume the deposition of the deponent.

The deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to subjects raised by the party resuming the deposition. There shall be no unnecessary repetition at such further deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and deponent.

In the absence of notice for further examination, no further deposition by any party having recieved notice of the original deposition will be permitted, except upon further order of the Court on good cause shown.

*11 10. *Rulings.* Disputes arising during depositions that cannot be resolved by agreement and that if not immediately resolved will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented by telefax to the Court. Each side must submit a one page summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling if its schedule permits. The deposition should ordinarily continue during the Court's consideration of the dispute. The Court will exercise the authority granted under 28 U.S.C. § 1407(b) to act as District Judge in the district in which the deposition is being taken. The Court's telefax number is 404-331-4816 and should be used with discretion, not as a matter of course.

It Is So Ordered.

### Exhibit A

### Deposition Attendance Order

In accordance with the provisions of paragraph 4(a) of the Deposition Guidelines attached to Pretrial Order No. 2 in this litigation, it is hereby Ordered:

That service of a copy of this order together with a copy of the appropriate deposition schedule or notice, upon a party or witness, or upon counsel who has appeared for such party in any M.D.L. 861 action, shall be sufficient to compel the attendance of such party or witness and the production of the designated documents if service of this Order is made at least 15 days prior to the date specified for the commencement of the deposition of the party or witness.

It Is So Ordered.

### Stipulated Protective Order

Plaintiffs and defendants, by their Liaison Counsel, and subject to approval of the Court, hereby stipulate to the following Order relating to confidential business information.

### 1. *Purpose.*

The parties recognize that preparation and trial of this action will require the discovery of certain business records and other materials claimed by one or more of the parties to contain confidential business, commercial or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 10
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
**(Cite as: Not Reported in F.Supp.)**

financial information. The parties desire to litigate this action without jeopardizing their business and commercial interests in the confidentiality of this information, and so enter this Stipulated Protective Order ("Order").

### 2. *Materials Covered.*

The protection of this Order may be invoked with respect to any materials produced in discovery in this action and containing confidential business, commercial or financial information of any party, and any deposition, court filing or discovery request or response containing or referring to confidential business, commercial or financial information. Such materials may be protected by designation at two levels of confidentiality, namely "Confidential" or "Highly Confidential" as described respectively in paragraphs 4 and 5 below.

### 3. *Disclosure of Documents.*

All materials produced in discovery, including but not limited to, that designated "Confidential" and "Highly Confidential" shall be used solely in the preparation for trial and/or trial of this action, shall not be used at any time for any other purpose whatsoever and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.

*12 Each person to whom "Confidential" or "Highly Confidential" material is disclosed shall execute an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order. Copies of this executed undertaking shall be retained by counsel disclosing "Confidential" or "Highly Confidential" material to such persons. All executed undertakings shall be filed with the Court under seal and shall be disclosed to a party whose material has been disclosed at the conclusion of the action, or settlement with that party, or on good cause shown.

### 4. *"Confidential" Material.*

(a) Materials designated as "Confidential" by any party, pursuant to the terms of this Order, may be disclosed by counsel for any other party only for the purpose of this litigation and not for any business or other purpose. Such disclosure may be made only to:

(i) The Court, its secretaries, clerks and law clerks in the manner set forth in paragraphs 11 and 12 below;

(ii) Attorneys in a law firm appearing of record for a party in this action or in any related government proceeding, *in-house* attorneys employed by any party to the litigation and working on this litigation, and their employed secretaries, paralegals and legal assistants (this category hereinafter referred to as "Attorneys");

(iii) Any expert or consultant who is retained by counsel of record for any of the parties in this action to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts");

(iv) Employees of a person assisting counsel in the preparation of the case;

(v) Any person who may testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in the preparation or examination of the witness.

### 5. *"Highly Confidential".*

(a) "Highly Confidential" is defined as any material which would materially affect the business, financial or commercial interests of the party producing such material, such as (by way of example but not limitation) transaction prices, cost data, or the identity of customers. "Highly Confidential" material may be disclosed only to:

(i) Attorneys and Experts;

(ii) Employees of the party producing the Highly Confidential material;

(iii) Deponents who are employees of any airline other than the party producing the "Highly Confidential" material (including but not limited to employees of any computer reservation system affiliated with any airline) provided, however, that the terms of subparagraph 5(b) below have been followed;

(iv) Other persons whom counsel disclosing the "Highly Confidential" material believes in good faith should be shown the material as part of that counsel's pretrial investigation, provided that the person to whom the Highly Confidential material is disclosed has first executed an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order; and

*13 (v) The Court, its secretaries, clerks and law clerks in the matter set forth in paragraphs 11 and 12 below.

