UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| v. ) | 04-CV-12137 - JLT |
| ) | |
| AMERICAN BERYLLIA CORP., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SHORT REPLY MEMORANDUM TO DEFENDANT BRUSH WELLMAN'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND PLAINTIFFS' L.R. 7.1 CERTIFICATE**

Plaintiffs move this Court for leave to file the attached three-page memorandum in reply to defendant Brush Wellman's opposition to plaintiffs' recent motion to compel. As grounds, plaintiffs state that: (1) Brush's opposition claims to rely on part of a transcript of the September 12 Status Conference, but then fails to address the actual content of the Court's Order contained therein; (2) Brush refers to a production of 3,400 pages of material that had not, in fact, been made as of the time of plaintiffs' motion or prior to Brush's opposition and which, in any event, were produced in no discernable, logical order; and (3) Brush suggests that its "offer" to produce an additional 14,000 pages of documents was rejected out-of-hand when, in fact, plaintiffs expressed their willingness to accept the offer provided such documents were organized in some logical manner. Plaintiffs' attached memorandum briefly address each of these three issues.

**LOCAL RULE 7.1 CERTIFICATION**

I, Bradley M. Henry, counsel for the plaintiff, certify that on January 5, 2006 between 4:30 and 5:00 PM, I had a phone conversation with Jeffrey D. Ubersax, counsel for Brush Wellman regarding the instant motion. While the conversation was substantive and Brush renewed its offer to produce its 14,000 "core documents," Brush again declined to produce them

in any organized manner, stating that they are not currently organized in any manner except that they are roughly chronological. Since plaintiffs believe that the defendant's choice to maintain core documents relevant to all beryllium disease cases in such a manner is not sufficient reason to shift the burden of discovery and not in compliance with this Court's Orders or the rules of discovery, the issues central to the plaintiffs' motion were not substantively narrowed.

WHEREFORE, Plaintiffs respectfully request that this Court grant leave for plaintiffs' to file the attached three-page reply memorandum and that the Court order the defendants to disclose and produce copies of all documents relevant to this matter forthwith.

.                                          **MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

/s/ Bradley M. Henry

_____
Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617-523-8300

OF COUNSEL (admitted *pro hac vice*):

**GOLOMB & HONIK, P.C.**

Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

### CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on January 6, 2006, I served the foregoing Plaintiffs' Motion for Leave to File Short Reply Memorandum To Defendant Brush Wellman's Opposition to Plaintiffs' Motion to Compel and Plaintiffs' L.R. 7.1 Certificate, by electronic filing and mailing an exact copy postage prepaid to all counsel of record.

/s/ Bradley M. Henry
_____
Bradley M. Henry