UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX, et al., )<br>)<br>            Plaintiffs, )<br>v.                            )<br>                                )<br>AMERICAN BERYLLIA CORP., et al. )<br>                                )<br>           Defendants.      ) | Civil Action No.<br>04-CV-12137-JLT |

**PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANT BRUSH
WELLMAN'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

In reply to defendant Brush Wellman, Inc.'s 108-page response in opposition to plaintiffs' 5-page motion to compel meaningful initial disclosures from Brush, plaintiffs state as follows:

1.  In claiming full compliance with "all the Federal Rules require" (Opp., p. 5), Brush simply ignores the Court's admonition that its order is "much broader than Rule 26 itself" and that parties are to "turn over everything that is related to the complaint in any way." (*See* Transcript of 9/12/05 Conference attached as Exhibit A to Brush's Opposition.) Submitting a 445-page "privilege log" and a 3,400-page "index" of tens of thousands of files that contain literally *millions* of pages of documents stored at a Cleveland warehouse, with no useful guide as to organization, dates, context, topics or logical order, is simply not in compliance with this Court's Orders or with the spirit of either the Local or the Federal Rules.

2.  In its opposition, Brush claims that it had already fully complied with Rule 26 by "producing copies of approximately 3400 pages of documents" relating to Raytheon. (Opp. p. 3). In fact, such documents had not been produced prior to the filing of plaintiffs' motion or prior to Brush's opposition, much less by the Court's October 31 deadline. (*See* Letter dated December 23, 2005 attached as **Exhibit 1**). Moreover, the two boxes of such documents received by

plaintiffs' counsel on December 27, 2005, contained no index or guide to organization and were not discernibly organized by date, topic, subject matter, or in other any logical order. Such disclosure is not in compliance with either this Court's Orders or the Federal Rules. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351, 363-64 (N. D. Ill. 2005) (defendants not entitled to "dump massive amounts of documents, which ... have 'no logical order to them,'... on their adversaries and demand that they try to find what they are looking for.")

3.    Brush's opposition suggests that plaintiffs filed their motion notwithstanding its "offer" to deliver 14,000 pages of "core documents" upon which Brush relied to "defend itself in dozens of alleged beryllium disease cases...." (*See* Opp., p. 3). Leaving aside the question of why Brush failed to voluntarily produce these "core documents" by the October 31 deadline, Brush fails to explain that plaintiffs were willing to accept the offer and withdraw their motion so long as the documents were produced in some logical and with some type of guide to that order. Brush refused, stating that the documents it had collected and moved to its Cleveland warehouse are kept in the usual course of its business and that nothing in Rule 26 required them to be organized otherwise. Such practices are not in compliance with this Court's Order or with the Federal Rules. *Kozlowski v. Sear Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976).[1]

Brush's conduct is merely a new variant of the same gamesmanship that led a Magistrate Judge in the beryllium case of *Houk v. Brush Wellman, Inc., et al.*, (E.D. Tenn. 1996) (Docket

---

[1]    *See also, In re Sulfuric Acid Lit.*, *supra* at 363 ("Storing documents may be part of the usual course of business, but *stored* documents are not kept in the usual course of business within the meaning of the Rule."); *Rothman v. Emory Univ.*, 123 F.3d 446, 455 (7th Cir. 1997) (production of 3 storage boxes and other unrelated materials in response to court-ordered production was sanctionable); *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) ("producing large amounts of documents in no apparent order does not comply with a party's [discovery] obligation"); *Transportes Aereos De Angola v. Ronair, Inc.*, 104 F.R.D. 482, 499 (D. Del. 1985) (defendants not permitted to shift burden of discovery by telling "plaintiff that, if he wishes, he may hunt through all the documents and find the information himself.")

No. 3:92-728) (Murrian, M.J.) to issue a 55-page *Report and Recommendation* that Brush first be defaulted and then sanctioned $87,500.00 for its "lackadaisical and contumacious" discovery practices in violation of the Court's discovery orders (full opinion available upon request).  Such conduct is in violation of this Court's Orders as well and should not be tolerated.

WHEREFORE, plaintiffs respectfully request that this Court, again, order the defendants to disclose and produce copies of all documents relevant to this matter forthwith.

.                                                            **MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

*/s/  Bradley M. Henry*
_____
Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617-523-8300

OF COUNSEL (admitted *pro hac vice*):

**GOLOMB & HONIK, P.C.**

Ruben Honik
Sherrie J. Cohen
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

**CERTIFICATE OF SERVICE**

I, Bradley M. Henry, certify that on January 6, 2006, I served the foregoing Plaintiffs' Memorandum in Reply to Defendant Brush Wellman's Opposition to Plaintiffs' Motion to Compel, by electronic filing and mailing an exact copy postage prepaid to all counsel of record.

*/s/ Bradley M. Henry*
_____
Bradley M. Henry