UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Suzanne Genereux, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 04-CV-12137   JLT |
| American Beryllia Corp., et al. | ) |
| | ) |
| Defendants. | ) |

## SURREPLY MEMORANDUM OF DEFENDANT BRUSH WELLMAN INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs abandon their claim that there was a "bench order" under which documents must be "produced in Massachusetts" and not at Brush's depository. (Henry Letter of December 6, 2005, attached to Ubersax Affidavit as Exhibit 1.) They had to -- the transcript shows that there was no such order.

Plaintiffs now shift to a new argument. They no longer dispute that Brush can use its depository, but instead assert that the depository index is not a "useful guide". (Plaintiffs' Mem. in Reply, at 1.) This assertion is not supported by any showing; it is contradicted by Brush's presentation in its briefs of specific entries from the index that were actually used to find Raytheon-related documents pertinent to this case; and it was rejected by the United States District Court for the District of New Jersey in the Klemka opinion, which plaintiffs do not mention. There the court found that Brush had "_facilitated_ future searches of its records through the depository and index." Klemka v. Brush Wellman Inc., No. 03-CV-3197, slip op. at 4 (D.N.J. 2004) (emphasis added) (attached as Exhibit A). By providing that index, Brush complied with this Court's orders.

1

Brush went above and beyond the requirements of those orders to try to resolve plaintiffs' motion to compel. It produced copies of a box and a half of Raytheon-related documents. Even that was not enough for plaintiffs, who now complain that the documents -- mostly invoices and other sales records -- were not "discernibly organized." (Plaintiffs' Mem. in Reply, at 2.) The documents were produced from the Brush depository exactly as kept in the usual course of business. Rule 26 does not require Brush to organize them further for plaintiffs' benefit. The case that plaintiffs cite, In re Sulfuric Acid Antitrust Litigation, is irrelevant as it involved a massive production of 350 boxes of documents that were not maintained as kept in the usual course of business, or in any other order. By contrast Brush produced a modest group of documents that are all relevant and easily reviewed.[1]

Finally, plaintiffs claim that they were justified to refuse Brush's additional offer (to settle this dispute) of 14,000 pages of core defense documents because the documents were "not organized in some logical manner." (Plaintiffs' Motion for Leave to File, at 1.) But as plaintiffs note themselves, the documents are organized in a "roughly chronological" sequence. (Id. at 2.) And plaintiffs acknowledge that such organization "by date" is a "logical order." (Plaintiffs' Mem. in Reply, at 2.) Their stubborn insistence on more is baseless. Nothing in Rule 26 requires Brush to do plaintiffs' work for them by otherwise organizing the documents.

What Brush has in essence already offered, at this early stage of this litigation, is a set of defense exhibits. Given that offer, together with the offer of access to Brush's depository, and the actual production of copies of all Raytheon-related documents, the suggestion that Brush is involved in some kind of "gamesmanship" is plain nonsense. (Plaintiffs' Mem. in Reply, at 2.)

---

[1] Plaintiffs' other cases are likewise clearly distinguishable. In Rothman v. Emory University, 123 F.3d 446 (7th Cir. 1997), the plaintiff buried documents he had been ordered to produce in a mass of "unrelated, non-responsive materials." In Wagner v. Dryvit Systems, 208 F.R.D. 606 (D. Neb. 2001), the defendant's depository had no index of any kind; the Court ordered the defendants either to provide an index (as Brush has done) or to provide copies of responsive documents. And in Transportes Aeros de Anyola v. Romair Inc., 104 F.R.D. 482 (D. Del. 1985), the defendant produced over 250,000 documents with no index.

That is particularly true in light of plaintiffs' own conduct. To date, plaintiffs themselves have not identified, or produced, a single document that might support any of their liability claims. They have disclosed nothing other than medical records and tax returns. An exchange of emails on this has yielded only the promise that Brush will have an "acceptable answer" soon. (Exhibit B; see also plaintiffs' initial disclosures, attached as Exhibit C, at 8-9 (listing only damage-related documents).)

Finally, plaintiffs' reference to the Houk case in Tennessee leaves out the relevant, and far more important, part of the story. It was precisely because of the discovery ruling in that case -- which became the subject of malpractice litigation against Brush's Tennessee counsel -- that Brush created the depository, which has since been reviewed and approved by other courts. "Responding to the rebuke of a magistrate judge in the Eastern District of Tennessee, Brush exceeded its obligation to make its documents available for inspection by creating the document depository." Klemka, slip op. at 3 (emphasis added). To avoid future lapses of the kind, and to ensure that its cases would be decided fairly on their merits and not on discovery issues, Brush went to great expense to create a comprehensive depository with a detailed, useful index. For almost a decade, the depository has served those purposes well.

Plaintiffs' motion should be denied.

Dated: January 10, 2006

Respectfully submitted,

By: /s/ Jeffery D. Ubersax
Jeffery D. Ubersax
Jones Day
North Point
901 Lakeside Ave.
Cleveland, Ohio  44114-1190
Tel:   (216) 586-3939
Fax:   (216) 579-0212

Alan M. Spiro
Federal Bar No. 475650
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
Tel:   (617) 951-2204
Fax:   (617)439-4170


Attorneys for Defendant Brush Wellman Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January 2006, a true and correct copy of the foregoing Surreply Memorandum of Defendant Brush Wellman Inc., In Opposition to Plaintiffs' Motion to Compel was served via U.S. mail, first class postage prepaid, upon the following:

Leo V. Boyle, Esq.
Meehan, Boyle, Black & Fitzgerald, PC
Two Center Plaza
Suite 600
Boston, MA 02108
617-523-8300

Attorney for Plaintiffs

William F. Ahern
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142
617-494-1920

Attorney for Defendant American Beryllia Corp.

Ronald M. Jacobs, Esq.
James F. Kavanaugh, Jr., Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square,
4th Floor
Boston, MA 02109
617-482-8200

Attorneys for Defendant Raytheon Co.

John C. Wyman
Murtha Cullina, LLP
20th Floor
99 High Street
Boston, MA 02110-2320
617-457-4041

Attorney for Defendants Kyocera America, Inc. and Kyocera Industrial Ceramics Corp.

Robert Nadeau, Esq.
Nadeau & Associates
1332 Post Road, Suite 4A
Wells, Maine 04090
207-324-3500

Attorney for Defendant Hardric Laboratories, Inc.

_____
Attorney for Brush Wellman Inc.