UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX and BARRY GENEREUX, w/h, Individually and as Parents and Natural Guardians of their minor children, ANGELA GENEREUX and KRISTA GENEREUX, Plaintiffs<br>v.<br>AMERICAN BERYLLIA CORP., BRUSH WELLMAN, INC., BRUSH WELLMAN CERAMICS, INC., BRUSH WELLMAN CERAMIC PRODUCTS INC., HARDRIC LABORATORIES, INC., KYOCERA AMERICA, INC., KYOCERA INDUSTRIAL CERAMICS CORP., and RAYTHEON CO., Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: NO: 04 CV 12137 JLT<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED
SUPPLEMENTAL BRIEF AND TWO ADDITIONAL EXHIBITS
IN OPPOSITION TO THE DEFENDANTS' VARIOUS SUMMARY
JUDGMENT MOTIONS AND PLAINTIFFS' L.R. 7.1 CERTIFICATE**

Plaintiffs request leave of Court to file limited supplemental briefing and additional documentary exhibits, submitted herewith, in opposition to the Defendants' various Motions for Summary Judgment and in support thereof aver the following:

**I.    The Statute of Limitations**

1.    The statute of limitations and the application of the discovery rule is an important issue raised in defendants' Motions for Summary Judgment and Plaintiffs' response thereto and was the subject of considerable focus and attention by the Court during oral argument held on September 11, 2007.

2.    Defendants have each argued that the statute of limitations began to run in this case on June 8, 2001 when the plaintiff first discussed with her physician, Dr. Ashley, the availability of a blood test to determine if she might be beryllium sensitized.

3.  Neither the medical note related to that office visit, June 8, 2001, nor the subsequent visit of June 19, 2001 when the blood was drawn, nor the blood test result itself (BeLPT) were provided to the Court by plaintiffs in their previous submissions. The test result has never been provided to the Court. These two office notes and the June 23, 2001 test result of the BeLPT is attached hereto collectively as Exhibit "A".

4.  Also attached hereto are the relevant two pages of condensed testimony from Dr. Ashley regarding the office visits of June 8 and June 19, 2001 which led to the conduct of the BeLPT with results that were reported on or after June 23, 2001. These notes of testimony are attached hereto as Exhibit "B".

5.  The BeLPT result completed on June 23, 2001, mailed and received by plaintiff or her physician sometime thereafter, reports an abnormal lymphocyte transformation to beryllium sulfate.

6.  The parties concede that a single abnormal BELPT is not diagnostic for either beryllium sensitivity or beryllium disease. A lawsuit can never be brought on the basis of a single positive BeLPT. Nonetheless, the BeLPT test result of June 23, 2001 is the earliest conceivable instance in which plaintiff Suzanne Genereux could have formed any impression that her pulmonary symptoms might be medically related to her earlier beryllium exposure and thus actionable.

7.  Plaintiffs filed the present lawsuit on June 22, 2004 within three (3) years of the BeLPT test result, the first clinical suggestion that plaintiff may have had an injury related to her exposure to beryllium (ultimate diagnosis did not occur until 2002 when plaintiff underwent transbronchial biopsy and lung lavage).

## II. Judge Ponsor's Decision Offered By Defendants At Oral Argument

8. Plaintiffs also seek leave to include in their supplemental Memorandum of Law a limited discussion addressing the decision rendered by Judge Ponsor in *Taylor v. Airco, Inc., et al.*, C.A., No. 02-30014-MAP, 2007 U.S. Dist. LEXIS 64441 (D. Ma. 2007) which was reportedly published on September 10, 2007 and first brought to the Court and Plaintiffs' counsel's attention during Oral Argument on September 11, 2007.

9. Fairness dictates that plaintiffs be permitted to comment on the applicability of the Court's ruling in *Taylor*, having not had an opportunity to do so before the argument.

For all the foregoing reasons, Plaintiffs respectfully request leave to file the limited supplemental brief as outlined and to supplement the documentary record with the inclusion of the attached proposed Exhibits.

Respectfully Submitted, this 13th day of September, 2007.

**MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.**

*/s/ Leo V. Boyle*

Leo V. Boyle, (B.B.O. 052700)
Two Center Plaza, Suite 600
Boston, Massachusetts 02108
617-523-8300

**GOLOMB & HONIK, P.C.**
Ruben Honik
Stephan Matanovic
121 S. Broad Street, Ninth Floor
Philadelphia, PA 19107

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned hereby certifies that, September 12, 2007, he placed or caused others to place, calls to all counsel of record regarding the instant motion in accordance with L.R. 7.1. Counsel for American Beryllium, William F. Ahern, opposes the filing of this motion on grounds that he, too, had additional issue that he wishes to

raise. Counsel for Hardric Laboratories, Timothy C. Dietz, opposes on the same grounds. A message was left with Counsel for Brush Wellman, Jeffrey Ubersax, who did not return the call prior to this filing. Consequently, the issues could not reasonably be resolved or narrowed.

*/s/ Bradley M. Henry*
_____
Bradley M. Henry

### CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on September 13, 2007 I served the foregoing Plaintiffs' Motion for Leave to File Limited Supplemental Briefing and Additional Exhibits in Opposition to Defendants' Various Motions for Summary Judgment by electronic filing and mailing an exact copy postage prepaid to counsel of record.

*/s/ Bradley M. Henry*
_____
Bradley M. Henry