UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____<br>)<br>SUZANNE GENEREUX and BARRY )<br>GENEREUX, Individually and as Parents )<br>and Natural Guardians of their minor )<br>children, ANGELA GENEREUX and )<br>KRISTA GENEREUX, )<br>     Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN BERYLLIA, CORP., BRUSH )<br>WELLMAN, INC., BRUSH WELLMAN )<br>CERAMICS, INC., BRUSH WELLMAN )<br>CERAMIC PRODUCTS, INC., HARDRIC )<br>LABORATORIES, INC., KYOCERA )<br>AMERICA, INC., KYOCERA INDUSTRIAL )<br>CERAMICS CORP., and RAYTHEON )<br>COMPANY, )<br>     Defendants. )<br>_____) | CASE NO. 04-CV-12137 JLT |

**RESPONSE OF DEFENDANT AMERICAN BERYLLIA, INC. TO PLAINTIFFS'
SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING STATUTE OF
LIMITATIONS AND *TAYLOR V. AIRCO, INC., ET AL.*, DECIDED BY JUDGE PONSOR
ON AUGUST 29, 2007 AND PUBLISHED ON SEPTEMBER 10, 2007**

The Plaintiffs' most recent Supplemental brief is billed as providing additional documents to assist in the Court's analysis of the statute of limitations issue and to allow the plaintiffs to address *Taylor v. Airco, Inc*, C.A., No. 02-30014-MAP, 2007 U.S. Dist. LEXIS 64441 (D. Mass. 2007), a recent decision by Judge Ponsor reinforcing the suitability of summary judgment in the context of the sophisticated user defense. In reality, the plaintiffs' statute of limitations argument is no different than the same argument which they have made in their numerous submissions to this Court many times before. With the exception of the BeLPT result, which is not relevant when considered in light of the case law previously submitted by the

1

defendants, the plaintiffs' additional exhibits were already part of the record.[1]  The *Taylor* decision reinforces the defendants' argument that summary judgment is appropriate in this case given the sophisticated user status of Suzanne Genereux's former employer, Raytheon.

Plaintiffs' continued reference to American Beryllia as an entity which was in existence during the period of the Suzanne Genereux's alleged exposure (Plaintiffs' Supplemental Memorandum of Law, p. 4) is factually wrong and seems purposefully misleading. General Ceramics, Inc. ("General Ceramics"), not American Beryllia existed during the time of Genereaux's alleged exposure. (SUF ¶14-17).  American Beryllia's predecessor, Advanced Industries International, Inc., did not come into existence until 2001, over ten years after Suzanne Genereux ceased working for Raytheon.  (SUF ¶1, 4).  Neither the record before this Court nor the applicable case law, supports plaintiffs' argument that American Beryllia is liable to the plaintiffs as a successor to General Ceramics, Inc., a bankrupt corporation whose assets were divided and sold  as part of its bankruptcy (*See* Memorandum Of Law In Support Of Defendant American Beryllia, Inc. For Summary Judgment, pp. 11-22; Reply Memorandum Of Defendant American Beryllia, Inc. In Support Of Summary Judgment, pp. 8-15).  Plaintiffs' effort, both in its many filings, as well as at oral argument, to blur the distinction between American Beryllia and General Ceramics is both inaccurate and unfair.

Because the facts, the law applicable to those facts, and the response to the plaintiffs' supplemental memorandum are identical for all defendants, for the purposes of its response to the Plaintiffs' Supplemental Memorandum of Law Concerning Statute Of Limitations And *Taylor V. Airco, Inc., et al*., defendant American Beryllia, pursuant to Fed. R. Civ. P. Rule 10(c)

---

[1] As with Brush Wellman, American Beryllia attached the deposition pages and the two pages of office notes to its own Statement of Undisputed Facts at Tab 20.

adopts and incorporates by reference herein the entire Response filed by defendant Brush Wellman.

    For the foregoing reasons stated above, the defendant, American Beryllia, Inc. respectfully requests this Honorable Court to grant defendant American Beryllia, Inc.'s Motion for Summary Judgment as to all counts of Plaintiffs' complaint.

                                        Respectfully submitted,

                                        **CLARK, HUNT & EMBRY**

                                        _____/s/ Mandi Jo Hanneke_____  
                                        William F. Ahern, Jr. (013365)  
                                        Mandi Jo Hanneke (657349)  
                                        55 Cambridge Parkway  
                                        Cambridge, MA  02142  
                                        (617) 494-1920

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2007, a true and correct copy of the foregoing was served via electronic transmission and/or electronic mail upon the following:

Jeffrey D. Ubersax, Esq.
Robert Faxon, Esq.
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114-1190
rfaxon@jonesday.com
jdubersax@jonesday.com

Rubin Honik, Esq.
Stephan Matanovic, Esq.
Golomb & Honik
121 South Broad Street, 9th Floor
Philadelphia, PA 19107
SMatanovic@golombhonik.com

Robert Nadeau, Esq.
Timothy C. Dietz
Nadeau & Associates, Esq.
1332 Post Road, Suite 4A
Wells, Maine 04090
rman@maine.rr.com
tcdietz@maine.rr.com

Leo Boyle, Esq.
Meehan, Boyle, Black & Fitzgerald, PC
Two Center Plaza
Suite 600
Boston, MA 02108
617-523-8300
KSearles@mbbf.com

Ronald Jacobs, Esq.
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square, 4th Floor
Boston, MA 02109
617-482-8200
rjacobs@ckrpf.com

Respectfully submitted.

**CLARK, HUNT & EMBRY**

/s/ Mandi Jo Hanneke

Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920