UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE GENEREUX, et al. )<br>)<br>Plaintiffs )<br>)<br>v. )<br>) Case No. 04-cv-12 137 JLT<br>HARDRIC LABORATORIES, INC., )<br>)<br>Defendant )<br>) | |

### DEFENDANT, HARDRIC LABORATORIES, INC.'S, FINAL PRE-TRIAL MEMORANDUM

NOW COMES the Defendant, Hardric Laboratories, Inc. ("Hardric"), by and through its attorney, and submits its Final Pre-Trial Memorandum as follows:

**1. Formulation and Simplification of the issues, including the elimination of frivolous claims or defenses:**

To the best of Hardric's knowledge the issues in this case are as follows:

    a. Whether the Plaintiffs' claims are timely under the applicable statute of limitation?

    b. Whether Defendants other than Raytheon Corporation are exempt from liability pursuant to the sophisticated user doctrine?

    c. Whether any defendant shall be excused from liability due to lack of proof of product identification and causation pertinent to that defendant?

      d. Whether any defendant, such as Raytheon Corporation and Brush Wellman, Inc., may be liable to Hardric for indemnification or contribution?

      e. If the former Defendant, American Beryllia Corporation, ("ABC") is brought back into the case, whether it is exempt from liability under the successor liability doctrine?

2. **Necessity or desirability of amendments to the pleadings:**

At the time of this writing, Motions are anticipated or pending from both the Plaintiffs and Hardric regarding reinstatement of the former defendants, Raytheon Corporation and Brush Wellman, Inc., in the case based on the reinstated claims of the Plaintiffs regarding medical monitoring. It is anticipated that those defendants will require additional time and, perhaps, additional discovery to enable their counsel to be prepared for trial.

3. **Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings on the admissibility of evidence:**

At the time of this writing, the Plaintiffs' counsel have not proposed any admissions of facts and of documents, or any stipulations or advance rulings.

4. **Avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence:**

Hardric is unable to anticipate at this time whether cumulative evidence may be offered, but will seasonably object during any trial in which it may participate, to

the extent necessary to avoid unnecessary proof or cumulative evidence. It will also make reasonable efforts to avoid introduction of such evidence.

5. **Appropriateness and timing of Summary Adjudication under Rule 56:**

    Not applicable. Summary Judgment Motions have already been ruled upon, subject to the Court's ruling on the Plaintiffs Motion for Reconsideration of its Summary Judgment in favor of American Beryllia Corp.

6. **Control and scheduling, including orders effecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 27:**

    Unless and to the extent that trial in this case may be delayed due to a potential interlocutory appeal by the Plaintiffs against ABC or due to the predictable request(s) of reinstated Defendants, Hardric does not anticipate the need for any further discovery.

7. **Identification of witnesses and documents, need and schedule for filing and exchanging pre-trial briefs, and the date or dates for further conferences and for trial:**

    In addition to any witnesses offered by any other party in this case, Hardric reserves the right to call the following witnesses:

    a. Peter Richard, former President, Hardric Laboratories, Inc.
    b. Richard Charbonnier, President, Hardric Laboratories, Inc.
    c. Roger Johnson, Manufacturing Manager, Hardric Laboratories, Inc.
    d. David Hood, Manufacturing Manager, Hardric Laboratories, Inc.

      e.  Richard P. Garrison, Ph.D.

      f.  Gerald M. Goldhaber, M.D.

      g.  Jonathan B. Borak, M.D.

      h.  Lawrence H. Repsher, M.D.

      i.  James J. McCarthy

      j.  Alfred Broadbent

      k.  John A. Chartier

      l.  Claire B. Balint

      m.  Marc E. Kolanz, Brush Wellman, Inc.

Numerous exhibits have been utilized during the course of discovery and have been designated by Bates Stamps. Hardric reserves the right to supplement any Bate-stamp-related identification of exhibits that may be submitted by the Plaintiffs. Hardric also designates the deposition transcripts and deposition videos, where applicable, of the following persons:

    Suzanne Genereux; Barry Genereux; Lee S. Newman, Ph.D.; Francis Balint; Claire Balint; Dino Nicoletta; John Martyny, Ph.D.; Peter N. Richard; James J. McCarthy; Alfred Broadbent; and, any and all of the Plaintiffs' health care providers.

Hardric also designates for use at trial the affidavits of Walter Hartford (Raytheon Corp.; deceased) and of the Plaintiffs' expert, John Martyny, Ph.D.

**8.**    **Advisability of referring matters to a magistrate judge or master:**

Hardric understands that this matter has been assigned to Judge Nancy Gertner. It otherwise takes no position regarding this issue.

