UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE GENEREUX, et al.,          )
    Plaintiffs,                    )
                                   )
        v.                         )    C.A. No. 04-12137
                                   )
HARDRIC LABORATORIES, INC.,        )
et al.,                            )
    Defendants.                    )

ERNEST BETUCCHY, et al.,           )
    Plaintiffs,                    )
                                   )
        v.                         )    C.A. No. 10-11652
                                   )
RAYTHEON COMPANY,                  )
    Defendant.                     )

MEMORANDUM AND ORDER

WOLF, D.J.                                          June 5, 2013


    Plaintiffs move for reconsideration of the May 29, 2013

Memorandum and Order denying their motion to file a sur-reply

brief and to make other submissions concerning defendant's fully

briefed Motion for Summary Judgment and Request for Oral

Argument (the "Motion for Summary Judgment"). In their proposed

sur-reply brief, plaintiffs seek to argue that they are not

required to prove "subcellular change" in order to prevail on

the merits. In the pending motion, plaintiffs contend that the

argument that they do not need to prove "subcellular change" is

not a new argument, since it was previously raised in

plaintiffs' opposition to the Motion for Summary Judgment.

Plaintiffs also renew their request to file a copy of a certain medical test result.

Motions for reconsideration "are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). Plaintiffs' current motion points to no newly discovered evidence, intervening change in the law, manifest error of law, or clear injustice.

As explained in the May 29, 2013 Memorandum and Order:

> The Motion for Summary Judgment was fully briefed in November, 2012. The parties further outlined their positions at the April 26, 2013 scheduling conference. The court ensured, at the hearing, that the parties and the court shared a common understanding of the issues posed by the Motion for Summary Judgment. This common understanding includes the premise, which follows from plaintiffs' complaints, that in order to prevail, plaintiffs will be required to prove that they have suffered subcellular change. Plaintiffs confirmed that this is their view of the case. They also confirmed that they did not wish to draw on the possibility, left "for another day" by the SJC, that medical monitoring may be available in some instances "although no symptoms or subclinical changes have occurred."

May 29, 2013 Mem. & Order 6 (quoting Donovan v. Philip Morris USA, Inc., 914 N.E.2d 891, 901 (Mass. 2009); and citing Apr. 26, 2013 Tr. 17-18).

It would not be appropriate to reconsider and revise the May 29, 2013 Memorandum and Order. As discussed at the April 26, 2013 conference, plaintiffs' complaints allege subcellular change. See Betucchy Am. Class Action Compl. ¶¶26(d), 28(c), 42; Genereux 2d Am. Compl. & Jury Claim ¶64; Apr. 26, 2013 Tr. 6. At the April 26, 2013 conference, plaintiffs confirmed repeatedly that subcellular change is, in their view, a necessary element of their case. See id. 16, 17-18. It would be unfair to defendant and disruptive to the court's docket to permit plaintiffs to, in effect, amend their complaints again now.

In view of the foregoing, it is hereby ORDERED that:

1.   Plaintiffs' Motion for Reconsideration of the Court's May 29, 2013 Order Which Denied Plaintiffs' Request to File a Sur-Reply Brief in Opposition to Defendant's Motion for Summary Judgment (Docket No. 376) is DENIED.

2.   The issue of whether the court will consider the medical document that plaintiffs seek to submit will be decided at the hearing on the Motion for Summary Judgment.

3.   The hearing on the Motion for Summary Judgment shall begin on June 11, 2013, at 2:00 p.m., instead of June 10, 2013,

as previously scheduled. The hearing shall continue, if necessary, on the afternoon of June 12, 2013. As previously ordered, the parties shall have their expert witnesses available to testify on June 11, 2013, if necessary.


                                        /s/ Mark L. Wolf
                                  UNITED STATES DISTRICT JUDGE