(b) Any counsel proposing to disclose "Highly Confidential" material at the deposition of an employee of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 11
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
**(Cite as: Not Reported in F.Supp.)**

any airline other than the party producing the "Highly Confidential" material (including but not limited to an employee of any computer reservation system affiliated with any airline) shall provide, at least 15 days in advance of any such depositions, notice to counsel for the producing party of the identity of such material and the identitiy of such deponent. Counsel for the producing party shall have 10 days after receipt of notice to object to such disclosure. If no objection is received by proposing counsel within 10 days, the deponent identified may be shown any identified material of the producing party to whom notice has been given which has been marked "Highly Confidential" without further order of the Court. Notice of the proposing counsel's intention to use "Highly Confidential" materials may be used by counsel for the producing party only for the purpose of determining whether to seek additional protection of the identified material. The failure of counsel for the producing party to object to the use of the material in connection with a particular deposition, shall not constitute a waiver with respect to other deponents.

(c) Any objections to disclosing "Highly Confidential" material to any deponent named pursuant to 5(b) above not resolved by agreement of counsel shall be presented for resolution to the Court by the parties involved in a joint motion. This application may be made without notice to any other parties and shall be filed under seal. The burden rests upon the party seeking additional protection of the identified material to demonstrate its necessity.

### 6. *Invocation of this Order.*

The protection of this Order may be invoked with respect to any covered material by the party producing or disclosing such material in the following manner. With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" or "Highly Confidential." With respect to answers to interrogatories or requests for admission, the pages of these responses containing "Confidential" or "Highly Confidential" information shall be so marked. With respect to any deposition such treatment may be invoked by: (1) declaring the same on the record at the deposition or (2) designating specific pages as "Confidential" or "Highly Confidential" and serving such designations within 30 days of receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Highly Confidential" for the 30-day period following receipt of the transcript.

### 7. *Challenge to Designation.*

Any party wishing to challenge the "Confidential" or "Highly Confidential" designation assigned by any other party with respect to any material shall give notice of such objection to counsel for the producing party. Any objections to designation not resolved by agreement of counsel shall be presented for resolution to the Court by the parties involved in a joint motion. This application may be made without notice to any other parties and shall be filed under seal. The burden rests upon the party seeking the designation "Confidential" or "Highly Confidential" to demonstrate its necessity.

### 8. *Handling and Disposition of Materials; Handling at Conclusion of Case.*

*14 All materail designated "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under paragraphs 4 and 5, and copies may be submitted to the Court under seal as necessary. Within 60 days after such time as this action is concluded, whether a final adjudication on the merits from which there remains no right of appeal, or by other means, any party producing "Confidential" or "Highly Confidential" material may require the return of all documents and copies containing "Confidential" or "Highly Confidential" materials (including but not limited to copies in the possession or control of any Expert or employee) to the party who produced them.

The original of any "Confidential" or "Highly Confidential" materials which has been produced by any party in this litigation shall not be destroyed except pursuant to a plan therefor to be prepared by the parties and approved by the Court upon termination of the litigation.

### 9. *Further Application.*

Nothing in this Order shall preclude any party from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this litigation. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.              Page 12
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731
**(Cite as: Not Reported in F.Supp.)**

### 10. *Information from Third-Party Sources.*

This Order shall apply only to material obtained from parties to any suit involving allegations similar to or identical to those in this case and shall not apply to information in the public domain or obtained from other sources not in violation of this Order or any other agreement regardless of whether or not such information is also contained in discovery materials designated as "Confidential" or "Highly Confidential" in this case.

### 11. *Use in Court Proceedings.*

Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" or "Highly Confidential" material, provided that reasonable notice of the intended use of such material (e.g., a pretrial order) shall be given to opposing counsel. The opposing party may apply to the Court for further protection of the confidentiality of such material.

### 12. *Filing in Court.*

No "Confidential" or "Highly Confidential" materials shall be filed in the public record of this action. All material so designated in accordance with the terms of this Stipulated Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible, only "Confidential" or "Highly Confidential" portions of filings with the Court shall be filed under seal.

*15 To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a sealed envelope bearing the appropriate designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, nondisclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

### 13. *Reservation of Rights.*

By designating any material "Confidential" or "Highly Confidential" the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action. Designations of "Confidential" or "Highly Confidential" shall not be made known to the jury in any manner.

### 14. *Modification.*

Any of the parties may modify any of the provisions of this Order by written agreement between or among themselves so long as any such agreement among less than all of the parties does not affect the rights, duties and obligations of any other party.

N.D.Ga.,1990.
In re Domestic Air Transp. Antitrust Litigation
Not Reported in F.Supp., 1990 WL 358009 (N.D.Ga.), 1992-1 Trade Cases P 69,731

Briefs and Other Related Documents (Back to top)

• 1:90cv02485 (Docket) (Nov. 06, 1990)

END OF DOCUMENT