9. **Settlement and use of special procedures to assist in revolving dispute when authorized by statute or local rule:**

   Hardric has been unable to settle this case for a number of reasons, including financial reasons, the Plaintiffs' failure or refusal to tender a concrete settlement demand, and the Plaintiffs' non-disclosure of settlement terms relative to the former Defendants, Brush Wellman, Inc. and Raytheon Corporation, in this proceeding.

10. **Form and substance of the Pre-Trial Order:**

    Hardric requests the issuance of a Final Pre-Trial Order not inconsistent with the contents of this Final Pre-Trial Memorandum.

11. **Disposition of pending motions:**

    At the time of this writing, several motions are pending or represented to be issued shortly, including the following:

    a. Plaintiffs' Motion for Reconsideration of the Court's grant of Summary Judgment as to ABC;

    b. Plaintiffs' Motion for Reconsideration of the Court's denial of the Plaintiffs' Motion to Strike Supplementary Expert Reports;

    c. Defendant, Hardric's, Motion to Reinstate Co-Defendants and To Assert Cross-Claims For Indemnification, and For The Court's Reconsideration Of That Part Of Its Order Precluding Reinstatement As To Any Other Former Defendant;

    d. The Plaintiffs' promised Motion to Amend Complaint/Reinstate Claims as against the former defendant, Raytheon Corporation;

    e. It is unknown whether any reintroduced defendants may choose to file other pre-trial motions; and

    f. Hardric anticipates that several Motions In Limine will be filed by the various parties. Hardric expects to file the following motions, without prejudice to adding to this list:

        i. Hardric's Motion to Exclude References to Prior Court Decisions and the contents thereof;

        ii. Hardric's Motion to Limit the Plaintiffs' Expert Testimony to matters of personal knowledge.

**12.** **Need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems:**

Discussion was had during the recent summary judgment motion hearing regarding the reintroduction of one or more former defendants, including Raytheon Corporation, and the need to postpone trial accordingly, in light of the reintroduction of the Plaintiffs' medical monitoring claims to this case. The Plaintiffs, through counsel, suggested to the Court at that hearing that a medical monitoring claim could be bifurcated from the remainder of the case. Hardric objects to any bifurcation, as the notion appears to be entirely impractical and would needlessly generate duplication of trial time and expenses inasmuch as

liability for the medical monitoring claims are inherently inextricable from the adjudication of all other liability issues in this case and even, to some degree or other, to the damages issues. Accordingly, all issues concerning all parties should be tried in a single setting.

13. **Order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim or third-party claim or with respect to any particular issue in the case:**

See paragraph 12, above.

14. **Order directing a party or parties to present evidence early in the trial with respect to manageable issues that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c):**

It is unclear to Hardric whether any such order is available under the present circumstances, although this may change during the course of trial presentation.

15. **Order establishing a reasonable limit on the time allowed for presenting evidence:**

It is understood that three (3) weeks have been designated for trial, whenever it may be scheduled.

16. **Such other matters as may facilitate the just, speedy, and inexpensive disposition of the action:**

Motions In Limine, as identified in paragraph 11, above, are expected to be decided by the Court prior to the start of trial.

<table>
<tr><td></td><td>THE DEFENDANT,<br>HARDRIC LABORATORIES, INC.</td></tr>
<tr><td>Dated: March 19, 2010</td><td>By: /s/ Robert M.A. Nadeau<br>Robert M.A. Nadeau, Esq. (366280)<br>Nadeau Legal PLLC<br>38 South River Road<br>Bedford, NH 03110<br>(603) 666-0099</td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Robert M.A. Nadeau, hereby certify that on this 19th day of March, 2010, I caused a true and correct copy of the foregoing Defendant, Hardric Laboratories, Inc.'s, Final Pre-Trial Memorandum to be served through the Court's Electronic Case Filing system ("ECF") upon the following persons:

Leo V. Boyle, Esq.
Bradley M. Henry, Esq.
Michael Bogdanow, Esq.
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108

William F. Ahern, Esq.
Mandi Jo Hanneke
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142

Stephan Matanovic, Esq.
Golomb & Honik
121 South Broad Street, 9th Floor
Philadelphia, PA 19107

Ronald M. Jacobs, Esq.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109

8

And by mail to the following persons:   Jeffrey D. Ubersax, Esq.
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190

March 19, 2010

Robert M.A. Nadeau, Esq. (BBO#366280)
Nadeau Legal PLLC
38 South River Road
Bedford, NH 03110
(603) 666-0099

9